UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80131-CIV-DIMITROULEAS/ROSENBAUM

GERHARD EMIL MAALE, III,

       Plaintiff,

v.

CAICOS BEACH CLUB CHARTER,
LTD., a foreign company; RONALD
KIRCHGESSNER; PAUL KIRCHGESSNER;
KIM FRANCIS KIRCHGESSNER; RAHL &
RAHL, P.A., a Florida professional association;
PATRICIA RAHL; and BRIAN RAHL,

       Defendants.
_____/

## ORDER

This matter is before the Court upon Defendant Kim Francis Kirchgessner's Corrected Motion for Discovery Sanctions [D.E. 73] and Defendants Patricia Rahl, Brian Rahl, and Rahl & Rahl, P.A.'s ("Rahl Defendants") Motion for Discovery Sanctions [D.E. 71]. The Court has carefully reviewed Defendants' Motions, all filings in support thereof and in opposition thereto, and the record in this case, and is otherwise duly informed in the premises. For the reasons discussed below, the Court now denies Defendants' Motions.

## BACKGROUND

This matter arises out of a real estate project in the Turks and Caicos, British West Indies. Plaintiff, an investor in the project, alleges that Plaintiff's ex-wife, Defendant Kim Francis Kirchgessner, along with her relatives and lawyers, fraudulently induced Plaintiff into investing

approximately $1.8 million into the real estate project, which, to this day, has apparently not been finished, despite an original anticipated completion date for the first phase of the project in December, 1995.

Based on the alleged fraudulent conduct, Plaintiff filed the pending lawsuit on February 8, 2008. [D.E. 1]. That same day, the Honorable William P. Dimitrouleas issued an Order Requiring Counsel to Meet, File Joint Scheduling Report and Joint Discovery Report. [D.E. 4]. Among other direction, that Order explained that "[p]retrial discovery in this case shall be conducted in accord with Federal Rule of Civil Procedure 26 and Southern District of Florida Local Rule 16.1." D.E. 4 at 1. The Court further instructed,

> 2. Within thirty-five (35) calendar days of the filing of the first responsive pleading by the last responding defendant, unless this action is excluded under Rule 26(a)(1)(E), the parties shall file a Joint Scheduling Report and Joint Proposed Order pursuant to Local Rule 16.1.B.2. . . . In preparing the Joint Scheduling Report and Joint Proposed Order the parties shall adhere to the following deadlines:
>
>> A. The parties must confer within fifteen (15) calendar days after the filing of the first responsive pleading by the last responding defendant, to . . . make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan that indicates the parties' views and proposals concerning the matters listed in Rule 26(f). . . .
>
> * * *

D.E. 4 at 1-2. As a result of the filing of various motions to dismiss by the several Defendants in this case, as well as the subsequent filing of an Amended Complaint by Plaintiff, no Defendants filed any responsive pleadings in this matter until January 20, 2009. *See* D.E. 68, D.E. 69. At that time, all

remaining Defendants[1] filed their Answers. *See id.*

Before Defendants filed their Answers, however, in October, 2008, Plaintiff served Defendants with various discovery requests. *See* D.E. 54 at 2-3; D.E. 52 at 2. Noting that Defendants had not yet filed responsive pleadings in the case, Defendants argued that Plaintiff could not yet seek discovery under the Court's February 8, 2008, Order, the Federal Rules of Civil Procedure, and the Local Rules of the Southern District of Florida, and therefore moved on November 24 and 26, 2008, for an extension of time in which to respond to the propounded discovery, or, in the alternative, to strike the discovery or for protective orders relieving Defendants of any obligation to respond to the discovery. *See id.*

On December 1, 2008, the Court issued an Order requiring Plaintiff to "set[] forth the reasons justifying his early propounding of discovery and also state why the Court should not grant in part Defendants' Motions to Stay Discovery. . . ." D.E. 56 at 3. Plaintiff filed his Response in Opposition to Defendants' Motion to Stay Discovery on December 5, 2008. [D.E. 57]. In his Response, Plaintiff explained that he needed the requested discovery to help him to respond to Defendants' arguments in their motions to dismiss. *Id.* at 2-3. Consequently, Plaintiff stated, he requested that Defendants participate in a discovery meeting pursuant to Rule 26, Fed. R. Civ. P. *Id.* at 3. Because Defendants refused to partake in such a conference while their motions to dismiss were still pending, Plaintiff served the discovery requests without conducting the discovery conference called for by the Court's February 8, 2008, Order, the Federal Rules of Civil Procedure, and the Local Rules of the Southern District of Florida. *Id.* Plaintiff justified proceeding in this

---

[1] Plaintiff could not obtain service on Defendants Caicos Beach Club Charter, Ltd., Ronald Kirchgessner, or Paul Kirchgessner. Consequently, the Court dismissed without prejudice these Defendants from this case. *See* D.E. 45.

manner, suggesting that Defendants should not be permitted to argue successfully that Rule 26 was not satisfied when "such a failure [was] caused by [Defendants'] own doing." *Id.* at 6.

After reviewing Plaintiff's Response, on December 8, 2008, the Court granted a temporary stay of discovery, referring to the Court's February 8, 2008, Order, as well as Rule 26, Fed. R. Civ. P., and Local Rule 26.1, S.D. Fla. D.E. 59 at 4-5. Noting that "no responsive pleading ha[d] been filed" in the case as of the issuance of the December 8th Order, the Court concluded that nothing required a discovery conference between the parties at that time. *Id.* at 5. As a result, the time for propounding discovery had not yet arrived, and, thus, the time for responding to any discovery served had to be stayed pending at least the determination of Defendants' related motions to strike discovery and for protective order. *Id.*

Subsequently, on December 12, 2008, Plaintiff filed his Memorandum in Opposition to Defendants' Motions for Protective Order and Motions to Strike. [D.E. 61]. In this filing, Plaintiff responded to those arguments made by Defendants in their Motions for Protective Order and Motions to Strike that were not related to Defendants' primary assertion discussed above that Plaintiff had propounded his discovery too early, and, thus, was not entitled to a response at that time.

On December 22, 2008, Defendants filed their Replies in support of their Motions to Strike and for Protective Order. *See* D.E. 63, D.E. 64. In their Replies Defendants noted that Plaintiff's Memorandum in Opposition provided no justification for continuing to pursue discovery that the Court had already concluded was served too early. *See id.* Additionally, Defendants addressed Plaintiff's unrelated arguments that the Court should deny Defendants' Motions to Strike and for Protective Order. *Id.*

Thereafter, on December 31, 2008, Plaintiff filed his Notice of Withdrawal of Discovery Requests. [D.E. 65]. In his Notice, Plaintiff stated, "Plaintiff's counsel conferred with counsel for Defendants regarding the withdrawal of the aforementioned discovery requests, and that such withdrawal will result in the mootness of the pending motions . . . . Counsel for Defendants does not have an objection." *Id.* Thus, that same day, the Court denied Defendants' various motions relating to Plaintiff's discovery requests. [D.E. 67].

Three weeks later, on January 21, 2009, Defendants filed their Motions for Discovery Sanctions [D.E. 71, D.E. 73]. In these Motions, which are currently pending before the Court, Defendants assert that Plaintiff should be sanctioned for failing to comply with the Court's February 8, 2008, Order [D.E. 4] and for "improperly certifying that the discovery he propounded on October 22, 2008, was authorized and consistent with the Federal Rules of Civil Procedure . . . ." *See* D.E. 71 at 1. As a remedy for Plaintiff's alleged transgressions, Defendants urge the Court to require Plaintiff, "[a]t a minimum, . . . to pay all costs and expenses of the Court and of the Defendants responding to Plaintiff's attempts at discovery and all costs and expenses associated with [the Motions for Discovery Sanctions]." *Id.* at 7.

In response, Plaintiff argues that Defendants' Motions should be denied. *See* D.E. 81. Asserting that Plaintiff sought the requested discovery in good faith and that he intends to issue the discovery requests again after a scheduling and discovery conference in this matter are conducted, Plaintiff states that he made the discovery requests at issue only in response to suggestions raised by Defendants in their Motions to Dismiss that Plaintiff lacked the requisite documentation to prosecute his claims. *Id.* Thus, Plaintiff contends, an award of attorney's fees against Plaintiff would not be appropriate.

**DISCUSSION**

Defendants seek sanctions and their attorneys' fees under Rules 26(g) and 37(b), Fed. R. Civ. P. The Court, therefore, begins its analysis with a review of Rule 26(g). As it relates to Defendants' Motions, Rule 26(g) provides, in pertinent part,

>   (1) **_Signature Required; Effect of Signature._** Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name – or by the party personally, if unrepresented . . . . By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
>
>   * * *
>
>   (B) with respect to a discovery request . . . , it is:
>
>   (i) consistent with these rules an warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; [and]
>
>   (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . .
>
>   * * *
>
>   (3) **_Sanction for Improper Certification._** If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

The Advisory Committee Notes to the 1983 amendments to Rule 26 indicate that Rule 26(g) was intended to act as "a deterrent to . . . excessive discovery . . . by imposing a certification requirement

that obliges each attorney to stop and think about the legitimacy of a discovery request . . . ." Rule 26(g), Fed. R. Civ. P., Advisory Committee Notes to 1983 amendments. In this regard, the rule is "not meant to discourage or restrict necessary and legitimate discovery. The rule simply requires that the attorney make a reasonable inquiry into the factual basis of his . . . request . . . ." *Id.* Further elaborating on the purpose of Rule 26(g)'s certification requirement, the Advisory Committee Notes explain, "The signing requirement means that every discovery request . . . should be grounded on a theory that is reasonable under the precedents or a good faith belief as to what should be the law. This standard is heavily dependent on the circumstances of each case." *Id.*

Courts have interpreted Rule 26(g) and the Advisory Committee Notes as requiring the imposition of sanctions when a discovery request "has been interposed for any improper purpose, or where a competent attorney could not have reasonably believed that the paper was well grounded in fact and was warranted by existing law." *Eastway Const. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985), *cert. denied*, 484 U.S. 918 (1987); *see also In re Air Disaster at Lockerbie, Scotland*, 144 F.R.D. 613, 617 (E.D.N.Y. 1992) (quoting *Eastway*). In this case, Defendants do not allege in their Motions for Discovery Sanctions any improper purpose. *See, generally,* D.E. 71, D.E. 73. Rather, Defendants urge the Court to sanction Plaintiff under Rule 26(g) for certification of his discovery requests only because Plaintiff he failed to comply with Rule 26(d), Fed. R. Civ. P., and Local Rule 26.1(F)(1), S.D. Fla.

Consequently, the Court considers Defendants' Motions in light of the standard demanding imposition of sanctions "where a competent attorney could not have reasonably believed that the paper was well grounded in fact and was warranted by existing law." In reviewing the language of Rule 26(g), the applicable Advisory Committee Notes, and the cases interpreting the rule, the Court

finds that the portion of Rule 26(g) that does not address improper purpose requires the Court, in making its inquiry into the appropriateness of served discovery requests, to consider the content of the discovery requests, as opposed to the timing of them.[2]  Indeed, the Advisory Committee Notes speak of forcing attorneys "to stop and think about the legitimacy of a discovery request" and requiring attorneys to "make a reasonable inquiry into the *factual basis* of . . . [a discovery] request." (emphasis added).  They further direct that discovery requests "should be grounded on a theory that is reasonable under the precedents or a good faith belief as to what should be the law."  Fed. R. Civ. P. 26(g), Advisory Committee Notes to 1983 amendments.  While it is certainly important for the parties to comply with Rule 26(d)'s mandates on the timing of discovery, whether a party has served discovery prematurely does not bear on the legitimacy of the actual request or the reasonableness of the legal theory under which a party proceeds.  It similarly provides no insight into the question of whether the party made a reasonable inquiry into the factual basis for the discovery request.

Nor does the requirement in subsection (1)(B)(i) of Rule 26(g) that a discovery request be "consistent with [the Federal Rules of Civil Procedure]" suggest a different result.  Nothing in the Advisory Committee Notes appears to indicate that the drafters of the rule intended to create a mechanism for seeking attorney's fees, thereby increasing the cost of litigation through additional briefing and imposing higher burdens upon judicial resources, simply because an opposing party served discovery too early, in the absence of any alleged improper purpose.[3]  Rather, the Court

---

[2]In an appropriate case, the question of the timing of service of discovery may well be relevant to determining whether discovery was interposed for an improper purpose.  That theory, however, is not alleged here.

[3]If the same party that prematurely served discovery opposed and continued to oppose a motion for protective order by the responding party, without substantial justification,  such conduct might well warrant the imposition of sanctions under Rule 37(a)(5), Fed. R. Civ. P.  *See*

understands the reference in Rule 26(g)(1)(B)(i) to the Federal Rules of Civil Procedure to demand that parties ensure that their discovery requests comply with the *content* requirements of the Federal Rules of Civil Procedure – for example, that a party's discovery requests, whether they be interrogatories issued in compliance with Rule 33(a)(2), Fed. R. Civ. P., production requests prepared pursuant to Rule 34(a), Fed. R. Civ. P., or any of the other discovery devices permitted under the Federal Rules of Civil Procedure, seek information that falls within the scope of Rule 26(b), Fed. R. Civ. P., in that the requested information is "relevant to [a] party's claim or defense," as opposed to seeking information that might relate to an entirely distinct claim that is before a different court in an unrelated case, or requesting completely irrelevant personal information.

Moreover, the Court is further persuaded that Rule 26(g)(3)'s sanctions provision does not apply to the premature filing of discovery because at the time of certification under Rule 26(g)(1), discovery is not yet served. More specifically, the signature demanded by Rule 26(g)(1) certifies that the contents of what is in the discovery request being signed at that time comports with the requirements of Rule 26(g). The discovery request may not be served until *after* it is already signed. As service has not occurred as of the time of signature, subsequent premature service of discovery requests alone cannot be a basis for finding that a party's signature, which occurs before such service, represents a certification that the party did not prematurely serve the discovery request. Because the only violation of Rule 26(g) that Defendants allege pertains to the premature filing of Plaintiff's discovery requests, and not the contents of those requests, the Court finds that Defendants

---

Fed. R. Civ. P. 26(c)(3). Defendants, however, have not sought sanctions under this Rule, and under Local Rule 26.1.H.1, it is too late now to do so. *See* Local Rule 26.1.H.1, S.D. Fla. ("All motions related to discovery . . . shall be filed within thirty (30) days of the occurrence of the grounds for the motion.").

have not established a violation of Rule 26(g) that would warrant the imposition of sanctions under Rule 26(g)(3).

Next, Defendants request an award of their attorneys' fees under Rule 37(b)(2), Fed. R. Civ. P., for Plaintiff's alleged violation of the Court's February 8, 2008, Order. Rule 37(b)(2), Fed. R. Civ. P., authorizes a court to impose sanctions "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a). . . ." In addition to or instead of other remedies, for such a violation, the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

In this case, Defendants argue that Plaintiff violated that aspect of the Court's February 8, 2008, Order that states,

> The parties must confer within fifteen (15) calendar days *after the filing of the first responsive pleading by the last responding defendant*, to . . . make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan that indicates the parties' views and proposals concerning the matters listed in Rule 26(f). . . .

*See* D.E. 73 and D.E. 71 at 7 (quoting D.E. 4) (emphasis added in Defendants' briefs). The Court cannot reach the same conclusion as Defendants. While it is true that Plaintiff served his discovery prematurely, there is no indication in the record that Plaintiff failed to confer with Defendants within fifteen calendar days after the filing of the first responsive pleading by the last responding defendant, as the Court's February 8, 2008, Order requires. Nor could there be as of the time that Plaintiff served his discovery requests. Indeed, that is Defendants' whole complaint: no responsive pleading

had been filed before Plaintiff served his discovery requests, so the Court's Order did not require a discovery conference as of the time that Plaintiff served his discovery requests. Although there can be no doubt that Plaintiff's filing of his discovery requests transgressed Rule 26(d)(1)'s limitation precluding discovery before the parties have conferred as required by Rule 26(f), Fed. R. Civ. P., unless authorized by a court order, the Court cannot conclude that Plaintiff's discovery requests violated the specific part of the Court's order that a discovery conference occur within fifteen days after service of the first responsive pleading. Consequently, the Court must deny Defendants' Motion for Discovery Sanctions as it seeks such sanctions under Rule 37(b), Fed. R. Civ. P.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Kim Francis Kirchgessner's Corrected Motion for Discovery Sanctions [D.E. 73] and Defendants Patricia Rahl, Brian Rahl, and Rahl & Rahl, P.A.'s Motion for Discovery Sanctions [D.E. 71] are **DENIED**

**DONE AND ORDERED** this 9th day of February, 2009.

*/s/ Robin S. Rosenbaum*
ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record