```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

              Case No. 08-80131-Civ-DIMITROULEAS/Snow
```

GERHARD EMIL MAALE, III,

      Plaintiff,

vs.

CAICOS BEACH CLUB CHARTER, LTD.,
RONALD KIRCHGESSNER, PAUL KIRCHGESSNER,
KIM FRANCIS KIRCHGESSNER, RAHL & RAHL, P.A.,
PATRICIA RAHL and BRIAN RAHL,

      Defendants.
_____/

### REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Motion to Quash Alternative Service of Process (Docket Entry 109), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation.

### I. PROCEDURAL HISTORY

The complaint was filed on February 8, 2008, alleging civil RICO, mail fraud, wire fraud, securities fraud, violation of Florida's Deceptive and Unfair Trade Practices Act, unjust enrichment, fraud and civil conspiracy against all defendants, arising from monies the plaintiff invested in a resort project to be developed in the Turks and Caicos, British West Indies. The complaint also stated claims against several individual defendants.

Defendants Kim Francis Kirchgessner, Patricia Rahl, Brian Rahl and Rahl & Rahl, P.A., and filed motions to dismiss the complaint.  (DE 15 and 20) The Court found that it had personal jurisdiction over Kim Francis Kirchgessner; that the allegations of

fraud were insufficient pursuant to Fed.R.Civ.P.8(a) and that the allegations were also insufficient to consider the issues of the statute of limitations or res judicata for the claims against Kim Francis Kirchgessner. (DE 35)

On June 9, 2008, the Court granted the plaintiff's motion for an extension of time to serve the remaining defendants, Caicos Beach Club Charter, Ltd., Ronald Kirchgessner and Paul Kirchgessner. (DE 32)

The amended complaint was filed on August 4, 2008, alleging civil RICO, violation of Florida's Deceptive and Unfair Trade Practices Act, unjust enrichment, fraud and civil conspiracy against all defendants; breach of contract against Caicos Beach Club Charter, Ltd.; breach of fiduciary duty against Rahl & Rahl, P.A., and Patricia Rahl and Brian Rahl, and common law negligence against all defendant except Caicos Beach Club Charter, Ltd. (DE 36) The originally-served defendants filed motions to dismiss the amended complaint. (DE 37 and 38) The motions were denied on December 31, 2008. (DE 66)

While these motions were being briefed, the plaintiff filed a second motion for alternative service of process or an extension of time to serve the remaining defendants. (DE 39) The Court denied the motion owing to lack of evidence regarding the plaintiff's attempts to serve these defendants, and dismissed the claims against the three unserved defendant without prejudice. (DE 45)

However, on October 14, 2008, the defendants filed a notice of a pending similar action, Case No. 08-81160-Civ-Ryskamp, in which the plaintiff had re-filed his claims against the three dismissed defendants. (DE 50) The defendants served in the instant case subsequently filed a motion to consolidate the cases. (DE 77) The motion was granted and the cases were consolidated under the lower case number. (DE 80)

On February 9, 2009, the plaintiff filed a motion for alternative service of process of the three previously-dismissed defendants. (DE 85) The motion was granted, directing the Clerk of the Court to address and send, by any form of mail that required a receipt, the summonses and the amended complaint to the three defendants. The Court also allowed the plaintiff to pursue alternative service of process by serving those defendants' counsel. (DE 89) The Rahl defendants filed an emergency motion for relief from the order, asserting that the plaintiff had misrepresented the facts in his motion for alternative service of process. (DE 90) The Court denied the emergency motion. (DE 92)

On February 25, 2009, the plaintiff filed executed returns of summonses for Caicos Beach Club Charter, Ltd., via Registered Agent Patricia Rahl (DE 96), and for Ronald Kirchgessner and Paul Kirchgessner via Registered Agent Patricia Rahl (DE 97 and 98) Each of the returned summonses included the comment "Patricia Rahl refused to accept service, she stated she is not authorized to

3

accept on defendants' behalf, left documents per plaintiff's attorney."

On March 11, 2009, Patricia Rahl filed the instant motion to quash service of process, asserting that she repeatedly had refused to accept service of process for the three defendants, and that the process server had "dumped" the process papers at her office on the advice of plaintiff's attorney.  The plaintiff filed a response contending that if Patricia Rahl is not the attorney for the three defendants she does not have standing to file the motion to quash; but that service was proper pursuant to the Court's Order for alternative service because Patricia Rahl or the Rahl defendants had acted as the attorney for the Caicos Beach Club and for the individual Kirchgessner defendants; that Patricia Rahl's e-mail address currently listed with The Florida Bar is "patti@caiscosbeach.com" and that Rahl & Rahl, P.A., or Brian Rahl may still represent those defendants. (DE 115)  The reply was filed April 9, 2009, asserting that the plaintiff's response purposefully and improperly lumps together several unrelated entities as the "Caicos Beach Club" in an effort to support the service of process. The motion is fully briefed and ripe for consideration.(DE 118)

## II.  RECOMMENDATIONS OF LAW

An individual in a foreign country

> may be served at a place not within any judicial district of the United States:
> (1)  by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention or the Service

>>Abroad of Judicial and Extrajudicial Documents;
>(2) If there is no internationally agreed means, or in an international agreement allows but does not specify other means, by a means that is reasonable calculated to give notice;
>>(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction
>>(B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>(C) unless prohibited by the foreign country's law, by:
>>(i) delivering a copy of the summons and of the complaint to the individual personally; or
>>(ii) using any form or mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>(3) by other means not prohibited by international agreement, as the court orders.

Fed.R.Civ.P. 4(f).

A domestic or foreign corporation that is subject to suit under a common name must be served:

>(1) in a judicial district of the United States:
>>(A) in the manner described by Rule 4(e)(1) for serving an individual; or
>>(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - if the agent is one authorized by statute and

>                    the statute so requires - by
>                    also mailing a copy of each to
>                    the defendant; or
>           (2) at a place not within any judicial
>                    district of the United States, in any
>                    manner prescribed by Rule 4(f) for
>                    serving an individual, except personal
>                    delivery under (f)(2)(C)(1).

Fed.R.Civ.P. 4(h).

The amended complaint alleges that Ronald Kirchgessner is a domiciliary of Miami-Dade County, Florida.  However, the plaintiff's February 9, 2009, motion for alternative service states that he continuously travels between several countries in South America and the Caribbean. (DE 85, p. 7)

Defendant Paul Kirchgnesser is alleged to be a domiciliary of Argentina.  Attempted service in Argentina for both Paul and Ronald Kirchgessner resulted in a response stating that service in Argentina must comply with the Hague Convention, that the documents are submitted to the Argentine Central Authority and may take six months or longer to process, with no status report available until proof of service or non-service is returned. (DE 85-3, p.2)

Defendant Caicos Beach Club Charter, Ltd., is alleged to be a corporation organized under the laws of the Turks and Caicos, with its principle place of business located in the Turks and Caicos, British West Indies. However, an attempt of service in December 2008 revealed that the defendant had been stricken from The Turks and Caicos Company Registry, which meant that they do not have a registered agent there.  The former registered agent of the

defendant, Caribbean Management Services, refused to accept service of process on behalf of the defendant, as did workers at the address for the defendant. Immigration records showed that neither Paul nor Ronald Kirchgessner had appeared on the island since service had been attempted. (DE 85-2 pp.2-3)

The plaintiff's motion for alternative service noted that alternative service may also be effected by service on the defendant's counsel. Forum Financial Group, LLC v. President and Fellows of Harvard College, 199 F.R.D. 22 (D. Maine 2001).

The motion to quash service raises two arguments. First Patricia Rahl asserts that the plaintiff's motion for alternative service of process was based on incorrect information, misleading the Court.[1]  Patricia Rahl's second argument is that she is not

---

[1]  Specifically, the motion asserts that prior to filing the motion for alternative service, the plaintiff had failed to comply with the Hague Convention because he sent the documents the police in the Bahamas, who forwarded the documents to the police department in the Turks and Caicos.  Second, while service was not accomplished because the Caicos Beach Club Charter, Ltd, had been struck from the country's corporate registry nine months prior to the filing of the instant complaint for failure to pay fees, the Turks and Caicos provide a method of service for a "struck" corporation, which the plaintiff failed to utilize. Third, the plaintiff failed to inform the Court that the Caicos Beach Charter Charter, Ltd., had been legally dissolved two years ago.  Fourth, the motion for alternative service states that Paul and Ronald Kirchgessner were actively concealing themselves to avoid service on the island; but, the supporting documents only say they were not present on the island, and the plaintiff has not alleged that they live there.  Fifth, the plaintiff confuses Caicos Beach Club Charter, Ltd., with Caicos Beach Development, Ltd.  The employees who refused service were employees of the latter
  The Court notes that these arguments are directed to the order granting alternative service, which is not under reconsideration in the instant motion.

representing the three unserved defendants. The summonses were not issued to her or the firm as counsel for the three defendants, and the summonses do not indicate in what capacity she was named as their representative. She asserts she is not authorized to accept service on behalf of the three defendants.  However, she has standing to quash service in her capacity as a person who was served with process as an agent of the three defendants but is not an agent of those defendants.

Patricia Rahl provides her declaration which states that she is not acting in any capacity as attorney for the Caicos Beach Club Charter, Ltd., Ronald Kirchgessner or Paul Kirchgessner. She never represented that entity, has never been its registered agent or authorized to accept service of process in its behalf.  Prior to 2005 she had represented Paul Kirchgessner, but has never represented him in any litigation.  She had never had the authority to accept service of process on his behalf, nor does she have the ability to forward the lawsuit to him. She has not represented Ronald Kirchgessner in the last ten years,  does not currently represent him in any ongoing matter, and has neither the authority to accept service of process on his behalf nor the current ability to forward the lawsuit to him.  She states that she does not know the address of either man nor does she have the ability to communicate with them.

The declaration states that neither Patricia Rahl or Rahl & Rahl, P.A., are authorized to accept service of process for any

of the three defendants, as their agent and/or attorney. Accordingly, should the Court find that Patricia Rahl, or Rahl & Rahl, P.A., had the authority to accept service of any papers or process for any of the three defendants, she would be violating the Rules of Professional Conduct of the Florida Bar and could not enter an appearance for any of the three defendants, because she is unable to communicate with them.

With regard to Caicos Beach Club Charter, Ltd., the declaration states that the corporation was stricken from The Turks and Caicos Islands Companies Registry on May 5, 2007. A corporation which has been stricken from The Turks and Caicos Islands Companies Registry is deemed legally dissolved under the laws of The Turks and Caicos Islands.

The plaintiff's response raises three challenges: that (1) service was accomplished as provided in the Court's order, (2) the plaintiff was not required to attempt service of process by other means before requesting alternative service of process[2] and (3) if Patricia Rahl does not represent the three defendants, she does not have standing to quash the service of process.

---

[2] The plaintiff, responding to the motion to quash also attempts, in the instant motion, to re-argue the issues decided in the order granting the plaintiff's motion for alternative service of process and the order denying the Rahl defendants' emergency motion for relief from that order. The undersigned does not deem the instant motion to be a motion for reconsideration of either order, and will not consider arguments on that subject. However, the undersigned will consider the substance of those orders.

9

A.        Service on the Defendant's Counsel

The Court granted the plaintiff leave to pursue alternative service on the defendants' counsel, but did not designate whom that attorney was, and specifically stated that the Rahl defendants were not being ordered to accept service on behalf of these defendants.

Patricia Rahl's declaration states that she does not represent the individual defendants, although she had done so in the past, and that she was not authorized to accept service of process for them. She avers that Caicos Beach Club Charter, Ltd., is a defunct corporation under the law of The Turks and Caicos Islands, and she did not and does not represent that defunct entity.

The plaintiff's response contends that either (1) Patricia Rahl is the attorney for the defendants, as evidenced by her motion to quash service, which was perfected in accordance with the Court order, or (2) inconsistent statements and documents establish that Patricia Rahl was correctly served or (3) the inconsistent documents demonstrate the need for discovery into the true nature of her relationship with the defendants.

The plaintiff points out that the Court has already held that "the Rahl defendants have no standing to seek relief from an order allowing service on other Defendants, unless, contrary to their statements in the instant motion, they are in fact

representing those defendants and are authorized to accept service on their behalf." The Order continues that the Court was

> 'making no determination at this point as to the sufficiency of such service should the defendants choose to challenge it.' Thus, should the Caicos Beach Club Charter, Ltd., Ronald Kirchgessmern, and Paul Kirchgessner be served, they may raise any issues at that time as to the sufficiency of service - they are not arguments of the Rahl Defendants to make.

(DE 92, p.2) The plaintiff asserts that this means the Rahl defendants, by filing the motion to quash service of process have established that they are counsel for the defendants.

Indeed, the plaintiff argues that since service was done pursuant to the Court's order, it is presumed to be proper and comporting with the defendants' due process rights. The plaintiff contends that the Court can order service on a party's attorney, even if the attorney claims not to be authorized to accept service on behalf of the party. Forum, 199 F.R.D. at 24.

The Court finds that this case is inapposite, since the Forum court reached that result by noting that the attorney recently had accepted service of process for the same client in a different lawsuit, thus even if the second service was the result of a court order, the party reasonably would receive notice of the case and opportunity to be heard. In the instant case, Patricia Rahl's declaration states that she has no knowledge of the whereabouts of the individual defendants, and no way to contact them, and that the corporate defendant is defunct. Accordingly,

service on Patricia Rahl would not be reasonably calculated to give notice to the defendants and an opportunity to be heard.

Next the plaintiff points to evidence that Patricia Rahl's relationship with Caicos Beach Club Charter, Ltd., and the individual defendants, is such that she has acted on behalf of the defendants in the past and may still represent them or act on their behalf. The plaintiff proffers the declaration of Gary A. Woodfield, which includes:

(1) the Florida Department of State, Division of Corporations, Registration for High Point Resorts Management, Inc., showing that its registered agent is Patricia Rahl, Esq., and that its last annual report was filed in 2008; and registration for the High Point World Resort Condominium Association, Inc., showing that its registered agent is Patricia Rahl, Esq., and that its last annual report was filed in 2008. (DE 116-9)

(2) a 1993 newspaper clipping stating that The High Point Organization hoped to begin construction of its resort - Caicos Beach Club Marina later in the year. Patricia Rahl is quoted extensively as corporate counsel for the High Point Organization, as was Ronald Kirchgessner, its chief executive officer. (DE 116-2)

(3) a 1994 newspaper clipping discussing the groundbreaking ceremony of the Caicos Beach Club Resort and Marina, which identified Patricia Rahl as counsel for The High Point Organization. (DE 116-3)

(4) an undated brochure fo the Caicos Beach Club Resort and Marina, identified as a development by The High Point Organization. (DE 116-4)

5) an undated letter on Caicos Beach Club Charter, Ltd., letterhead to Dr. Philip Smith, signed by P. A. Rahl, accompanying a March 16, 1995, Forward Purchase Contract signed by Philip Smith and by Patricia Rahl on behalf of Caicos Beach Club Charter, Ltd. (DE 116-6)

(6) an April 1, 1996, letter on Caicos Beach Club Charter, Ltd., letterhead to Dr. Philip Smith, signed by Patricia Rahl, Vice President. (DE 116-7)

(7) a December 23, 1996, letter on Rahl & Rahl, P.A., letterhead to Philip Smith signed by Patricia Rahl, President of Caicos Beach Club Resort and Marina, Ltd. (DE 116-8)

The plaintiff asserts that reason for the defendants' motion to quash "to frustrate service and prevent the other defendants from being brought into the case for a proper adjudication on the merits, is their fear of discovery, and the unraveling of their complex fraudulent scheme." (DE 115 pp. 3-4) The plaintiff suggests that, in light of the exhibits attached to Gary Woodfield's declaration, the Court should allow a period of limited discovery to assess "serious issues as to Ms. Rahl's credibility." Blair v. City of Worcester, 522 F.3d 105, 110-111 (1st Cir. 2008)(when the plaintiff states that the person served with process had apparent and actual authority to accept service of process, and the defendants each say that the person had not been appointed to accept service of process on his behalf, factual disputes about agency can be resolved in limited jurisdictional discovery).

The reply points out that the plaintiff is intentionally lumping different entities together in an effort to support his attempted service of process.[3] Moreover the plaintiff has not addressed the portion of the motion which states that an attorney cannot represent a party with whom that attorney cannot communicate. Fla. Bar Rule 1-1.4, which requires that an attorney

---

[3] Ms. Rahl asserts that the plaintiff's arguments are so unsupported and misleading that they are unprofessional and sanctionable.

13

must keep the client informed and consult with the client, which has been adopted by the Southern District of Florida's Standards for Professional Conduct. Accordingly, Patricia Rahl cannot be counsel for the defendants since she is unable to communicate with them.

The plaintiff has the burden of establishing that service is valid under Fed.R.Civ.P. Rule 4. 4A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1083 (3rd ed. 2002 & Supp. 2003). The Court notes that only two of the plaintiff's exhibits signed by Patricia Rahl relate to Caicos Beach Club Charter, Ltd. Both were signed more than ten years ago; one of those exhibits identifies her as the vice president. The Court finds that none of these exhibits demonstrates that Patricia Rahl was the attorney for Caicos Beach Club Charter, Ltd., in 1993-1996 or that she is the attorney for the defunct corporation now. Ms. Rahl's declaration states that she has never represented Ronald Kirchgessner in litigation, had not represented Paul Kirchgessner since 2005, and did not have authority to accept service of process for either one of them.

Nor do the summonses prepared by plaintiff's counsel identify Patricia Rahl as the defendants' attorney. Each of the summonses identify her as "Patricia A. Rahl, Registered Agent." While a period or discovery might resolve conflicting facts about whether Patricia Rahl was counsel for the defendants when process was served, in this case there are no conflicting facts since there

14

are no facts before the Court which suggest that Patricia Rahl was attorney for any of the defendants when service of process was attempted.

The Court finds that the plaintiff failed to effect service of process on Caicos Beach Club Charter, Ltd., Ronald Kirchgessner or Paul Kirchgessner, by service of their counsel.

B.      Standing to File a Motion to Quash Service

Patricia Rahl asserts that even if she is not counsel for the three defendants, she has standing to file a motiom to quash service process. <u>Stetson China Co. v. D.C.Andrews & Co. Of Illinois</u>, 9 F.R.D. 135, 140-141 (N.D.Ill. 1948). In <u>Stetson</u>, a plaintiff sued D.C. Andrews of Maryland, Inc., and Jack Firenstein Y Cia, S.R.L. Process was served for both of these defendants by giving the summonses and complaint to James A. Lansing, the office manager of D.C. Andrews of Illinois, said to be agents of D.C. Andrews & Company of Maryland. By special appearance, D.C. Andrews & Co. of Maryland filed a motion to quash service of process on the company. Mr. James A. Lansing, as a friend of the court, filed a motion to quash service on Jack Firenstein Y Cia, S.R.L. Mr. Lansing provided an affidavit which stated that neither he nor his employer is or ever was an agent or servant of Firenstein, which the court accepted. When the plaintiff asserted that Mr. Lansing did not have standing to file a motion on behalf of Firenstein, the court quoted 50 Corpus Juris, p. 585 "'So a person served as defendant's agent, even though he is not an officer of the court,

15

may move to set aside the service if he is not an agent.'" Stetson, 9 F.R.D. 140-141.

The plaintiff, citing no legal authority but the Court's order denying the emergency motion for relief from the order granting alternative service of process (DE 92) contends that the Court has already held that the Rahl defendants have no standing to challenge the Court's grant of leave to pursue alternative service of process.  The order also stated that if service were effected on the three defendants they could "raise any issues at that time as to the sufficiency of service - they are not arguments of the Rahl Defendants to make."

Patricia Rahl's reply asserts that she is not making this motion on behalf of the three defendants upon whom service was attempted, but has standing to file the motion as a person who was served as an agent of those defendants, but who in fact was not their agent. Stetson, 9 F.R.D. 140-141; Howell v. Kennecott Copper Corp., 21 F.R.D. 222, 223, n.1 (E.D.Pa. 1957), citing Stetson.

The undersigned notes that the Court's orders discuss only the standard challenge of sufficiency of service of process made by defendants who were not served in person.  The Court's order denying the emergency motion for relief from order does not consider or discuss Patricia Rahl's standing to quash service as a non-agent improperly served as an agent.  Indeed, that issue would have been premature and could not have been presented to the Court at that time.  As the Court correctly noted, Patricia Rahl had no

standing to oppose alternative service, the only issue before the Court at that time.

However, once the service was attempted on Patricia Rahl, as the alleged "Registered Agent" for the three defendants, if she is not their agent, she acquired standing to file a motion to quash that service based on <u>Stetson</u>. While this is an arcane distinction, Patricia Rahl has case law to support her standing to file the instant motion, and the plaintiff has not offered any legal authority in opposition. Accordingly, the Court should find that Patricia Rahl has standing to file a motion to quash service of process if she is not an agent of the three defendants.

While the plaintiff's summonses identify Patricia Rahl as the registered agent for each of the defendants, he has offered no evidence to support that assertion. He identifies her as the registered agent for High Point Resorts Management, Inc., and High Point World Resort Condominium Association, Inc., then provides evidence that in 1993 the High Point Organization (a different entity) began construction on the Caicos Beach Club Resort and Marina (which is not the instant defendant). None of these exhibits demonstrate that Patricia Rahl was or is the registered agent for Caicos Beach Club Charter, Ltd. Nor has the plaintiff offered any evidence or legal authority suggesting that Patricia Rahl is the registered agent for the individual defendants. Accordingly, the Court finds that Patricia Rahl, as one who was

served with process as an agent of the defendants, but who was not their agent, has standing to file the instant motion.

C.      Summary

Patricia Rahl has provided evidence that she was not counsel for Caicos Beach Club Charter, Ltd., Ronald Kirchgessner or Paul Kirchgessner when service of process was attempted on February 13, 2009. The plaintiff has not provided any evidence that Patricia Rahl was counsel for the three defendants when service was attempted. Since the plaintiff has not provided any evidence which conflicts with Patricia Rahl's declaration that she was not counsel for the defendants, the Court does not find that a limited period of discovery is required.

Pursuant to Stetson, 9 F.R.D. 140-141, Patricia Rahl has standing to file the instant motion to quash service. The plaintiff asserts that he perfected service of process by serving counsel for the defendants, in accordance with the Court's Order.  However, the evidence presented in the briefing of the motion to quash demonstrates that Patricia Rahl was not counsel for any of the three defendants when service was attempted, and did not have authority to accept service of process on their behalf. Accordingly, the motion to quash alternative service of process should be granted.

### III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

18

RECOMMENDED that the Court GRANT the motion to quash alternative service of process.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 10th day of June, 2009.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
Gary A. Woodfield, Esq. (P)
Simeon Daniel Brier, Esq. (P)
Harriet R. Lewis, Esq. (D-K.Kirchgessner, Rahl defendants)