UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80131-CIV-DIMITROULEAS/SNOW

GERHARD EMIL MAALE, III,

    Plaintiff,

v.

KIM FRANCIS
KIRCHGESSNER, et al.,

Defendants.
_____/

KIM FRANCIS KIRCHGESSNER; PATRICIA RAHL;
BRIAN RAHL; RAHL & RAHL, P.A.,

    Counter-Plaintiffs,

v.

GERHARD EMIL MAALE, III,

    Counter-Defendant.
_____/

## ORDER OVERRULING OBJECTIONS, APPROVING REPORT AND RECOMMENDATION, GRANTING MOTION TO QUASH

THIS CAUSE is before the Court upon Magistrate Snow's June 10, 2009 Report and Recommendation. [DE-122]. Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the record herein, including the Motion to Quash Alternative Service of Process [DE-109], the response, with affidavit, and reply [DE-115; DE-116; DE-118], Plaintiff's Objections [DE-132] to the Report and Recommendations, Defendant's Response [DE-134], and is otherwise fully advised in the premises.

Federal Rule of Civil Procedure 72(a) provides that a party may serve objections to a magistrate judge's order, and that the district court judge to whom the case is assigned "shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." See also 28 U.S.C. §636(b)(1)(A); Rule 4(a) of the Magistrate Judge Rules, Local Rules for the United States District Court for the Southern District of Florida.  The Court finds that the Magistrate Judge's rulings, contained in the Order on the Motion to Quash Alternative Service of Process, are neither clearly erroneous nor contrary to law.

On February 8, 2008, Plaintiff filed this Civil RICO action in the Southern District of Florida.  Plaintiff, Gerhard Emil Maale III ("Maale"), is a Texas resident.  Defendant Kim Francis Kirchgessner ("Kim Francis"), also a Texas resident, is his ex-wife.  Defendants Patricia and Brian Rahl are attorneys licensed to practice law in Florida and are both Florida residents. Defendant Rahl & Rahl, P.A. is a Florida professional association with its principle offices located in Florida.  Patricia and Brian Rahl are partners in the firm and have represented Maale and Kim Francis in the past.  Defendant Ronald Kirchgessner is Kim Francis' father and Defendant Paul Kirchgessner is her brother.  They allegedly reside much of the time in Argentina. Defendant Caicos Beach Club Charter, Ltd. is a partially completed resort located on Turks and Caicos Island.

The Court had dismissed, without prejudice, the claims against Ronald and Paul Kirchgessner and the Caicos Beach Club Charter, Ltd. for a failure to serve on September 10, 2008. [DE-45].  Though Rule 4(m) states that it does not apply to service in a foreign country[1],

---

[1] Fed. R. Civ. P. 4(m) (indicating that the 120 days requirement for service "does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).").

the Court had found that even after an extension of time, Plaintiff had failed to provide evidence of efforts taken to perfect service. See Allstate Ins. Co. v. Funai Corp., 249 F.R.D. 157, 161-162 (M.D. Pa. 2008) (finding that exemption from the 120-day time limit for service in a foreign country did not apply as plaintiff did not make a reasonable, good faith effort to attempt service abroad) (citing USHA (India) Ltd. v. Honeywell Int'l Inc., 421 F.3d 129, 134 (2d Cir. 2005) ("[Rule 4(m)'s] exception does not apply if, as here, the plaintiff did not attempt to serve the defendant in the foreign country.")); Nylok Corp. v. Fastener World Inc., 396 F.3d 805, 807 (7th Cir. 2005) ("[T]he amount of time allowed for foreign service is not unlimited. If, for example, a plaintiff made no attempt to begin the process of foreign service within 120 days, it might be proper for a court to dismiss the claim.") (internal citations omitted); Goodstein v. Bombardier Capital, Inc., 167 F.R.D. 662, 665 (D.Vt. 1996) ("A plaintiff can invoke this exception only if he or she attempted to serve the defendant pursuant to the rules governing service in a foreign country...."); In re Southold Dev. Corp., 148 B.R. 726, 729-30 (E.D.N.Y. 1992) ("[I]t seems illogical to allow a plaintiff who does not even attempt to serve a defendant for more than 120 days after the filing of the complaint to avoid dismissal under Rule [4(m)] by eventually attempting service in a foreign country pursuant to Rule [4(f)].").

Plaintiff then re-filed this action against those Defendants on October 10, 2008. See Case No. 08-81160-civ-DIMITROULEAS. The cases were consolidated on January 26, 2009. [DE-80]. Plaintiff then sought an Order granting alternative service of process on those Defendants, or, in the alternative, an extension of the deadline for service. [DE-85]. In ruling on this Motion, the Court again noted that Rule 4(m) does not apply to service in a foreign country–where the individual Defendants are alleged to reside. [DE-89]. This would also apply to the foreign

corporation.[2] Thus, though the 120 days had expired, the Court indicated that this does not necessarily require dismissal of Plaintiff's claims for a failure to serve.  See e.g., Nylok Corp. v. Fastener World Inc., 396 F.3d 805, 807 (7th Cir. 2005) (exemption noted to be based on a "recogni [tion] that the timeliness of foreign service is often out of the plaintiff's control."); accord Umbenhauer v. Woog, 969 F.2d 25, 31 (3d Cir. 1992) (noting that the "drafters apparently incorporated this exemption into Rule 4(j) [Rule 4(m)'s predecessor] because ... the vagaries of such service on foreign defendants render the ... time limit too burdensome on a plaintiff.") (internal quotations and citation omitted).

The Plaintiff had pursued service under the Hague Convention.  A Letter from APS International[3] indicated that the documents were provided for service in Argentina to the Argentine Central Authority on October 31, 2008, but that "service and return of proof of service in accordance with the Hague Convention generally takes 6 months or longer . . .."  (Ex. B  DE-85-3).  Apparently, however, Plaintiff did not wish to wait to allow this process to be completed[4], because he also sought to serve process, either pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii)-sent by the clerk and requiring a returned receipt- or 4(f)(3)-other means–in this case, by serving the Rahl Defendants, in their capacity as the Defendants' attorneys. The Court

---

[2] Rule 4(h)(2) indicates that for service upon a corporation "not within any judicial district of the United States," the manners prescribed in Rule 4(f), other than personal delivery, should apply.  Thus, as the mechanisms of 4(f) apply to 4(h)(2), the time period also would not apply to 4(h)(2).  See e.g., Flock v. Scripto-Tokai Corp., 2001 WL 34111630 (S.D. Tex. July 23, 2001); Turpin v. Mori Seiki Co., Ltd., 56 F. Supp. 2d 121 (D. Mass. 1999); Pennsylvania Orthopedic Ass'n v. Mercedes-Benz A.G., 160 F.R.D. 58 (E.D. Pa. 1995); Cargill Ferrous Int'l v. M/V Elikon, et al., 154 F.R.D. 193 (N.D. Ill. 1994).

[3] This appears to be the entity Plaintiff has hired to perfect service.

[4] Thus, though the Plaintiff insists on the validity of the service upon Patricia Rahl, he still has the other avenues of service, despite the granting of the Motion to Quash.

granted the motion, but specifically stated that it was making no determination at that point as to the sufficiency of such service, should those Defendants choose to challenge it.  Thereby, pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii), the Clerk was directed to mail the Summons and Amended Complaint "using any form of mail that the clerk addresses and sends to the individual[s] and that requires a signed receipt."  The Order also indicated that Plaintiff could choose to pursue their other alternative service by serving Defendants' counsel.

Plaintiff then served process on Patricia Rahl, as either the registered agent for the Caicos Beach Club Charter, Ltd. and/or the attorney for the defendants.  Patricia Rahl then filed a Motion to Quash Service.  She argued that she was neither a designated agent for purposes of process nor the attorney for the defendants.  Plaintiff argued that if this was the case, then she had no standing to contest the service.  In addition, he argued that her veracity was questionable and that the service was valid.

The Court agrees with the findings of the Magistrate Judge.  Plaintiff has failed to effect service on the Defendants by serving their counsel, as there has not been a showing that Patricia Rahl was attorney for any of the Defendants when service was attempted or in any way designated to receive process on their behalf.  Moreover, the Court agrees that Patricia Rahl had standing to file the Motion to Quash in order to contest the service upon her.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1)  Plaintiff's Objections to the Report and Recommendations [DE-132] are hereby **OVERRULED**.

2)  Magistrate Snow's June 10, 2009 Report and Recommendation [DE-122] is hereby **APPROVED**.

3) The Motion to Quash Alternative Service of Process [DE-109] is **GRANTED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 9th day of July, 2009.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record