UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80131-CIV-DIMITROULEAS/SNOW

GERHARD EMIL MAALE, III,

        Plaintiff,

v.

CAICOS BEACH CLUB CHARTER,
LTD., a foreign company; RONALD
KIRCHGESSNER; PAUL KIRCHGESSNER;
KIM FRANCIS KIRCHGESSNER; RAHL & RAHL,
P.A., a Florida professional association;
PARTICIA RAHL; and BRIAN RAHL,

        Defendants.

_____/

## DEFENDANT, PATRICIA RAHL'S, MOTION FOR SANCTIONS

    Defendant, PATRICIA RAHL (hereinafter referred to as RAHL), by and through her undersigned counsel, and in accordance with Rules 26(g) and 37(a) of the Federal Rules of Civil Procedure and Local Rule 7.1 of the Southern District of Florida, moves this Court for an order imposing sanctions for failure to comply with Requests for Production. In support thereof, RAHL states:

1.    RAHL has served four Requests for Production directed to MAALE.

2.    On November 17, 2009, MAALE served his Responses to the four Requests for Production, which responses are evasive and/or incomplete and thus are deemed a failure to disclose pursuant to Rule 37(a)(4) Fed. R. Civ.P.

3.    MAALE has objected to only one paragraph in the four Requests for Production (Paragraph 31 of Rahl's First Request for Production).

4.      MAALE has also served a Privilege Log which does comply with the requirements of Local Rule 26.1 (G)(3)(b-c)

5.      MAALE has also served 108 pages of bates-stamped documents.

6.      RAHL has filed Motions to Compel directed to each of the four evasive and/or incomplete Responses (D.E. 172, D.E. 173, D.E.174, and D.E. 175) and in conjunction with the Motions to Compel has filed a Notice of Filing with the court pursuant to Local Rule 26.1. (D.E. 176)

7.      RAHL has incurred attorneys fees and other expenses in the preparation and filing of the Motions to Compel, which motions were all necessitated by MAALE's refusal to properly respond to the Requests for Production.

8.      Each of MAALE's Responses is signed by MAALE's attorney.

9.      Pursuant to Rule 26(g) Federal Rules of Civil Procedure, an attorney's signature certifies that the discovery response is consistent with the Federal Rules of Civil Procedure.

10.     The discovery responses are not consistent with the Federal Rules of Civil Procedure.

11.     Rule 26(g) Federal Rules of Civil Procedure provides for the imposition of appropriate sanction.

12.     Rule 37(a)(5) Federal Rules of Civil Procedure provides for an award of expenses and attorneys fees if the Court grants a motion to compel production.

## MEMORANDUM OF LAW

### A. Sanctions Under Rule 26(g) – Signature of Attorney as Certification

Fed.R.Civ.P. 26(g). Rule 26(g) was "designed to curb discovery abuse by explicitly encouraging the imposition of sanctions." Fed.R.Civ.P. 26(g) advisory committee's note (1983 Amendment). An attorney is required to sign "every request for discovery or response or objection thereto." Fed.R.Civ.P. 26(g).  The signature certifies that the discovery request is consistent with the Rule of Civil Procedure. "If a certification is made in violation of Rule 26(g), the court ... *shall* impose upon the person who made the certification, the party on whose behalf the request, response, or objection is made, or both, an appropriate sanction, which *may* include an order to pay the reasonable expenses incurred because of the violation, including a reasonable attorney's fee. *Id.* (emphasis added)." See, *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536 C.A.11 1993.

Rule 26(g) makes the imposition of "an appropriate sanction" mandatory. Therefore, Rule 26(g) requires a judge to sanction the defendants, the attorneys who signed their discovery responses and objections, or both.  The sanction of imposing costs and attorneys' fees against both the defendants and their attorneys is suggested in the text of the rule. *Id.*

### B. Rule 37(a)(5) – Expenses Incurred in Filing Motion to Compel

"Rule 37 allows a party to file a motion to compel discovery, and it considers evasive or incomplete disclosures as a failure to disclose when ruling on a motion to compel. Fed.R.Civ.P. 37(a)(4). A court may impose sanctions where a party fails to provide answers, objections, or a written response to interrogatories or requests for

3

production. Fed.R.Civ.P. 37(d)(1)(A)(ii). Sanctions may include: (1) the payment of reasonable expenses caused by the failure; (2) designating facts as established as the prevailing party claims; (3) prohibiting the disobedient party from opposing designated claims or introducing designated matters into evidence; (4) striking the pleadings in whole or in part; (5) staying the proceeding until the order is obeyed; (6) dismissing the action or proceeding in whole or in part; and (7) rendering a default judgment against the disobedient party. Fed.R.Civ.P. 37(d)(3)." *Steed v. EverHome Mortg. Co.*, 308 Fed.Appx. 364 (11th Cir. 2009).

Rule 37 provides that the Court shall require reasonable expenses incurred in making the motion, including attorney's fees, to be paid by the opposing party, unless the opposing party's opposition was "substantially justified, or other circumstances make an award of expenses unjust." In discussing the intent of the Rule, the Advisory Committee Notes to the 1970 amendments to Rule 37 stated, "The change *requires* that expenses be awarded unless the conduct of the losing party or person is found to have been substantially justified ." (Emphasis added); *see also Devaney v. Continental Amer. Ins. Co.*, 989 F.2d 1154,1159 (11th Cir.1993) (noting that "[t]he rule was toughened in 1970 to mandate that expenses be awarded unless the conduct of the losing party or person is found to have been substantially justified."). *Lawson v. Plantation General Hosp., L.P.*, 2009 WL 3367369 (S.D. Fla. 2009).

Rule 37(a)(5) Fed. R. Civ. P. provides:

*Payment of Expenses; Protective Orders.*

> (A) If the Motion is Granted (or Disclosure or discovery is Provided After Filing). If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed-the court must, after giving an opportunity to be heard, require the party or deponent whose

4

conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

WHEREFORE, based on the foregoing, RAHL respectfully requests that the court grant its motion and enter an order awarding sanctions and expenses and attorney's fees in accordance with law, or grant such other relief as is just and proper under the circumstances.

Dated: December 15, 2009
Boca Raton, Florida

Respectfully Submitted,

/s/Harriet R. Lewis
HARRIET R. LEWIS
Florida Bar No.: 331015
HLewis@lsdlaw.net
LEWIS STROUD & DEUTSCH, P.L.
1900 Glades Road, Suite 251
Boca Raton, FL 33431
Tel: (561) 826-2800
Fax: (561) 826-2828

## CERTIFICATION OF COUNSEL

The undersigned certifies that a good faith effort has been made to resolve the instant dispute, absent the Court's intervention, and that this Motion has not been filed for purposes of delay or for any other improper purpose. On December 15, 2009, Plaintiff's counsel, in response to inquiry by the undersigned, advised that: "We are finalizing our amended responses and supplemental production, which will include over 1000 pages. We are also preparing an updated/revised privilege log. We are planning on sending them to you shortly." However, and once again, without any assurances of a time certain and that a complete response will be forthcoming today, Defendant is left with no alternative other than to file to this Motion in order to comply with Local Rule 26.1(H).

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Harriet R. Lewis
HARRIET R. LEWIS
Florida Bar No. 331015

## SERVICE LIST

Gary A. Woodfield, Esq., and
Simeon Daniel Brier, Esq.
Edward, Angell, Palmer & Dodge, LLP
One North Clematis Street, Suite 400
West Palm Beach, Florida 33401
Telephone:    (561) 833-7700
Facsimile:    (561) 655-8719
gwoodfield@eapdlaw.com;
SBrier@eapdlaw.com
Attorneys for Plaintiff