UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80131-Civ-DIMITROULEAS/Snow

GERHARD EMIL MAALE, III,

                Plaintiff,

        vs.

CAICOS BEACH CLUB CHARTER, LTD.,
RONALD KIRCHGESSNER, PAUL KIRCHGESSNER,
KIM FRANCIS KIRCHGESSNER, RAHL & RAHL, P.A.,
PATRICIA RAHL and BRIAN RAHL,

                Defendants.

_____/

### CORRECTED ORDER

        THIS CAUSE is before the Court on the Plaintiff's Motion
to Compel Responses to First Request for Production to Rahl
Defendants (Docket Entry 185), which was referred to United States
Magistrate Judge Lurana S. Snow.  The order is corrected owing to
configuration problems with the PDF version.

        The Court recently granted a protective order to the Rahl
defendants, holding that documents responsive to the plaintiff's
document requests 1, 2, 4, 5, 10, 12, 17, 18, 19, 22, 25, 26 and 28
were not subject to discovery until the plaintiff had complied with
the October 25, 2006, protective order issued by Judge Winikoff of
the Fifteenth Judicial Circuit in and for Palm Beach County,
Florida, in Maale v. Rahl & Rahl, P.A., et al., Case No. 50-2006CA
005526MB. The plaintiff's reply states that the required bond was
filed in the state court case on January 8, 2010, the day after the
response to the instant motion was filed.

The Rahl defendants' responses to these requests for production and their response to the instant motion to compel are based on the state court Protective Order, which this Court upheld. The plaintiff's subsequent posting of the bond denied the Rahl defendants the opportunity to timely provide the requested discovery, and the opportunity to file a meaningful response to the motion to compel these items. The Court will deny without prejudice the motion to compel the production for these requests, and order the Rahl defendants to provide supplemental responses to these discovery requests in light of the posting of the bond in the state court case.  Next, the Court will examine the document requests which were not the subject of the Court's Order granting a protective order to the Rahl defendants.

Document request 3 seeks:

All documents evidencing any investment by any of the following individuals/entity in the Project, any entity affiliated with the Project, or any real property located in the South Caicos Island, Turks & Caicos: (1) Defendant, Kim Francis Kirchgessner; (2) Defendant, Patricia Rahl; (3) Defendant, Brian Rahl; (4) Defendant, Rahl & Rahl, P.A.; (5) Ronald Kirchgessner; and/or (6) Paul Kirchgessner.

The response stated

As to (1) Kim Francis Kirchgessner, documents relating to this request are subject to a retaining lien for legal fees that have not been paid by Plaintiff, as well as an Order of Protection issued by the Circuit Court for the Fifteenth Judicial District for the State of Florida, and may be produced only when

2

Plaintiff complies with that order and
discharges the lien. These documents are also
the subject of a Motion for Protective order
filed herein. As to (2), this Defendant,
none. As to (3) Defendant Brian Rahl, none.
As to (4) Defendant Rahl & Rahl, P.A., none.
As to (5) Ronald Kirchgesser, none. As to (6)
Paul Kirchgessner, none.

The plaintiff asserts that the retaining lien does not

apply and the documents are improperly withheld, for the reasons

set forth in the plaintiff's response to the Rahl Defendants'

Motion for Protective Order. As discussed above, the Court has

upheld the state court protective order. In light of the

plaintiff's subsequent posting of the bond, the Court will deny

without prejudice the motion to compel and order the Rahl

defendants to serve a supplemental response to request 3(1).

The plaintiff also contends that the "none" responses are

incomplete, since pursuant to Fed.R.Civ.P. 26(b)(1) the defendants

are required to produce all documents in their "possession, custody

or control." The plaintiff asserts that the defendants have not

stated that they have made a reasonable search of all sources

reasonably likely to contain responsive documents. The defendants

argue that the plaintiff misstates the scope of the word "control."

The Eleventh Circuit Court of Appeals defines control as "the legal

right to obtain the documents requested on demand." Searock v.

Stripling, 736 F.2d 650, 653 (11th Cir. 1984) "Control" does not

include making a search of all potential sources which might be

able to provide the documents. See, Wiva v. Royal Dutch Petroleum

3

<u>Co.</u>, 392 F.3d 812, 821 (5th Cir. 2004)("control" does not mean "access to").  The plaintiff's reply does not dispute this statement of the law.  The Court will not compel production for requests 3(2-6) for which the defendants have responded "none."

Document request 6 seeks

All documents including, but not limited to, account statements, wires, deposit slips, wire confirmations, receipts, invoices, bank statements, and ledgers, evidencing any payment, transfer, investment of monies or wire of any funds from Plaintiff to Paul Kirchgessner, Ronald Kirchgessner, or to any bank or agent of same.

The defendants responded, "None to my knowledge."  Again the plaintiff contends that they must show that they have made a reasonable search of reasonable places where the documents could be found.  For the reason stated in number 3, above, the Court will not compel production of documents for request 6, for which the plaintiff's only argument is that the defendants responded "none." This ruling also applies to document requests 7.

Document request 8 seeks "All documents evidencing your relationship to, employment by and/or representation of, Kim Francis Kirchgessner, Paul Kirchgessner, and/or Ronald Kirchgessner, solely related to the Project, any entity affiliated with the Project or any real property located in the South Caicos Island, Turks &

4

Caicos."[1]   The defendants responded, "None."   The Court again rejects the plaintiff's argument that the defendants must state that they have made a search of all reasonable sources for the documents.

However, the plaintiff's motion to compel also contends the response is false. He argues that responsive documents must exist since the Rahl defendants "stated that they earned $801,000 from 'the Turks & Caicos'" and also had a long-term involvement with the Project. (DE 185, p. 6) He adds that Patricia Rahl was an officer of the project, and her e-mail address listed with The Florida Bar is the same as the web page used for the project.

The defendants' response to the motion points out that the Caicos Beach Club Charter, Ltd., ceased activity in 1998 and is defunct. Thus any documents related to that entity would be at least 11 years old, and there are none in the possession, custody or control of the defendants. Nor have the defendants represented any of the three individuals for many years. Finally, Patricia Rahl contends that her e-mail address, patticaicosbeach.com, is not evidence of a long term relationship with the project or evidence

---

[1] The plaintiff did not provide that portion of the request for production which includes the definitions. The Court will define the word "Project" as it is defined in paragraph 14 of the amended complaint. (DE 36, ¶ 14: "the 'Caicos Beach Club Resort and Marina' (the 'Project')."  The amended complaint alleges that the Project was marketed by defendant Caicos Beach Club Charter, Ltd., and was developed by the High Point Organization. (DE 36, ¶ 19)

of a more recent attorney/client relationship with the three persons.

The plaintiff's reply[2] includes documents dated 1992 through 1996, which are contracts with, and letters to, other investors signed by Patricia Rahl as President of Caicos Beach Club Charter, Ltd., (DE 195-7 through 195-9) to demonstrate the defendants' long association with the Project. However, Patricia Rahl contends that her long time relationship with Caicos Beach Club Charter, Inc., is not evidence of a long term relationship with the Project.

The Court finds that these documents, contracts with, and letters to, persons not party to this lawsuit, are not evidence of the defendants' "relationship to, employment by and/or representation of, Kim Francis Kirchgessner, Paul Kirchgessner, and/or Ronald Kirchgessner, solely related to the Project, . . .," which is the subject matter of the request. The Court also finds that the plaintiff has not shown that responsive documents must exist in the defendants' custody or control simply because several contemporary documents exist. The Court will deny the motion to compel a better response to request 8.

---

[2] The plaintiff's reply memorandum raises a number of issues, but does not identify which document requests these arguments support. The Court will attempt to correlate the proper argument with the related document request.

Document request 9 seeks

All documents evidencing investors in the Project, any entity affiliated with the Project, or any real property located in the South Caicos Island, Turks & Caicos, including but not limited to those documents that identify: (i) the name and address of the investor; (ii) the amount of the investment; (iii) the date the investment was made; and (iv) the nature of your involvement in the investment.

The defendants responded, "None." The motion to compel raises the same arguments set forth for document request 8. The defendants' response mirrors the briefing of number 8, particularly noting since the Caicos Beach Club Charter, Ltd., has been defunct for more than a decade, such documents no longer exist.

The plaintiff's reply offers other exhibits to demonstrate the defendants' long-time involvement with the Project, such as land records showing that High Point Organization Holding Company, Ltd., has an ownership interest in the land in which the Project sits. (DE 195-2)   The Court has reviewed the records, some dating back to 1970. Of the 20 parcels recorded, three show property registered to High Point Organization Holding Company, Ltd.: the September 30, 1997, transfer of Parcel 21; the October 11, 1992 transfer of Parcel 22, and the April 3, 2003, transfer of Parcel 24.   Next, the plaintiff asserts that Patricia Rahl is involved with High Point Organization Holding Company, Ltd. He provides a June 26, 1993, newspaper article from the Caicos Free Press which states that Patricia Rahl is the corporate counsel of

"High Point Organization." (DE 195-3) The plaintiff contends that his Civil RICO Statement shows that all of the defendants are involved in the Project, thus the Rahl defendants should have responsive documents.

The Court finds that the plaintiff has not shown that responsive documents must exist in the defendants' custody or control simply because several contemporary documents exist. The Court will deny the motion to compel a better response to request 9.

Document request 11 seeks "All documents evidencing the current address, telephone number, and email address of Paul Kirchgessner and/or Ronald Kirchgessner." The defendants responded, "None." The motion to compel notes that the Rahl defendants' answer to the amended complaint (DE 69, ¶ 14) states

> Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint, that Maale is a victim of an orchestrated scam exercised upon him by his ex-wife, Defendant, Kim Francis, her father, and her brother. However, due to the attorney client privilege Defendants cannot provide any additional answers to this allegation as to do so would violate the attorney/client communication privilege.

The plaintiff contends that this statement means that the Rahl defendants are asserting the attorney/client privilege for Kim Francis Kirchgessner, Paul Kirchgessner and Ronald Kirchgessner. The defendants' response to the motion states that since they have

not represented the Caicos Beach Charter Club, Ltd., Paul
Kirchgessner or Ronald Kirchgessner in years, they do not have any
documents connected with those persons at this time. However, the
defendants concede that Ronald Kirchgessner has called them several
times in the last five years to discuss legal services and seeking
to become a client. However, Florida Bar Rule 4-1.18 mandates that
"a lawyer who has had discussion with a prospective client shall not
use or reveal information learned in the consultation." Thus
revealing the telephone number to a person who seeks to sue Mr.
Kirchgesener would reveal information learned in consultation, to
the disadvantage of the client. If, however, the Court orders
production of the defendant's phone records, the defendants ask to
redact all but the date and time of the contact. Hunter v.
Copeland, 2004 WL 1161368 (E.D.Pa. 2004)(redacting all but the name,
date and time of the call).

        The plaintiff's reply contends that Patricia Rahl's
Unsworn Declaration Under Penalty of Perjury states that she "does
not have the ability to communicate with either" Paul Kirchgessner
or Ronald Kirchgessner. Now they admit they have relevant
information, but assert the attorney/client privilege.

        The Court finds that the defendants are not asserting the
attorney/client privilege with regard to their more recent
communications with Ronald Kirchgessner. They say he communicated
with them to consult about becoming a client. The defendants cite

9

the Florida Bar Rules of Professional Conduct, Rule 4-1.18, which prohibits using or revealing information learned in the consultation.  Pursuant to thus Rule, the Court will deny the motion to compel a better response to request 11.

Document request 13 seeks "All documents evidencing any fees and/or income you derived from the Project, any entity affiliated with the Project, or any real property located in the South Caicos Island, Turks & Caicos from January 1, 1992 to date." The defendants responded

> As per the attached Declaration Under Penalty
> of Perjury of Patricia Rahl, the total amount
> of fees derived from the Turks & Caicos from
> January 1,2006 through the present is $801.000.
> No prior records exist.  As for documents
> evidencing any attorney fees, all documents are
> withheld on the basis of attorney/client
> privilege, as the client has not waived their
> privilege.

The plaintiff contends that the defendants have produced no responsive documents, and have not established that the documents are protected by the attorney/client privilege.  The plaintiff asserts that many responsive documents do not deal with the provision of legal services and thus are not privileged.

The motion includes the Rahl defendants' December 4, 2009, privilege log (DE 185-1), which, in five sentences, lists five categories of documents for which the privilege is being asserted. No individual documents are listed in the privilege log.  The first category is the sale of the Maale's Bahamas House.  The other four

10

categories (#2-5 on the list) list contract purchases between the Caicos Beach Club Charter, Ltd., and (2) Gerhard and Kim Maale, (3) Dr. Donald Schwartz, (4) Gregory and Linda Mishenhimer and (5) Philip Smith. None of the categories is correlated to a particular document request, and none of the information for each document within the categories is provided as required by S.D.Fla.R. 26.1.G.3(b)(i)(A).

The defendants' response to the motion does not discuss the sufficiency of their privilege log pursuant to S.D.Fla.R. 26.1.G.3(b)(i)(A). They contend that the factors required to assert the privilege discussed in <u>United States v. United Shoe Machinery Corp.</u>, 89 F.Supp. 357, 358-59 (D. Mass 1950), have been demonstrated to the Court, and asserts that the privilege can only be waived by the now-defunct client Caicos Beach Club Charter, Ltd. The defendants also state that they have represented other clients in connection with real property transactions in te South Caicos Island, these clients, buyers and sellers have not waived or released the privilege.

The plaintiff's reply notes that the failure to comply with the requirements of S.D.Fla.R. 26.1.G.3(b)(i)(A) for each document for which the privilege is claimed, makes the claim of privilege a nullity. <u>Guzman v. Irmadan, Inc.</u>, 249 F.R.D. 399, 401 (S.D. Fla. 2008).

The Court notes that under the United Shoe analysis, factors 2 and 3 refer to "the communication," and factor 3 sets out the particular circumstances which must exist for the communication to be privileged, such as the absence of strangers during the communication. The defendants have provided only general categories of communications, and have discussed none of the specific circumstances surrounding the communications they seek to protect. Moreover, the Court cannot identify which items in the privilege log are identified with this request. Items 2-5 of the privilege log relate to four contracts entered into by Caicos Beach Club Charter, Ltd., but the request is not limited to those four transactions. Because the defendants have not provided a sufficient privilege log, and because the claim of attorney/client privilege is the only objection to production of these documents, the Court will compel production of documents responsive to request 13.

Document request 14 seeks, "All marketing materials for the Project, any entity affiliated with the Project, or any real property located in the South Caicos Island, Turks & Caicos." The defendants responded, "Produced, see documents DEF ID 514-545." The plaintiff's motion contends that this response is false since he has provided more than 31 pages of such evidence. The defendants' response to the motion asserts that this response is ambiguous. If the plaintiff asserts that he produced more than 31 pages in response to the defendants' requests for production, but that the

12

defendants did not provide all if the same documents in response to the plaintiff's request for production, there is no basis to compel additional documents.  If however, the plaintiff already possesses more than the 31 pages of documents, the motion to compel more documents from the defendants is "silly."   The plaintiff's reply does not address this request.

The Court finds that the fact that the plaintiff has more than 31 pages of responsive documents is not proof that the defendants have more documents than they have already produced  The Court will deny the motion to compel production to request 14.

Document request 15 seeks

All documents which refer or relate to any investments or monies paid by the Texas Investors, as defined and described in the Amended Complaint and incorporated in Civil Rico Case Statement, including but not limited to, Dr. Andrew Hodge, Dr. Leonard Whiteside and Dr. Donald Schwartz in the Project, any entity affiliated with the Project, or an real estate property located in the South Caicos Island, Turks & Caicos.

The defendants responded

No Texas Investors names have been disclosed by Plaintiff in the Amended Complaint, other that (sic) Dr. Donald Schwartz.  The requested documents, including those pertaining to Dr. Schwartz, should they exist are privileged pursuant to the attorney/client privilege, and this privilege has not been waived.  As to Dr. Andrew Hodge, none.  As to Dr. Leonard Whiteside, none.  As to Dr. Donald Schwartz, all documents are withheld on the basis of attorney/client privilege, and the client has not waived its privilege.

The motion to compel asserts that the defendants have not supported their "none" responses with a statement of a search of reasonable places to locate the documents. The Court rejected this argument in document request 3, above. Next the plaintiff asserts that the defendants should have more documents, based on their long-term involvement with the Project.  The plaintiff argues that the falsity of this answer is "demonstrated by the allegations and evidence produced by the plaintiff during this action."  However, the plaintiff does not identify the particular evidence purportedly produced.  The Court finds that mere allegations in the complaint are insufficient to provide evidence of the falsity of the defendants' response.  The Court  will deny the motion to compel with respect to Dr. Hodge and Dr. Whiteside.

Finally, the motion to compel asserts that the privilege is improperly asserted. The defendants' response to the motion contends that "even if, after more than thirteen years, the defendants had custody or control of document pertaining to particular individuals and Caicos Beach Club Charter, Ltd., during the period when defendants represented it, any such documents *even if they did exist* must be withheld under the attorney/client privilege" which was not waived by the client.

The plaintiff's reply asserts that in the defendants' Motion to Quash Alternative Service (DE 109) the declaration of Patricia Rahl says that she does not represent Caicos Beach Charter Club, Ltd., but in response to this request for production the

defendants say they represent it, and assert the attorney/client privilege.  Moreover, the defendants represented the plaintiff in various matters, including his investment in the Project, but now claim they represented the sellers during those transactions, and assert the attorney/client privilege on behalf of the sellers.

The Court notes that the declaration of Patricia Rahl does not state that she never represented the Caicos Beach Club Charter, Ltd.  Rather she states that during the time substituted service of process was attempted, she does not represent the entity, "is not and never has been its registered agent or authorized to accept service of process on its behalf."  This is not inconsistent with the assertion of attorney/client privilege for past representation of the entity.

Although the privilege log does contain a category related to the contract between the Caicos Beach Club Charter, Ltd., and Dr. Donald Schwartz, as discussed above, the deficiencies in the defendants' privilege log make any assertion of the attorney/client privilege a nullity.  Accordingly, the Court will compel production of documents responsive to request 15 with respect to Dr. Schwartz.

Document request 16 seeks "All documents which evidence all travel by you to and from the Turks & Caicos from 1992 to the present."  The defendants responded "The defendants are attempting to recover records of any such trips and will produce all documents recovered."  The motion to compel notes that the defendants have produce no documents.  The defendants' response to the motion states

that if a search is required, the documents must be produced in a reasonable time, and they have been attempting to obtain the documents, but have not received them yet. The Plaintiff's reply does not discuss this request. Accordingly, the Court will not compel production for request 16.

Document request 20 seeks

All documents which evidence or refer or relate to corporate stocks, bonds, debentures, notes, or any other type of equity or debt in which you (directly or indirectly) have or had an interest in the Project, any entity affiliated with the Project, or any real property located in the South Caicos Island, Turks & Caicos.

The defendants responded, "None." The motion to compel raises the same arguments raised for document request 8. The defendants' response to the motion asserts that they have never held any stock, bonds, debentures, notes or other type of equity or debt in the Project, any entity affiliated with the Project, or any real property located in the South Caicos Island, Turks & Caicos. They have only received attorney's fees and costs.

The court cannot identify any portion of the plaintiff's reply which is related to this request. Accordingly, the Court will deny the motion to compel production for request 20.

Document request 21 seeks "All documents evidencing any communications or correspondence between you and anyone on behalf of the Project, any entity affiliated with the Project, or any real property located in the South Caicos Island, Turks & Caicos." The defendants responded

16

Objection.  The request is overbroad as to the spectrum of correspondence, and ambiguous as to the reach of correspondence it requests. Though Plaintiff's lawsuit is about specific investments he made in a specific project at a specific time between 1993 and 2001, records for which are no longer in existence. [sic] However, this request nevertheless improperly seeks documents and things relating to any and all communications and correspondence related to "any real property in the South Caicos Island, Turks & Caicos."  Such an inquiry is irrelevant, and to respond to it would require an unreasonable and oppressive amount of time and effort by this Defendant.  Furthermore, the phrase "*on behalf of* the Project" is vague and ambiguous, as is the phrase "any entity *affiliated* with the Project."  Trying to correctly respond to either is impossible, as either may refer to a potentially infinite number of documents, the majority of which are protected by the attorney/client privilege, which privilege has not been waived.  Further gathering and locating these documents, should they still exist would require an unreasonable and oppressive amount of time and effort by there (sic) defendant.

The motion to compel contends that the defendants are asserting blanket objections, and that the privilege is not properly asserted, does not say on whose behalf it is asserted, and is not supported by the privilege log.  The plaintiff asserts that the documents are discoverable under Rule 26.

The defendant's response to the motion contends that there are no blanket objections, each is clearly discussed.  Moreover, the phrases "*on behalf of* the Project" and "any entity *affiliated* with the Project" are irrelevant in light of the plaintiff's specific investments in a specific Project at a specific time between 1993

17

and 1996, and 2001.  Finally the defendants note that the plaintiff invested in a club membership, not in a Project.

The Court cannot identify any part of the plaintiff's reply which addresses this request.  However, the Court finds that the request is overly broad in temporal scope and in the scope of the entities for which production is sought.  The request is ambiguous insofar as it seeks communications by the defendants "on behalf of the Project." The Court will not compel production for request 21.

Document request 23 seeks "All telephone records evidencing any communications between you (on one hand) and Ronald Kirchgessner and/or Paul Kirchgessner (on the other hand) for the past five years."  The defendants responded

> As to Paul Kirchgessner, none.  As to Ron Kirchgessner:  This request nevertheless improperly seeks records evidencing any communications between the undersigned and Ronald Krichgessner, which, in fact would relate to any and all communications, for the past five years.  As the events complained by the plaintiff ended in 2002, at the latest, such inquiry is irrelevant, and to respond to it would require an unreasonable and oppressive amount of time and effort by this Defendant, should any of these records still exist. Furthermore, this request is vague and ambiguous, and overbroad in scope.  Trying to correctly respond to this is impossible, as (sic) refers to a potentially infinite number of documents, the majority of which are protected by the attorney/clients privilege, which privilege has not been waived. Further gathering and locating these documents should they still exist would require an unreasonable and oppressive amount of time, expense and effort by these Defendants.

The motion to compel contends that the attorney/client privilege is improperly asserted, and is not supported by the privilege log.  The plaintiff asserts that (1) the defendants interpose blanket objections on discoverable material and (2) the defendants have not sufficiently responded regarding documents they control.  The response regarding Paul Kirchgessner is false, as generally demonstrated the plaintiff's prior allegations and evidence presented.  Finally, the plaintiff contends that the defendants concede that they still represent Ronald Kirchgessner, but continue to conceal information about his whereabouts.

The defendants' response to the motion states that the prospective client [Ronald Kirchgessner] has requested that this *information* be kept confidential, thus it is not appropriate to place the documents on a privilege log.  Additionally, the time frame (2004-2009) is not compatible with or relevant to the time frame of the events (1993- 2001) alleged in the Amended Complaint.

The Court finds that Florida Bar Rule 4-1.18 was properly asserted with regard to Ronald Kirchgessner.  The plaintiff has not identified which prior evidence demonstrates the falsity of the defendants' response regarding Paul Kirchgessner.  The request also is over broad in that it apparently is not limited to communications related to the amended complaint.  The Court will deny the motion to compel production for request 23.

Document request 24 seeks

All emails, correspondence, facsimiles, telegraphs, internet posting/messages, telephone records or other documents evidencing any communications between you (on one hand) and any employee, agent or principal of the Project, any entity affiliated with the Project, or otherwise related to any real property located in the South Caicos Island, Turks & Caicos.

The defendants responded

Objection. As with Request 21, the request is overbroad as to the spectrum of correspondence, and ambiguous as to the reach of correspondence it requests. Though Plaintiff's lawsuit is about specific investments he made in a specific Project at a specific time between 1993 and 2001, this request nevertheless improperly seeks documents and things related to any and all communications and correspondence related to "any real property located in the South Caicos Island, Turks & Caicos." Such an inquiry is irrelevant, and to respond to it would require an unreasonable and oppressive amount of time and effort by the defendant. Additionally, because the entity associated with Plaintiff's alleged investments in this case has been long defunct, to the extent this request seeks "emails, correspondence, facsimiles, telegraphs, internet posting/messages, telephone records or other documents evidencing any communications" between this defendant and "any entity affiliated with the Project" (as "the Project" is defined in the Request by the Plaintiff), this request seeks correspondence with the different owner of the Project. Such correspondence is obviously irrelevant to the claims and defenses in this case, and is protected

[The sentence appears to be incomplete since it ends without a period]

20

The motion to compel asserts that these are blanket objections for discoverable evidence, and the defendants continue to conceal evidence of the correct entity which owns the Project. The defendants response to the motion contends they have fully described each objection and have shown that the request exceeds any possible subject of discovery.

The Court finds that this request is over broad in scope, because it seeks all communications on any and all subjects between (1) the defendants and (2) a wide range of potential individuals, "related to any real property located in the South Caicos Island, Turks & Caicos." The Court will deny the motion to compel production for request 24.

Document request 27 seeks "All documents that identify any individuals and/or entities who have an interest, either directly or indirectly, in the Project or any entity affiliated with the Project." The defendants responded, "None in this defendant's possession." The motion to compel raises the same arguments supporting request 8. The defendants' response to the motion states that they have made the requisite search and determined that there are no responsive documents.

The Court notes that the plaintiff makes the same argument that he made for request 8, and the documents he refers to do not support a finding that the defendants must still have documents responsive to this request. The Court will deny the motion to compel production to request 27.

21

Document request 29 seeks "All documents evidencing any communications or correspondence between you and any of the Texas Investors, including but not limited to, Dr. Andrew Hodge, Dr. Leonard Whiteside and Dr. Donald Schwartz."  The defendants responded "As to Dr. Andrew Hodge, none.  As to Dr. Leonard Whiteside, none.  As to Dr. Donald Schwartz, all documents are withheld on the basis of attorney/client privilege, as the client has not waived their privilege."

The motion to compel contends that the privilege is improperly asserted, that the response is false in light of the plaintiff's allegations and evidence, that there must be documents owing to the defendants' long-term involvement in the Project, and that the defendants have not made a sufficient search.   The defendant's response to the motion is the same as it was for request 15, that the documents are so far in the past that they do not exist, and if they did exist, they are protected by the attorney/client privilege.

The Court finds that the plaintiff has not shown that the defendant's responses with respect to Dr. Hodge and Dr. Whiteside are false, and will not compel a further response. However, the defendants' privilege log identified a category of documents related to Dr. Schwartz's dealings with Caicos Beach Club Charter, Ltd. Because the assertion of privilege is not supported by a proper privilege log, the Court will compel production of those documents.

Document request 31[3] seeks "All documents evidencing the current status of construction at the Project."  The defendants responded, "None."   Document request 32 seeks "All documents evidencing the estimated completion date for construction at the Project."  The defendants responded, "None."  Document request 33 seeks "All documents evidencing the current ownership of the Project."  The defendants responded, "None."

The motion to compel makes the same argument for each of these requests. The plaintiff asserts that the defendants have not demonstrated that they made a reasonable search. The defendants' response to the motion states that they have made the requisite search and there are no responsive documents.  The Court has already rejected this argument.

The plaintiff contends that the answer is false in light of the allegations and evidence provided by the plaintiff. The plaintiff's reply provides copies of the Turks & Caicos Corporate registry showing that the Rahls have been directors of High Point Organization Holding Company. (DE 195-11) The Court notes that the Rahls held these positions from November 1991 to October 1992, and the list contains the terms of other directors through 2007.

The plaintiff's reply also asserts that the Florida Department of State, Division of Corporations, lists Patricia Rahl

_____

[3] The plaintiff does not seek to compel documents for request 30.

as the Registered Agent for High Point Resorts Management, Inc., and High Point World Resort Condominium Association, Inc.  The plaintiff asserts that "these entities are somehow related to or are, in fact, part of the Rahl/Kirchgessner 'family' business that owns the Project."  (DE 195 p. 9) The Court notes that plaintiff's Exhibit C (DE 195-3) is a newspaper article written when the project in the Turks & Caicos was inaugurated, which states that High Point Organization Holdings built High Point World Resort at Kissimmee, Florida, in 1982 and has its own vacation properties in the Caribbean. The article implies, but is not clear about whether the High Point Organization which owns all these properties is the same legal entity engaged in the project in the Turks & Caicos.

Finally, the plaintiff contends that the $801,000 the Rahls earned from "the Turks and Caicos" must evidence a long term involvement with the Project.

The Court finds that these requests deal with the current status of the Project. None of the plaintiff's exhibits suggest that these defendants have documents which are responsive to these requests.  The Court will not compel production to requests 31, 32, and 33.

Document request 34 seeks "All documents evidencing ownership interest in all companies, entities, organizations, corporations, funds, projects, in which you participate, either directly or indirectly, and in any capacity, together with Kim

24

Francis Kirchgessner, Paul Kirchgessner Ronald Kirchgessner and/or Vito Saccone." The defendants responded "None." The motion to compel and the defendants' response assert the same arguments asserted for requests 31-33. The Court notes that this request is again a request for current information. The plaintiff has not provided any evidence showing that the Rahl defendants have any ownership interest in any of the entities. The defendants have stated that they have no such documents. The Court will deny the motion to compel a response to request 34.

Document request 35 seeks "All documents related to the ownership of High Point Organization Holding Company, Ltd., including but not limited to shareholders, stockholders, beneficial owner, officer and/or directors, including but not limited to any documents reflecting your ownership interest in the High Point Organization Holding Company, Ltd."

The defendants responded

> Objection. Patently irrelevant and not reasonably susceptible to the discovery of evidence related to the claims and defenses in this case. Plaintiff's lawsuit is about specific investment he made in a specific project in the Turks & Caicos which he alleges was owned by a company called Caicos Beach Club Charter, Ltd., at a specific time between 1993 and 2001. High Point Organization Holding Company, Ltd., is an entirely unrelated and separate legal entity with no association whatever with Caicos Beach Club Charter, Ltd. Responding to this demand would invade the privacy of persons and entities having no connection whatsoever to this case and who had no even remotely conceivable expectation that

25

their documents or information would be
disclosed in this case. Additionally, there
are no such documents in this defendant's
possession or under defendant's control.

The motion to compel asserts that documents produced by
the defendants show that the project was allegedly developed by this
entity. The defendants' response to the motion reasserts that
points raised in their response to the request, but adds that since
the plaintiff is not suing High Point Organization Holding Company,
Ltd., the Court should not permit a fishing expedition into all of
the entity's shareholders, stockholders, beneficial owners, officers
and/or directors.

The Court finds that the plaintiff has failed to show the
relevance of this information. Moreover, the defendants have stated
that they have no such documents. The Court will deny the motion
to compel request 35.

Document request 36 seeks "All documents related to
properties, companies, partnerships, fund, or other entities owned
by the High Point Organization Holding Company, Ltd."

The defendants responded

None in our possession or control. Objection.
Patently irrelevant and not reasonably
susceptible to the discovery of evidence related
to the claims and defenses in this case.
Plaintiff's lawsuit is about specific investment
he made in a specific project in the Turks &
Caicos which he alleges was owned by a company
called Caicos Beach Club Charter, Ltd., at a
specific time between 1993 and 2001. High Point
Organization Holding Company, Ltd., is an

> entirely unrelated and separate legal entity
> with no association whatever with Caicos Beach
> Club Charter, Ltd.  Responding to this demand
> would invade the privacy of persons and entities
> having no connection whatsoever to this case and
> who had no even remotely conceivable expectation
> that their documents or information would be
> disclosed in this case.

The motion to compel asserts that the defendants have not stated that they made a reasonable search; that the response is false in light of the plaintiff's evidence; that the defendants have raised blanket objections to discoverable material, and that High Point Organization Holding Company, Ltd., is connected to the entities in this case.  The defendants' response to the motion asserts that they made the requisite search and no such documents exist.

The Court finds that the plaintiff has failed to show the relevance of this information.  Moreover, the defendants have stated that they have no such documents.  The Court will deny the motion to compel request 36.

Document request 37 seeks "All documents identifying he management of the High Point Organization Holding Company, Ltd., including but not limited to organizational charts, and documents providing the names of its board of directors, officers and/or managers." The defendants responded

> None in our possession or control.  Objection.
> Patently irrelevant and not reasonably
> susceptible to the discovery of evidence related
> to the claims and defenses in this case.
> Plaintiff's lawsuit is about specific investment

27

he made in a specific project in the Turks &
Caicos which he alleges was owned by a company
called Caicos Beach Club Charter, Ltd., at a
specific time between 1993 and 2001. High Point
Organization Holding Company, Ltd., is an
entirely unrelated and separate legal entity
with no association whatever with Caicos Beach
Club Charter, Ltd. Responding to this demand
would invade the privacy of persons and entities
having no connection whatsoever to this case and
who had no even remotely conceivable expectation
that their documents or information would be
disclosed in this case.

The motion to compel raises the same arguments as in
request 36. The defendants' response to the motion mirrors the
response to number 36, but adds that the plaintiff is not suing the
Project, which he alleges is related to High Point Organization
Holding Company, Ltd. He is suing Caicos Beach Club Charter, Ltd.,
a defunct entity from whom he purchased club memberships. The
defendants also note that they have represented High Point
Organization Holding Company, Ltd., occasionally, and if any such
documents existed, the defendants would have to assert the
attorney/client privilege.

The Court finds that the plaintiff has failed to show the
relevance of this information. Moreover, the defendants have stated
that they have no such documents, and did not assert the attorney
client privilege. The Court will deny the motion to compel request
37.

Document request 38 seeks "All documents evidencing any
income or monies you received from the High Point Organization

Holding Company, Ltd., from 1992 to present." The defendants responded

> None in our possession or control. Objection. Patently irrelevant and not reasonably susceptible to the discovery of evidence related to the claims and defenses in this case. Plaintiff's lawsuit is about specific investment he made in a specific project in the Turks & Caicos which he alleges was owned by a company called Caicos Beach Club Charter, Ltd., at a specific time between 1993 and 2001. High Point Organization Holding Company, Ltd., is an entirely unrelated and separate legal entity with no association whatever with Caicos Beach Club Charter, Ltd. Responding to this demand would invade the privacy of persons and entities having no connection whatsoever to this case and who had no even remotely conceivable expectation that their documents or information would be disclosed in this case.

The motion to compel and the defendants' response mirror those for request 37. The Court finds that the plaintiff has failed to show the relevance of this information. Moreover, the defendants have stated that they have no such documents, and did not assert the attorney client privilege. The Court will deny the motion to compel request 38.

Document request 39 seeks "All documents identified in your Rule 26 Disclosures." The defendants responded, "Produced." The motion to compel states that the documents are not labeled as responsive to this request, thus the plaintiff cannot identify the responsive documents. The defendants' response to the motion states that the documents were hand-delivered in early November 2009, bear the identified DEF ID (for initial disclosure), and are numbered

sequentially and specifically labeled sufficiently to allow the plaintiff to identify them as produced in the Rule 26 disclosure. The plaintiff's reply does not dispute this assertion.  The Court will not compel a better response to request 39.

Document request 40 seeks "All documents supporting your Affirmative Defense set forth in Paragraph 109 (D.E. 69) that Counts I, II, IV, V, VI VII, VIII and IX are barred by the applicable Statute of Limitations." The defendants responded "Produced. See DEF RR (PFRP) 13-107."  The motion to compel describes these documents as maintenance/trip summaries, which are non-responsive to the request.  The defendants' response to the motion states that these are the relevant documents since they show that the plaintiff traveled to the Project numerous times and was at all relevant times on notice of the status of the Project and failed to take action on his claims.  The plaintiff's response does not dispute this assertion.  The Court will not compel a better response to number 40.

Document request 41 seeks "All documents supporting your Affirmative Defense set forth in paragraph 12 (D.E. 69) that Plaintiff ratified the transactions between and among the parties." The defendants responded, "Produced. See DEF RR (PFRP) 108-140." The motion to compel states that these are income tax returns for Maale and Kim Francis, thus this response is incomplete.  The defendants' response to the motion contends that the income and

deductions statements in these tax documents show that the plaintiff ratified the transactions.  The plaintiff's reply does not dispute this response.  The Court will not compel a better response to number 41.

Document request 43[4] seeks "All documents supporting your Affirmative defense set forth in paragraph 114 (D.E. 69) that Plaintiff's injuries were cause by his own acts and/or negligence and that he should be comparatively chargeable."  The defendants responded, "Produced.  See DEF RR (PFRP) 13-107."  The motion to compel states that these are maintenance/trip summaries which are non-responsive to the request. The defendants' response to the motion states that the plaintiff, who is a pilot, traveled to the Project and was at all relevant times on notice of the status of the Project and failed to take action on his claims within the applicable Statute of Limitations. The plaintiff's reply does not dispute this response.  The Court will not compel a better response to number 43.

Document request 44 seeks "All documents supporting your Affirmative Defense set forth in paragraph 115 (D.E. 69) that Plaintiff failed to mitigate damages."  The defendants responded, "Produced.  See DEF RR (PFRP) 13-107."   The motion to compel asserts that these time/maintenance records are not responsive.  The

---

[4] The plaintiff did not seek to compel a response to request 42.

defendants' response is the same as for request 44.  The plaintiff's reply does not dispute this response.  The Court will not compel a better response to number 44.

Document request 45 seeks "All documents supporting your Affirmative Defense set forth in paragraph 117 (D.E. 69) that Plaintiff has unclean hands and is therefore not entitled to any equitable remedy."  The defendants responded, "Produced.  See DEF RR (PFRP) 108-140."  The motion to compel argues that these income tax returns for Maale and Kim Francis are not responsive.  The defendants' response to the motion sets for the same argument is their response to number 41.  The plaintiff's reply does not dispute this assertion.  The Court will not compel a better response to number 45.

Document request 46 seeks "All documents supporting your Affirmative Defense set forth in paragraph 119 (D.E. 69) that only the Turks & Caicos law should be applied to this case."  The defendants responded "Produced.  See facsimile Contract attached to the Plaintiff's Amended Complaint."  The motion to compel contends that the defendants did not produce the document, and the document produced is not a contract executed by Maale.  The defendants' response to the motion argues that these are the documents the plaintiff attached to the Amended Complaint as facsimiles of the contracts he signed in connection with his alleged investments. The docments provide "This . . . Contract shall be interpreted under the

Laws of the Turks & Caicos Islands." The plaintiff's reply does not dispute this assertion. The Court will not compel a better response to number 46.

Document request 47 seeks "All documents supporting your Affirmative Defense set forth in paragraph 120 (DE 69) that the contract contains a forum selection clause." The defendants' response was identical to number 46. The motion to compel and the reply mirror number 46. The defendants' response to the motion does not discuss number 47. However, the response to number 46 includes the quotation from the plaintiff's exhibits to the amended complaint showing the contract says "[I]n the event of Litigation under this . . . Contract, jurisdiction shall lie solely within The Turks & Caicos Islands." The Court will not compel a better response to number 47.

Document request 48 seeks "All documents supporting your Affirmative Defense set forth in paragraph 124 (D.E. 69) that the contract at issue contains express limitations periods." The defendants responded, "Produced. See facsimile Contract attached to Plaintiff's Amended Complaint." The motion to compel is the same as the motion for request 46. The defendants' response to the motion states that the contract clearly lists the limitations periods. The plaintiff's reply does not dispute this assertion. The Court will not compel a better response to number 48. With the Court being advised, it is hereby

ORDERED AND ADJUDGED that the motion is GRANTED in part, DENIED in part, and DENIED WITHOUT PREJUDICE in part, as follows:

1.    The motion is GRANTED for document requests number 13, 15 for Dr. Schwartz, and 29 for Dr. Schwartz.  The defendants shall produce these documents no later than January 21, 2009.

2.    The motion is DENIED for document requests 3(2-6), 6-9, 11, 14, 15 for Drs. Hodge and Whiteside 16, 20, 21, 23, 24, 27, 29 for Drs. Hodge and Whiteside, 31-41, and 43-48.

3.    The motion is DENIED WITHOUT PREJUDICE for document requests 1, 2, 3(1), 4, 5, 10, 12, 17, 18, 19, 22, 25, 26 and 28. The defendants shall serve supplemental production or responses to these document requests no later than January 22, 2009.

DONE AND ORDERED at Fort Lauderdale, Florida, this 14th day of January, 2010.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
Gary A. Woodfield, Esq. (P)
Simeon Daniel Brier, Esq. (P)
Harriet R. Lewis, Esq. (Ds K.Kirchgessner, Rahl defendants)