```
                   UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF FLORIDA

               Case No. 08-80131-Civ-DIMITROULEAS/Snow
```

GERHARD EMIL MAALE, III,

    Plaintiff,

vs.

CAICOS BEACH CLUB CHARTER, LTD.,
RONALD KIRCHGESSNER, PAUL KIRCHGESSNER,
KIM FRANCIS KIRCHGESSNER, RAHL & RAHL, P.A.,
PATRICIA RAHL and BRIAN RAHL,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on the Plaintiff's Motion to Compel Responses to First Request for Production to Kim Francis (Docket Entry 184), which was referred to United States Magistrate Judge Lurana S. Snow. The motion states that in response to the plaintiff's first request for production to Kim Francis Kirchgessner (hereinafter "Kim Francis"), she provided 412 pages of unorganized documents which are mostly illegible and non-responsive.

Document request 1 seeks "All documents evidencing any investment by Plaintiff in the Project, any entity affiliated with the Project, or any real property located in the South Caicos Islanc, Turks & Caicos." The defendant responded, "None."

The motion to compel contends that the defendant has not shown that she made a reasonable search of all sources reasonably likely to contain responsive documents. The defendant's response

notes that Fed.R.Civ.P. 34(a)(1) requires a parties to produce documents in their "possession, custody or control."  "Control is defined not only as possession, but as the legal right to obtain the documents on demand." Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984).  The word "control" has a narrower meaning than "access to." Wiva v. Royal Dutch Petroleum Co.. 392 F.3d 812, 821 (5th Cir. 2004).

The plaintiff also contends that his amended complaint and evidence provided to the Court demonstrate Kim Francis' long-term involvement in the Project.  The amended complaint alleges that Ronald Kirchgessner is the principal owner of the project, which is described in its literature as being developed by "The High Point Organization." (DE 36 ¶ 17)   "The High Point Organization" is alleged to be an informal organization comprised of Ronald Kirchgessner, Paul Kirchgessner, Patricial Rahl and Brian Rahl. Id.  The Court notes that neither the amended complaint nor the attached exhibits allege or demonstrate that Kim Francis held any position in any entity involved in the Project.

The amended complaint alleges that Kim Francis is the daughter of Ronald Kirchgessner, and that she was married to the plaintiff until 2007, when they were divorced. The plaintiff alleges that all of these defendants made representations to him which caused him to make repeated investments in the Caicos Beach Club Charter, Ltd. The Court notes that the exhibits to the amended

2

complaint show that the plaintiff's investments were made from a bank account held solely in the plaintiff's name. (DE 36-1)  The Court finds that the plaintiff's allegations and evidence are insufficient to show that Kim Francis would have documents in her possession, custody or control related to the plaintiff's investments in the Project or any other real property located in the South Caicos Island. Hubbard v. Potter, 247 F.R.D. 27, 29 (D.D.C. 2008)("Speculation that there is more [evidence in a party's possession or control] will not suffice; if the theoretical possibility that more documents exist sufficed to justify additional discovery, discovery would never end.") Accordingly, the Court will deny the motion to compel documents responsive to request 1.

The defendant made the same response to document requests 2 - 12, 14 - 21, and 23 - 32.  The plaintiff makes the same two arguments to compel production of responsive documents.  Based on the above analysis, the Court will not compel production of documents responsive to these requests.

Document request 13 seeks "All documents which evidence all travel by you to and from the Turks and Caicos from 1992 to present."  The defendant responded "Produced.  I do not know precisely when I was there, but I was there on only a few occasions.  See Documents DEF KK (PFRP) 1-95, which may include the very few trips that I took there."  The motion to compel argues

that the date of the trips to the Turks and Caicos in which Kim Francis participated are alleged in the amended complaint, and that this evasive answer is meant to continue the fraud. The defendant's response to the motion states that these documents are the flight records of the plane used by the Maales to travel to the Turks and Caicos, and are the only documents in Kim Francis' possession and control, after a reasonable search, which evidence her travels. The plaintiff did not file a reply disputing this assertion.[1] The Court will not compel a response to request 13.

Request 22 seeks "All documents that identify any individual and/or entities who have an interest, either directly or indirectly, in the Project or any entity affiliated with the Project." The defendant responded "Produced. See Documents DEF KK (PFRP) 96-216." The motion to compel asserts this is a copy of the Final Decree of Divorce issued by the Texas court in 2007, which is not responsive to the request. The defendant's response to the motion states that Kim Francis supplemented her response to state that she "has no documents in her custody, control or possession that identify any individual or entity who has an interest in the

---

[1] Docket Entry 195 was docketed by counsel as "REPLY to Response to Motion re 184 Plaintiff's MOTION to *Compel Responses First Request for Production to Kim Francis*, 185 Plaintiff's MOTION to compel *Responses to First Request for Production to Rahl Defendants* . . ." However, the document filed at DE 195 is entitled "Plaintiff's Reply to Rahl Defendants Response to Motion to Compel," and does not discuss the instant motion to compel There is no separate reply to the instant motion to compel.

4

Project or any entity affiliated, and to indicate that she has conducted a search for documents responsive to this request and has located no such documents." The Court will not compel a better response to request 22.

Request 33 seeks "All documents identified in your Rule 26 Disclosures." The defendant responded "Produced. See Documents DEF KK ID 1-678. The motion to compel contends that the defendant produced documents identified as DEF KK (PFRP) 1-412, but no documents identified as DEF KK ID 1-678. The plaintiff notes that he did receive documents Bates-stamped DEF ID 1-678, which are mostly illegible and non-responsive. The defendant's response to the motion states that this was a clerical error and that these same 678 documents will be identified as DEF KK ID 1-678 in "the Supplemental [sic.]" [2] The Court notes that the defendant's response is unclear regarding whether the documents were produced again with a different identification or whether a supplemental response identified the previously-produced documents as DEF KK ID 1-678. After the supplemental response, the plaintiff did not file a reply supporting the motion to compel better production. The Court will deny the motion to compel a better response to request 33.

---

[2] The defendant's response to the motion to compel documents responsive to request 37 states that a supplemental response, including a supplemental production of documents, was served on the day the response to the motion to compel was filed.

Document request 35[3] seeks "All Documents supporting paragraph 31 of Count I of your Second Amended Counterclaim for Wrongful Civil Proceedings that this action is without merit in law or in fact." The defendant responded "Plaintiff's claims of fraud were dismissed with prejudice. Produced. See Documents DEF KK (PFRP) 1-369; DEF KK ID 1-678. See also documents in Plaintiff's possession, custody or control identified in Defendant's response to request 34."

The motion to compel contends that documents DEF KK (PFRP) 1-95, the plane's time/maintenance records, are not responsive, and that the Divorce decree [previously identified as 96-216] does not "adjudicate" any of the allegations in Kim Francis Second Amended Counterclaim for Wrongful Civil proceedings. The defendant's response to the motion states that the documents demonstrate that the plaintiff was aware that his claims of fraud were without merit, since the same claims had been dismissed in the Texas divorce proceeding. The Court will not compel a better response to request 35.

Request 36 seeks "All documents supporting paragraph 32 of Count I of your Second Amended Counterclaim for Wrongful Civil Proceedings that Maale had no reasonable belief in the valid [sic] of the claims asserted in this action." The defendant responded

---

[3] The motion to compel does not seek to compel documents responsive to request 34.

"Plaintiff's claims of fraud were dismissed with prejudice. Produced. See Documents produced in response to request 35." The motion to compel and the defendant's response make the same arguments proffered for request 35. The Court will deny the motion to compel better production to request 36.

Request 37 seeks "Legible copies of the check attached to the second Amended Counterclaim in support of Count II for Conversion." The defendant responded "Plaintiff's claims of fraud were dismissed with prejudice. See Documents DEF KK (PFRP) 370-371." The motion to compel states that those documents are specifically missing from the production of documents. Nor has the defendant provided a privilege log for documents withheld on the basis of privilege.[4] The defendant's response to the motion states that the copies were inadvertently omitted from production and were produced as part of the supplemental production served this day. The response also was modified to delete the first sentence of the previous response. The defendant notes that the only copies of checks in her possession were filed with the Second Amended Counterclaim. The Court will deny as moot the motion to compel a better response to request 37.

---

[4] The motion to compel asserts that since no privilege log was provided, a privilege has been improperly invoked for documents DEF KK (PFRP) 370-371 and 373-374, neither of which was served with the response to the requests for production. As discussed in the rest of the above paragraph, the defendant did not assert a privilege, so the Court need not address this issue.

Request 38 seeks "All documents supporting paragraph 35 of your Second Amended Counterclaim for Conversion that Maale deposited the checks in his own account and without your permission." The defendant responded "Plaintiff's claims of fraud were dismissed without prejudice. Produced. See Documents DEF KK (PFRP) 372-374." The motion to compel asserts that documents 373-374 were not produced. The plaintiff argues that document 372, which is a letter from Teresa Clark Evans to Mark Nacol, alleging monies owed by Maale to Kim Francis, is non-responsive since there is no support for such a position. The defendant's response to the motion states that the Supplemental Response clarified that there are no documents Bates-stamped 373-374, and refers to other Bates-stamped documents which are responsive to this request, and states that the first sentence of the previous response had been deleted. The Court will not compel a better response to request 38.

Request 39 seeks "All documents supporting paragraph 39 of Count III of your Second Amended Counterclaim for Slander that you have outstanding reputation as to both skills and ethics." The defendant responded "Documents responsive to this request are being assembled, and will be supplied as a supplement when they are received." The motion to compel, filed 19 days after the defendant served her responses to the requests for production, states that no documents had yet been produced for request 39. The defendant's response to the motion states that responsive documents were served

on the day the response to the motion was filed. The Court will deny the motion compel a response to request 39.

Kim Francis' response to requests 40, 42, 43, 45 and 46[5] was "None." The motion to compel asserts that the defendant has failed to demonstrate that she made a reasonable search of all sources reasonably likely to contain responsive documents. As discussed above, the Court rejects this argument and will not compel responses to these requests.

Request 48[6] seeks "All documents supporting your Affirmative Defense set forth on paragraph 112 (D.E. 68) that Counts I, II, VI, VII and VIII are subject to the community property law and judicial remedies in the divorce court in Texas." The defendant responded "Pertinent Texas community property statutes are published and therefore are readily available to Plaintiff." The motion to compel asserts that the defendant has not provided a response to the request. The defendant's response to the motion contends that the plaintiff is represented by a Texas attorney knowledgeable of the laws of the state of Texas, thus the information is as readily available to him as to the defendant.

The request seeks documents. The defendant's response in

---

[5] The plaintiff did not seek to compel documents responsive to requests 41 and 44.

[6] The motion to compel quotes the document request and the defendant's response for request 47, but then states that the request is not the subject of this motion to compel.

unclear as to whether or not there are responsive documents other than the statutes and law governing Texas community property law. "[T]he coercive power of discovery can be invoked to uncover facts, but the task of researching the law is left to the parties themselves." Indiana Coal Council v. Hodel, 118 F.R.D. 264, 266 (D.D.C. 1988). The defendant is not required to provide legal research to the plaintiff. However, the Court will compel the defendant to respond regarding whether or not other documents exist which are responsive to this request.

Request 49 seeks "All documents supporting your Affirmative Defense set forth in paragraph 114 (D.E. 68) that Plaintiff's injuries were caused by his own acts and/or negligence and that he should be comparatively chargeable." The defendant responded "Produced. See Documents DEF KK (PFRP) 1-95." The motion to compel asserts that these maintenance/trip summaries are not responsive to the request. The defendant's response to the motion states that these documents, plus the supplemental response served this date of DEF KK (PFRP) 96-222, show the plaintiff's ongoing knowledge of the status of the project and his failure despite this knowledge. The Court will not compel a better response to request 49.

Request 50 seeks "All documents supporting your Affirmative Defense set forth in paragraph 115 (D.E. 68) that Plaintiff ratified the transactions between and among the parties."

The defendant responded "Produced.  See Documents DEF KK (PFRP) 375-407."  The motion to compel contends that these are income tax returns from 2001 and 2003, and thus are non-responsive.  The defendant's response to the motion states that these documents, plus the supplemental response served this day of DEF KK (PFRP) 1-95, the time/maintenance records, demonstrate the plaintiff's frequent trips to the Turks & Caicos from 2000-2002, his knowledge of the status of the project, and his failure to act despite this knowledge.  The Court will not compel a better response to request 50.

Document request 52[7] seeks "All documents supporting your Affirmative Defense set forth in paragraph 118 (D.E. 68) that Plaintiff has unclean hands and is therefore not entitled to any equitable remedy."  The defendant responded "Produced.  See Documents DEF KK (PFRP) 375-407."  The motion to compel asserts that these are  income tax returns from 2001 and 2003, and thus are non-responsive.  The defendant's response to the motion contends that these documents, plus the supplemental response served today of DEF KK (PFRP) 96-222, the divorce decree, and DEF KK 413-[no number given], which are excerpts form the deposition of the plaintiff found at DE 717-4 and DE 182-2, demonstrate that the plaintiff took frequent trips to the Turks and Caicos, his ongoing

---

[7] The plaintiff did not seek to compel documents responsive to request 51.

11

knowledge of the status of the Project, and his failure to take any action despite this knowledge, at any relevant time.  The Court will not compel better production for request 52.

Request 53 seeks "All documents supporting your Affirmative Defense set forth in paragraph 119 (D.E. 68) that Turks and Caicos law should be applied to this case."  The defendant responded "Produced.  See Documents DEF KK (PFRP) 408-412."  The motion to compel asserts that these documents are not responsive since they are an unsigned/unexecuted/blank Forward Purchase Contract that does not contain any information regarding the plaintiff.  The defendant's response to the motion states that this is a copy of the document attached to the plaintiff's Complaint as Exhibit A Paragraph 12, which provides that the contract shall be interpreted according to the laws of the Turks and Caicos.  The Court will not compel a better response to request 53.  With the Court being advised, it is hereby

ORDERED AND ADJUDGED that the motion is GRANTED IN PART and DENIED IN PART as follows:

1.   The motion to compel is GRANTED for document request 48.  The defendant shall, on or before January 22, 2009, respond either that no responsive documents exist other than those comprising legal research, or produce the responsive documents.

2.   The motion to compel is DENIED for document requests 1-33, 35-40, 42, 43, 45, 46, 49, 50, 52 and 53.

DONE AND ORDERED at Fort Lauderdale, Florida, this 19th day of January, 2010.

                                               LURANA S. SNOW
                                               UNITED STATES MAGISTRATE JUDGE

Copies to:

Gary A. Woodfield, Esq. (P)
Simeon Daniel Brier, Esq. (P)
Harriet R. Lewis, Esq. (Ds K.Kirchgessner, Rahl defendants)