UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 08-80131-CIV- DIMITROULEAS  SNOW

GERHARD EMIL MAALE, III,

      Plaintiff,

v.

KIM FRANCIS KIRCHGESSNER, et al

      Defendants.

_____/

## DEFENDANTS', PATRICIA RAHL, BRIAN RAHL, AND RAHL & RAHL, P.A., MOTION TO REOPEN CASE FOR CONSIDERATION OF COUNTERCLAIM; PENDING MOTIONS FOR RULE 11 SANCTIONS; DETERMINATION OF AMOUNT OF ATTORNEY'S FEES RELATED TO DISCOVERY SANCTION ORDER; AND FOR THE ENTRY OF AN AWARD OF FEES AND COSTS

Defendants BRIAN RAHL, PATRICIA RAHL and RAHL & RAHL, P.A., (hereinafter referred to as the RAHLS or the RAHL Defendants) by and through their undersigned attorneys, and pursuant to (D.E. 436).

## INTRODUCTION

On July 15, 2010, this Court entered a Final Judgment (D.E. 529) which provides, inter alia that "[t]he Clerk shall **CLOSE** this case and **DENY** all pending motions as moot."   The Defendants respectfully point out to the Court that there are three pending matters before the Court that merit consideration, and request that the Court reopen the case to consider these matters:

1.    Defendant/Counter Plaintiff, Kim Kirchgessner, has a Counter Claim pending against Plaintiff/Counter Defendant, Gerhard Maale (D.E. 128) which has not been adjudicated by the Court.

2.    Defendants have pending Motions for Rule 11 Sanctions (D.E. 514 and D.E. 515) which have not been rendered moot by the entry of a Summary Judgment.

3.    Defendants have submitted an affidavit of attorney's fees (D.E. 500) in accordance with this Court's Order imposing discovery sanctions (D.E. 494).

Furthermore, Rule 54 Fed. R. Civ. P. provides the Defendants with the opportunity to file Motions for costs and after the entry of the final judgment in this case. To the extent that closure of the file would prevent filing of such a Motion, Defendants request permission to file their Motion within the established timeframe.

## MEMORANDUM OF LAW

Defendant/Counter Plaintiff, Kim Kirchgessner's Counter Claim against Plaintiff/Counter Defendant, Gerhard Maale (D.E. 128) contains three counts: Wrongful Civil Proceedings; Conversion and Slander Per Se. The Plaintiff/Counter Defendant has answered the Counter Claim (D.E. 151), and the matter is at issue. This Court has not made a determination regarding the exercise of these state law claims in the Order (D.E. 528) or the Final Judgment (D.E. 529). It is within the discretion of the Court to exercise supplemental jurisdiction, and Kirchgessner urges this Court to exercise continued jurisdiction over her Counter-Claim.

The Defendants submit that their Motions for Rule 11 Sanctions (D.E. 514 and D.E. 515) have not been rendered moot by the entry of the Summary Judgment in their favor. The Motions were timely served upon the Plaintiff. The required 21 day "safe harbor" period expired on June

2

30, 2010.  The Summary Judgment was entered on July 14, 2010, and the Final Judgment was

issued on July 15, 2010.  Because the 21 day "safe harbor" period expired before the entry of the

judgment, the Court retains jurisdiction to consider the merits of the Motions for Rule 11

sanctions, and in fact the motions were referred to Magistrate Judge Snow for consideration on

July 7, 2010 (D.E. 518).   "A party must ... serve a Rule 11 motion on the allegedly offending

party *at least* twenty-one days prior to conclusion of the case or judicial rejection of the

offending contention." *Ridder v. City of Springfield*, 109 F.3d 288, 295 (6th Cir.1997) (emphases

added).

> The Supreme Court has specifically recognized the power of a
> district court to impose Rule 11 sanctions after a case has been
> dismissed-even where, as in the instant case, the plaintiff
> voluntarily sought dismissal. *Cooter & Gell v. Hartmarx Corp.,*
> 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). The Court
> recognized that "[i]t is well established that a federal court may
> consider collateral issues after an action is no longer
> pending...[l]ike the imposition of costs, attorney's fees, and
> contempt sanctions, the imposition of a Rule 11 sanction is not a
> judgment on the merits of an action...Such a determination may be
> made after the principal suit has been terminated." *Id* at 395-96,
> 110 S.Ct. 2447. The Court's interpretation of Rule 11 was guided
> by the statutory purpose of the rule-deterring abuses of the judicial
> system. *Id* at 397, 110 S.Ct. 2447. The Court rejected the
> petitioner's claim that the district court had no jurisdiction to issue
> Rule 11 findings after the voluntary dismissal of the case. *Id* at
> 398, 110 S.Ct. 2447/

*de la Fuente v. DCI Telecommunications, Inc.*, 259 F. Supp. 2d 250, 257-258 (S.D.N.Y. 2003.

Plaintiff himself recognizes the propriety of this Court determining the Motions for Rule

11 Sanctions after the case is decided.  On July 12, 2010, he filed a Motion for Expedited

Enlargement of Time to Respond to, or In the Alternative, Motion to Stay Defendants' Motions

for Sanctions. (D.E 524) In that Motion he stated: "In order to avoid piecemeal litigation and

unnecessary duplication of effort, good cause exists for extending the current deadline, or

alternatively granting a stay, for responding to Defendants' Motion for Sanctions until after the merits of this case are decided. *See Walsh v. Sage*, 2006 WL 3755302, *1 (S.D. Fla. 2010) (granting stay of Defendant's Motion for Sanctions where pending cross-motions for summary judgment had not been disposed and the Court wanted "to avoid piecemeal litigation and unnecessary duplication of effort.")

In accordance with this Court's previous Order imposing discovery sanctions (D.E. 494), there is currently pending before the court an affidavit of Defendants' attorney's fees. Plaintiff has filed objections (D.E. 521) and Defendants have responded (D.E. 525). The determination of such fees should not be mooted by the entry of the Final Judgment, as it relates to an Order entered previously by the Court.

Although it is the undersigned's understanding from previous litigation in this Division that the Court will entertain Rule 54 Motions after a case has been closed, in an abundance of caution, the Defendants seek clarification that the closure will not impair their ability to seek Rule 54 costs and fees.

## CONCLUSION

Based upon the foregoing the Defendants move this Court for an Order reopening the case for consideration of Kirchgessner's Counter-Claim; consideration of the Defendants' Motions for Rule 11 Sanctions; and determination of attorney's fee for discovery sanctions. Furthermore, Defendants seeks clarification concerning the filing of Rule 54 Motions.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues and have been advised that Plaintiff objects to this Motion.

Dated:  July 16, 2010                                  Respectfully submitted,
Boca Raton, FL 33431

                                                        /s/ Harriet R. Lewis
                                                       HARRIET R. LEWIS (FBN 331015)
                                                       hlewis@lsdlaw.net
                                                       Lewis Stroud & Deutsch, P.L.
                                                       1900 Glades Road, #251
                                                       Boca Raton, FL 33431
                                                       Telephone:    (561) 826 2800
                                                       Facsimile:    (561) 826 2828
                                                       Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of July, 2010, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

                                                       /s/ Harriet R. Lewis
                                                       HARRIET R. LEWIS (FBN: 331015)

## SERVICE LIST

Ryon Michael McCabe, Esquire
Adam Todd Rabin, Esquire
McCabe Rabin, P.A.
1601 Forum Pl, Ste. 301
West Palm Beach, FL 33401-8102
Telephone:     561.659.7878
Facsimile:     561.242.4848
e-mail: rmccabe@mccaberabin.com
e-mail:arabin@mccaberabin.com
**COUNSEL FOR PLAINTIFF**

Harriet R. Lewis
Gary K. Oldehoff, Esquire
Lewis, Stroud & Deutsch, P.L.
1900 Glades Road-Suite 251
Boca Raton, FL 33431
Telephone: 561.826.2800
Facsimile: 561.826.2828
e-mail: hlewis@lsdlaw.net
e-mail: goldehoff@lsdlaw.net
**DEFENDANTS
KIM KIRCHGESSNER, RAHL &
RAHL, P.A., PATRICIA RAHL
AND BRIAN RAHL**

Bruce S. Rogow, Esquire
Broward Financial Centre
500 East Broward Boulevard
Suite 1930
Fort Lauderdale, Fl. 33394
Telephone:     954.767-8909
Facsimile:     954.764-1530
brogow@rogowlaw.com
**COUNSEL FOR DEFENDANTS
KIM KIRCHGESSNER, RAHL &
RAHL, P.A., PATRICIA RAHL
AND BRIAN RAHL**