UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

GERHARD EMIL MAALE, III,

        Plaintiff,

v.

                                        Case No. 08-80131-CIV-
                                               DIMITROULEAS/
                                               SNOW

KIM FRANCIS
KIRCHGESSNER, et al

        Defendants.

_____/

**<u>DEFENDANTS' REPLY TO OMNIBUS RESPONSE OF EDWARDS ANGELL PALMER &
DODGE LLP IN OPPOSITION TO DEFENDANTS' MOTIONS
FOR RULE 11 SANCTIONS</u>**

       Defendant, PATRICIA RAHL, BRIAN RAHL, RAHL & RAHL, P.A. and KIM

KIRCHGESSNER, by and through their undersigned counsel, and in accordance with Local Rule

7.1, reply to Edwards Angell Palmer & Dodge's (EAPD) Response (D.E. 551) to their Motion for

Rule 11 Sanctions (D.E. 514 and 515), as follows:

<u>**INTRODUCTION**</u>

       EADP has submitted a separate Response to Defendants' Rule 11 Motions. This Reply is

filed on behalf of all of the Defendants. The Defendants incorporate their previously filed Replies

to McCabe Rabin's Response (D.E. 559 and D.E. 560) and MAALE's Response (D.E. 558).

       The Rule 11 process was commenced by the Defendants by delivering a courtesy letter to

EAPD and MCCABE on June 2, 2010. Neither firm replied. On June 9, both firms were served

with the Motions for Rule Sanctions. In response, both firms submitted letters to the Defendants'

counsel opposing the filing of the Motions, and on June 28, 2010, MCCABE filed a Fourth

Amended Complaint.   Although EAPD claims that "the Fourth Amended Complaint does not include the allegations about which Defendants complained in their proposed Rule 11 Motions" (D.E. 551, p. 3), that is not the case.   The Fourth Amended Complaint removed only two of the unfounded allegations, and only partially addressed the claims for damages.   These matters are discussed fully in the Rahl Reply (D.E. 559, p. 7).   After receipt of the June 30, 2010 letters, Defendants served their Rule 11 Motions.

## MEMORANDUM OF LAW

**I.      Sanctions Are Authorized and Should be Imposed Against EAPD**

EAPD's first argument is that after April 28, 2010, they took no action in this case, and did not control the course of the litigation.[1]   EAPD alleges that they were thus "powerless to act during the Safe Harbor" period, and accordingly they should not be sanctioned.   At the time that EAPD entered into a stipulation for substitution of counsel with McCabe Rabin, EAPD had been representing the Plaintiff, MAALE for over two years in this litigation.   EAPD itself filed the Third Amended Complaint, which was the pleading in effect at the time the Defendants prepared and served the Motion for Rule 11 Sanctions.

EAPD cites only one case to support its argument that it should not be sanctioned.   Notably, EAPD does not argue that it cannot be sanctioned, implicitly recognizing the Court's authority to sanction former counsel under appropriate circumstances. The case cited by EAPD, *Bakker v. Grutman*, 942 F. 2d 236, 238-39 (4th Cir. 1991), bears little resemblance to the present case and certainly is not controlling.   In *Bakker*, original counsel filed the Complaint in state court.   Two weeks later it was removed to federal court.   Weeks later, and before original counsel filed any

---

[1] Until August 18, 2010, EAPD has continued to represent MAALE in a related case, *Maale v. Rahl & Rahl*, 06CA005526XXXXMBAN (15th Judicial Circuit Court in and for Palm Beach County, Florida).

papers in federal court, they withdrew.  Since Rule 11 sanctions cannot be applied to actions taken in state court, the Fourth Circuit found that the representation in the federal court was so minimal, or even non-existent, that sanctions would not be imposed on withdrawn counsel. *Id.* at 239.

The Eleventh Circuit case, *Turner v. Sungard Bus. Sys., Inc.,* 91 F.3d 1418, 1420 (11th Cir. 1996) is more instructive.  In that case the defendants filed motions for sanctions against the plaintiff, his current counsel and his former counsel.  The Court considered awarding sanctions against all three, but ultimately declined to award sanctions against the former attorney, finding that the he "made some investigation of [plaintiff's] claim and withdrew when he learned [plaintiff's] claim was meritless." *Id.* at 1420.  The Court found that the plaintiff's former counsel had withdrawn from the case "after plaintiff informed him that, regardless of his advice, the plaintiff desired to pursue the matter through other representation." *Id.* at 1420.  Clearly that is not the situation in the instant case, where EAPD vigorously pursued these claims against the Defendants for over two years, and apparently withdrew only because the lead counsel left the firm.

Similarly, in *Bynum v. Michigan State Univ.,* 117 F.R.D. 94 (W.D. Mich. 1987), the defendants sought fees and costs from three attorneys who had represented the plaintiff.  After reviewing the activities of all three attorneys, the court awarded sanctions against the initial attorney who had filed the complaint and the third attorney who had pursued the claim.  In finding the initial attorney responsible, the court found that "[c]ertain portions of plaintiff's complaint demonstrate a complete failure to make adequate inquiry into the law before filing suit." *Id.* at 98-99.  See also, *Ezell v. Lincoln Elec. Co.,* 119 F.R.D. 645, 647-648 (S.D. Miss. 1988) aff'd, 863 F.2d 880 (5th Cir. 1988) (Court recognized possible grounds supporting the imposition of sanctions against plaintiff's local counsel at the time this cause was initiated, while declining to impose sanctions on plaintiff's present counsel).

To decide a Rule 11 sanction motion, the court will examine the particular circumstances of a case. The standard is an objective one – courts must determine whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified. *Kaplan v. Daimler Chrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003). The circumstances of this case clearly support the imposition of sanctions on EAPD. EAPD litigated this case vigorously for over two years, and shortly after their Second Amended Complaint was dismissed as to all the Defendants, they prepared and filed a Third Amended Complaint (D.E. 359). The same day they filed a Motion for Substitution of Counsel (D.E. 355). Case law does not support the concept that an attorney can escape the obligations of Rule 11 by merely walking away from a case, and to allow that would violate both the spirit and intent of Rule 11. "[N]othing in either Fed. R. Civ. P. 11 or 28 U.S.C. §1927 limits a court's discretion to penalize only those lawyers who remain active on a case at the time the sanction is imposed." *Lepucki v. VanWormer*, 765 F. 2d 86 (7th Cir. 1985).

## II.     There was no basis for EAPD's belief that Dr. MAALE's claims were not time barred.

On this point, EAPD's argument is three-fold: they reasonably believed that MAALE"s claims were not time barred because MAALE contended he did not discover actionable claims until 2007; the Court's Order denying the Motion to Dismiss support their claim of reasonable inquiry; and they were entitled to rely on the undecided Motion for Spoliation. None of these arguments support their position.

a.     EAPD was not justified on relying on MAALE's "contentions". There is demonstrable evidence in the record to establish that MAALE's claims of discovery of the alleged fraud in 2007 are untrue. In conjunction with his divorce case, MAALE had in his possession as early as 2006 a letter from an attorney in the Turks & Caicos explaining that the company was no

longer in existence and that MAALE had no interest in the membership units in the Turks & Caicos. The detailed evidence is set forth on page 6 of KIRCHGESSNER's Reply (D.E. 560). Additionally, had EAPD investigated the divorce case, as well they might have as the MAALE attorneys at that time in proceedings related to the divorce (see footnote 1, supra), as a reasonable attorney would have, particularly given that Texas is a community property state, they would have discovered all these claims had been dealt with in the divorce case.

b.      On three separate occasions, EAPD raised the argument that this Court should not even consider Defendants' arguments of statute of limitations (as well as collateral estoppel, res judicata) at the Motion to Dismiss stage. "In response, Plaintiff argues that the statute of limitations arguments cannot be decided on a motion to dismiss as there are factual issues relating to equitable tolling and the appropriate accrual date for the causes of action." (D.E. 497).

EAPD now argues that the Court's order on Defendants' Motion to Dismiss the Third Amended Complaint supports the conclusion that EAPD met the requisite standard of care required by Rule 11. (D.E. 497 at 12 -13). EAPD's argument overlooks the context of the quoted language, and notably omits relevant portions of the court's reasoning (excerpts quoted by EAPD are underlined):

> The Court concludes that the claims for unjust enrichment, breach of fiduciary duty, and negligence are not subject to dismissal at this stage in the litigation on the grounds of the statute of limitations. As this Court previously noted, the statute of limitations defenses cannot be heard on a motion to dismiss unless the Complaint shows on its face that the period has run. Josef's of Palm Beach, Inc. v. Southern Inv. Co., 349 F. Supp. 1057, 1058 (S.D. Fla. 1972). The Court is not persuaded that the statute of limitations can be determined on the face of the Complaint, given the allegations that Plaintiff did not discover his causes of action until June of 2007. Instead, the Court finds there is a genuine issue as to whether equitable tolling principles would apply to such claims.
>
> Based upon these allegations, the Court concludes that there are factual issues as to whether equitable circumstances prevented Plaintiff from filing this action any

sooner. Therefore, the Court declines to dismiss the claims for unjust enrichment, breach of fiduciary duty and negligence at this stage in the litigation based upon the statute of limitations.

These quoted sections of the Order support nothing more than that at the Motion to Dismiss stage, the Court applied the correct rule of law. Furthermore, the quoted language refers only to the Counts for Unjust Enrichment, Breach of Fiduciary Duty and Negligence, not to the Federal RICO count.

c.      EAPD posits that they are entitled to rely on a Motion for Sanctions for Spoliation[2], which was not ruled upon by the court, because there was a "possibility that the Court could grant the Motion and impose a mandatory presumption that the destroyed evidence would have further supported Dr. Maales' claims." This is pure speculation on EAPD's part, and no authority is offered to support this argument.

### III.    The Summary Judgment Record Does Not Support EAPD's Belief That There Was a Reasonable Basis for Contending that MAALE's Claims Were Not Time Barred.

a.      EAPD claims that they were not involved in this case at the time Defendants filed their Motions for Summary Judgment, so it is somewhat curious that they are attempting to rely on the contents of a Motion filed after they withdrew to support their position that they had a reasonable basis to assert MAALE's claims. Nonetheless, EAPD argues that "[a]lthough the Court's finding (sic) of fact were adverse to Dr. Maale, Defendants never asserted that they were undisputed. EAPD therefore had a reasonable basis for asserting that the claims were not time-barred." (D.E. 551, p. 7).

EAPD's suggestion is disingenuous at best, and completely irrelevant. MAALE never contested these findings - each of these three findings is based upon the sworn testimony of

---

[2] Notably, the Motion was directed to Rahls' email records from 2005 forward, a time period temporally remote from the fraud allegations in this case by almost ten years.

MAALE, which is referenced with pinpoint citations in the Motions for Summary Judgment. EAPD is elevating form over substance by claiming Defendants did not claim these facts were undisputed because they are not set forth on the Statement of Undisputed Facts. Notably, the Court's second finding is included in the Defendants' Undisputed Statement of Facts (D.E. 432, Paragraph 68: "MAALE has known since the end of December 2001 that he received no money from the proceeds of the sale of the house in the Bahamas. (App. A, p. 161)". Both of the Court's other findings are based on the sworn testimony of MAALE, of which EAPD had knowledge for at least five months prior to filing the Third Amended Complaint. With regard to these findings, the Court prefaces its findings by stating: "Further, by his [MAALE's] own admission and allegations," (D.E. 528, p. 15) and cites to (D.E. 432-2, p. 70, 68 and 69), Gerhard Maale's sworn deposition taken November 24, 2009.

b.   **EAPD is Not Entitled to Rely on MAALE's Facts**

In this section, EAPD argues that MAALE's averments made _after_ their withdrawal demonstrate a reasonable basis for EAPD's assertion that his claims were timely and that they were entitled to, and did, rely on MAALE's statements. Once again, it is nonsensical to argue that EAPD relied on statements made after their withdrawal to support their actions during the case. To support this position, EAPD cites _Edmonds v. Gilmore_, 988 F. Supp. 948, 957-58 (D.E. Va. 1997). _Edmonds_ involves a pro se plaintiff against whom Rule 11 sanction were sought, and does not involve reliance of a client's statements, nor is there any discussion in the case that "lawyers are entitled to rely upon the statement of their client, even if the statements are disputed or ambiguous". In the Eleventh Circuit, "under Rule 11, an attorney must make a reasonable inquiry into both the legal and factual basis of a claim prior to filing suit" and "an attorney cannot simply rely on the

conclusory representations of a client, even if the client is a long-time friend." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1255 (11th Cir. 1996).

Further, at the time of filing the Third Amended Complaint EAPD knew of facts to the contrary, based on MAALE's deposition at which they represented him. To demonstrate that MAALE's statements formed a reasonable basis for EAPD's belief that the claims were not time barred, EAPD cites to MAALE's June 14, 2010 declaration, claiming that prior to 2010, no one ever told Dr. Maale that the "Caicos Beach Club Charter, Ltd had gone out of business, had defaulted on its land lease or had become defunct" and that he "learned of these facts for the first time when Patricia Rahl testified in deposition in January of 2010." (D.E. 489, ¶4). The record in this case reveals that this statement is demonstrably untrue, and that EAPD knew it was not true for three separate and distinct reasons. First, in the instant case, more than a year earlier on March 10, 2009, Patricia Rahl filed a Declaration Under Penalty of Perjury (D.E. 109-1) which included the information that Caicos Beach Club Charter, Ltd. was no longer in existence as it had been "stricken" from the corporate records of the Turks & Caicos Islands. Second, MAALE's June 14, 2010 declaration under penalty of perjury is simply not true. It was unreasonable for EAPD to rely on MAALE's statements because EAPD themselves were aware of the record in the instant case, in particular Patricia Rahl's Declaration (D.E. 109-1) and the Magistrate's June 6, 2009 Report and Recommendation that recognized Caicos Beach Club Charter, Ltd. was a dissolved corporation: "an attempt of service [by EAPD] in December 2008 revealed that the defendant had been stricken from The Turks and Caicos Company Registry" (D.E. 122).

Third, as discussed above, during the Texas divorce discovery period in 2005-2006, MAALE had possession of a letter dated March 10, 2006 from Kevin Coupland, Esquire, re Mr. and Mrs. Maale and Caicos Beach Club Resort, which letter MAALE himself listed as an exhibit in his divorce case.

8

This letter, which was available to EAPD[3] even before they instituted the instant case, demonstrates that MAALE was aware that the Caicos Beach Club Charter, Ltd. was a struck corporation, that the initial business plan failed, that the company failed due to its business plan, and that he had no interest in the Caicos Beach Club Resort & Marina.  A reasonable attorney would have been on notice that he needed to conduct an independent investigation.  EAPD did not do so.

### IV.    The Fourth Amended Complaint Did Not Correct the Deficiencies Identified by the Defendants.

Admittedly, in the Fourth Amended Complaint, MCCABE deleted two allegations.[4] However, the Court should recognize the intentional misrepresentation made by EAPD in its Response regarding alleged corrections of the allegations.  EAPD states: "The Fourth Amended Complaint served by successor counsel for Dr. Maale during the Safe Harbor period, corrected his claims to account for information learned during discovery.  It is important to note that some of this information was revealed during discovery, which was taken in Texas after EAPD's withdrawal." (D.E. 551, p. 9). This statement is simply not true.  The corrected claims had absolutely nothing to do with the discovery conducted in Texas in this case.  The "corrected" claims instead were based on intentional misrepresentations that MAALE and EAPD have made in each of the four separate iterations of the complaint in this case, despite admissions made by MAALE under oath in the divorce case on February 23, 2007. (D.E. 435-5-6).   That was one year before EAPD filed the initial complaint in this case, attaching the check as evidence.    EAPD knew since at least November 2009 from their client's own sworn testimony given at a deposition EAPD attended that the check references were not correct, but did nothing to correct them.  Despite the sworn testimony

---

[3]  EAPD represented MAALE during his divorce in the related case filed in Palm Beach County Florida referenced in footnote 1.
[4]   McCabe claims to have withdrawn a third allegation, between the Third Amended Complaint and the Fourth Amended Complaint.  In fact it was not withdrawn, even though McCabe admits in his Declaration that there is no support in the evidence for the allegation.  (D.E. 546-1 ¶ 25).

of MAALE in two separate legal proceedings, MAALE and EAPD continued to include this irrelevant improper document as supporting "evidence". In fact, EAPD was on actual notice in this case since August 21, 2008 when Defendants filed their Motion to Dismiss (D.E. 37, p. 6) and pointed out that the checks in question had nothing to do with the instant case. Attached to the Motion to Dismiss are excerpts of divorce trial testimony wherein MAALE admitted the checks were unrelated to the Turks & Caicos claims. (D.E. 37-2).

Another significant question that remains unaddressed in any of the three Responses (D.E. 546, D.E. 549 and D.E. 551) is the late submission of MAALE's Quick Records, which were finally received on June 1, 2010 as Supplemental Responses to a Request for Production dated November 5, 2009. The Court found (D.E. 528, p.3) that MAALE had had these in his possession. No explanation has been offered as to why they were not produced when EAPD was counsel. The failure to produce these records in a timely fashion demonstrates EAPD's lack of candor and good faith in litigating this case. Defendants understand that Rule 11 sanctions are not directed to discovery violations, but the failure to produce such compelling evidence until the eve of trial demonstrates much more than a discovery violation. It demonstrates that EAPD's basis for pursuing these claims was objectively unreasonable. Rule 11 imposes a continuing duty on the part of counsel to re-evaluate their litigation position. EAPD utterly failed in this duty and should be sanctioned. Not only should EAPD have investigated the underlying facts, they were on actual notice that the facts were untrue and yet continued to assert them.

## CONCLUSION

Rule 11 sanctions against EADP are appropriate in this case. The Defendants respectfully request that the Court impose such sanctions as the Court deems just and proper, including but not limited to, directing payment to the Defendants of all of the reasonable attorney's fees and courts

costs and other expenses incurred by them as a direct result of EAPD's violations of Rule 11(b), Fed.R.Civ.P.

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all current counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

Dated: August 19, 2010            Respectfully Submitted,
Boca Raton, Florida

                                  /s/ Harriet R. Lewis
                                  HARRIET R. LEWIS
                                  Florida Bar No.: 331015
                                  HLewis@lsdlaw.net
                                  LEWIS STROUD & DEUTSCH, P.L.
                                  1900 Glades Road, Suite 251
                                  Boca Raton, FL 33431
                                  Tel: (561) 826-2800
                                  Fax: (561) 826-2828

SERVICE LIST

Ryon Michael McCabe, Esquire
Adam Todd Rabin, Esquire
McCabe Rabin, P.A.
1601 Forum Pl, Ste. 301
West Palm Beach, FL 33401-8102
Telephone:     561.659.7878
Facsimile:     561.242.4848
e-mail: rmccabe@mccaberabin.com
e-mail:arabin@mccaberabin.com
**COUNSEL FOR PLAINTIFF**

Harriet R. Lewis
Gary K. Oldehoff, Esquire
Lewis, Stroud & Deutsch, P.L.
1900 Glades Road-Suite 251
Boca Raton, FL 33431
Telephone: 561.826.2800
Facsimile:  561.826.2828
e-mail: hlewis@lsdlaw.net
e-mail: goldehoff@lsdlaw.net
**COUNSEL FOR DEFENDANTS
KIM KIRCHGESSNER, RAHL &
RAHL, P.A., PATRICIA RAHL
AND BRIAN RAHL**

Gary Woodfield, Esquire
Haile Shaw & Pfaffenberger, PA
660 US Highway One, 3rd Floor
North Palm Beach, Florida 33408
Telephone:     (561) 627-8100
Facsimile:     (561) 622-7603
Email: Gwoodfield@haileshaw.com
**FORMER COUNSEL FOR PLAINTIFF**

Bruce S. Rogow, Esquire
Broward Financial Centre
500 East Broward Boulevard
Suite 1930
Fort Lauderdale, Fl. 33394
Telephone:     954.767-8909
Facsimile:     954.764-1530
Email: brogow@rogowlaw.com
**COUNSEL FOR DEFENDANTS
KIM KIRCHGESSNER, RAHL &
RAHL, P.A., PATRICIA RAHL
AND BRIAN RAHL**

Edwards Angell Palmer & Dodge, LLP
525 Okeechobee Blvd., Suite 1600
West Palm Beach, Florida 33401
Telephone:     (561) 833-7700
Facsimile:     (561) 655-8719
Email: Jguttman@eapdlaw.com
Email: Sbrier@eapdlaw.com
**FORMER COUNSEL FOR PLAINTIFF AND
CURRENT COUNSEL FOR GARY WOODFIELD,
JAIME GUTTMAN, AND SIMEON BRIER**

Thomas Meeks
Carlton, Fields, P.A.
P.O. Box 19101
Miami, FL 33101-9101
**COUNSEL FOR PLAINTIFF**

Richard H. Critchlow
Kenny, Nachwalter, P.A.
201 S. Biscayne Blvd, Suite 1100
Miami, FL 33131
**COUNSEL FOR RYON MCCABE AND
MCCAB**