## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 08-80131-CIV-DIMITROULEAS/SNOW

GERHARD EMIL MAALE, III,

     Plaintiff,

v.

KIM FRANCIS KIRCHGESSNER, et al.

     Defendants.

_____/

## EDWARDS ANGELL PALMER & DODGE'S OPPOSITION TO DEFENDANTS' VERIFIED MOTION FOR ATTORNEY'S FEES AND COSTS

Pursuant to Local Rule 7.1 and applicable law, on behalf of itself, its associate Simeon D. Brier, its former associate Jaime Guttman, and its former partner Gary A. Woodfield, the law firm of Edwards Angell Palmer & Dodge LLP (collectively "EAPD") hereby opposes Defendants' Verified Motion for Attorney's Fees and Costs [D.E. 571].

## I.    INTRODUCTION

EAPD commenced this civil action on behalf of Plaintiff, Dr. Gerhard Maale ("Dr. Maale"), on February 8, 2008 [D.E. 1]. EAPD took its final actions on behalf of Dr. Maale on April 21, 2010, when it filed Dr. Maale's Third Amended Complaint [D.E. 359] and EAPD's Motion for Substitution of Plaintiff's Counsel [D.E. 358].

On April 28, 2010, McCabe & Rabin, P.A. (the "McCabe firm") filed a notice of appearance for Dr. Maale [D.E. 373] and assumed responsibility for prosecuting this lawsuit on Dr. Maale's behalf. On May 10, 2010, this Court granted EAPD's Motion for Substitution of Plaintiff's Counsel, formally relieving EAPD of further responsibility for representing Dr. Maale in this case [D.E. 398].

*Gerhard Emil Maale, III v. Caicos Beach, etc., et al.*
Case No. 08-80131-CIV-DIMITROULEAS/SNOW
Opposition to Defendants' Verified Motion for Attorney's Fees and Costs

A number of events relevant to this opposition took place after EAPD's withdrawal. On May 10, 2010, Defendants filed a Motion to Dismiss the Third Amended Complaint [D.E. 401], arguing that Dr. Maale's claims were barred by various statutes of limitation. Before their Motion to Dismiss the Third Amended Complaint was decided, Defendants filed Motions for Summary Judgment on May 21, 2010 [D.E. 436, 437].

In addition, considerable discovery took place after EAPD withdrew as Dr. Maale's counsel. As described in the Declaration of Ryon M. McCabe, successor counsel for Dr. Maale [D.E. 546-1], such discovery included a week of depositions in Texas [*Id.* ¶13]. Moreover, on May 24, 2010, the McCabe firm served Dr. Maale's Answers to Defendant Patricia Rahl's Second Request for Admissions which are an exhibit to Defendants' Rule 11 Motion [D.E. 514].

Although EAPD was no longer representing Dr. Maale in this action, on June 9, 2010, Defendants served EAPD with notice of the Rule 11 Motions. In the proposed Rule 11 Motions, Defendants contended that the Third Amended Complaint contained factual inaccuracies, all counts were barred by *res judicata*, collateral estoppel, and/or various statutes of limitation or repose, and Dr. Maale, the McCabe firm and EAPD should be sanctioned.

During the twenty-one (21) day Safe Harbor period provided by Rule 11(c)(2), the Court granted in part and denied in part Defendants' Motion to Dismiss the Third Amended Complaint (the "June 21, 2010 Order") [D.E. 497]. In that Order, the Court held that it was:

> not persuaded that the statute of limitations can be determined on the face of the Complaint, given the allegations that Plaintiff did not discover his causes of action until June of 2007. Instead, the Court finds there is a genuine issue as to whether equitable tolling principles would apply to such claims.

*Gerhard Emil Maale, III v. Caicos Beach, etc., et al.*
Case No. 08-80131-CIV-DIMITROULEAS/SNOW
Opposition to Defendants' Verified Motion for Attorney's Fees and Costs

[*Id.* at 12.]  The Court also ruled, "Based upon these allegations, the Court concludes that there are factual issues as to whether equitable circumstances prevented Plaintiff from filing this action any sooner." [*Id.* at 13.]

The June 21, 2010 Order granted Dr. Maale leave to further amend his Complaint [*Id.* at 15]. On June 28, 2010, the McCabe firm filed Dr. Maale's Fourth Amended Complaint [D.E. 501].  Page 1 of the Fourth Amended Complaint specifically stated that it "deletes co-defendants that have been dismissed and narrows the allegations to conform to discovery in this case and to the Court's June 21, 2010 Order."  As explained in detail in the Declaration of successor counsel for Dr. Maale [D.E. 546-1], the Fourth Amended Complaint corrected Plaintiff's allegations by removing certain matters about which Defendants complained in their proposed Rule 11 Motions [*Id.* ¶¶24, 25, 43, 49, 51, 52].

On July 6, 2010, Defendants filed their Rule 11 Motions, without revising them to reflect the material developments in this case [D.E. 514, 515].  Thereafter, the Court granted in part Defendants' Motion for Summary Judgment [D.E. 528], entered Final Judgment in favor of Defendants, and denied all pending motions as moot [D.E. 529].  On July 19, 2010, the Court granted Defendants' Motion to Reopen [D.E. 532], reinstating the Rule 11 Motions and referring them to Magistrate Judge Snow for appropriate disposition or report and recommendation.  The Rule 11 Motions are fully briefed and pending before this Court.

Defendants filed the present Verified Motion for Attorney's Fees and Costs ("Defendants' Motion") on September 13, 2010, claiming entitlement to attorneys' fees on five theories:  (1) entitlement to fees pursuant to Fla. Stat. §501.2105 (FDUTPA), (2) entitlement to fees under a

*Gerhard Emil Maale, III v. Caicos Beach, etc., et al.*
Case No. 08-80131-CIV-DIMITROULEAS/SNOW
Opposition to Defendants' Verified Motion for Attorney's Fees and Costs

contract governed by the laws of the Turks and Caicos Islands, (3) entitlement to fees pursuant to 28 U.S.C. §1927, (4) entitlement to fees pursuant to the Court's inherent power, and (5) entitlement to fees pursuant to Rule 11. [D.E. 571.] Defendants are not entitled to an award of attorneys fees against EAPD on any of these theories.

Defendants' Motion fails to identify the specific entities against which each claim is leveled. [*Id.*] In violation of Local Rules 7.1 and 7.3, Defendants did not meet and confer with EAPD to address this ambiguity or to seek resolution of Defendants' claims before filing their Motion. As a result, EAPD is left to assume that, based on the nature of the theories asserted, Defendants' claims of liability against EAPD are limited to theories (3), (4), and (5).[1]

Defendants' claim for attorneys fees from EAPD pursuant to Rule 11 has already been fully briefed by the parties and all interested counsel in connection with Defendants' Motions for Sanctions Pursuant to Rule 11(c). [D.E. 514, 515, 546, 549, 551, 558, 559, 560, & 561]. EAPD relies on the oppositions filed and pending before the Court to address this claim, and will not lengthen this Opposition by repeating them here.

The remainder of EAPD's Opposition addresses the two new theories, posited by Defendants, for EAPD's potential liability:  theory (3), Defendants' requests for fees under 28 U.S.C. §1927, and theory (4), the Court's inherent powers. Defendants essentially aver that , merely

---

[1]   Defendants' Motion cannot reasonably be interpreted as seeking fees from EAPD in connection with Dr. Maale's FDUTPA or contract-based claims, as both such claims address the rights and liabilities of the parties rather than rights and liabilities of counsel. To the extent that Defendants assert these two theories against the Plaintiff, EAPD relies upon the arguments of Plaintiff's present counsel, Ryon McCabe and McCabe Rabin, P.A., in opposition to the requested award of attorneys fees. Moreover, EAPD adopts and incorporates by reference Plaintiffs' Response to Defendants' Verified Motion for Attorneys' Fees and Costs [D.E. 575].

- 4 -

*Gerhard Emil Maale, III v. Caicos Beach, etc., et al.*
Case No. 08-80131-CIV-DIMITROULEAS/SNOW
Opposition to Defendants' Verified Motion for Attorney's Fees and Costs

because they succeeded at the summary judgment stage of the proceedings, all of the positions that Plaintiff asserted must have been completely without merit and warrant sanctions against counsel. That assertion has no basis in established jurisprudence (*see Conner v. BCC Financial Management Services, Inc.*, 597 F.Supp. 2d 1299, 1309 (S.D. Fla. 2008), and its adoption effectively would replace the American Rule with the English Rule. As this Opposition explains, at all times that EAPD was responsible for the prosecution of Plaintiff's claims, EAPD acted in good faith and pursued only those claims that it could assert in good faith. EAPD's actions did not unreasonably or unjustifiably multiply the proceedings before this Court. Finally, Defendants' failure or inability to provide a nexus between their assertions of improper conduct and the specific fees and costs allegedly incurred as a consequence is fatal to their claims.

## II.   **ARGUMENT**

### A.   **DEFENDANTS FAILED TO COMPLY WITH LOCAL RULES 7.1 AND 7.3.**

As an initial matter, Defendants' failure to comply with the requirements of Local Rules 7.1(a)(3) and 7.3(b) should result in the denial of all claims asserted against EAPD. Local Rule 7.1(a)(3) requires the movant of any motion to confer or make reasonable effort to confer with "all parties or non-parties who may be affected by the relief sought in the motion," and to identify "with specificity" in its certification any unsuccessful efforts made to meet and confer. S.D. Fla. L.R. 7.1(a)(3). Local Rule 7.3(b) sets forth additional specific requirements for a party moving for the award of attorneys' fees, including the service of a complete draft motion within thirty (30) days of the entry of final judgment and a subsequent meet and confer requirement. S.D. Fla. L.R. 7.3(b).

*Gerhard Emil Maale, III v. Caicos Beach, etc., et al.*
Case No. 08-80131-CIV-DIMITROULEAS/SNOW
Opposition to Defendants' Verified Motion for Attorney's Fees and Costs

Defendants' counsel forwarded a draft of the Motion to EAPD, but they did not confer with any attorney at EAPD before filing the Motion. While Defendants may have conferred with Plaintiff and/or Plaintiff's counsel, McCabe Rabin, Defendants did not make any effort to meet and confer with EAPD as envisioned and required by Local Rules 7.1(a)(3) and 7.3(b). Indeed, in Defendants' "Verification and Compliance with Local Rule 7.3," Defendants' counsel does not mention having served EAPD with a copy of the draft motion or conferred with EAPD [D.E. 571, p.22]. Moreover, the draft motion that was sent to EAPD did not contain any of the seven exhibits (comprising over 170 pages of content) that were included in the final Motion. Defendants' failure to comply with this Court's local rules with respect to non-party EAPD merits denial of all claims directed at EAPD. *See Norych v. Admiral Insurance Co.*, 2010 WL 2557052, *2 (S.D. Fla. 2010); *Provide Commerce, Inc. v. Preferred Commerce, Inc.*, 2008 WL 360591, *2 (S.D. Fla. 2008).

**B.      EAPD'S ACTIONS DO  NOT FALL WITHIN 28 U.S.C. §1927.**

Defendants' Motion seeks to parlay their limited success at summary judgment into a finding of bad faith litigation conduct and an award of attorneys' fees under 28 U.S.C. §1927. Section 1927 does not provide such a simplistic result, and the circumstances of this case do not support a finding of bad faith.

Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

In order to prevail on their claim, Defendants must demonstrate that (1) EAPD engaged in "unreasonable and vexatious" conduct, (2) such "unreasonable and vexatious" conduct multiplied

- 6 -

*Gerhard Emil Maale, III v. Caicos Beach, etc., et al.*
Case No. 08-80131-CIV-DIMITROULEAS/SNOW
Opposition to Defendants' Verified Motion for Attorney's Fees and Costs

the proceedings, and (3) the amount sought does not "exceed the 'costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'" *See Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (citing *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)). In assessing a party's behavior under Section 1927, a court must apply an objective standard. *See Amlong*, 500 F.3d at 1239. Even a showing of negligence is not sufficient; proof of bad faith is required under Section 1927. *Id.* at 1242.

An attorney's conduct must be particularly egregious to warrant the imposition of sanctions under Section 1927. *Id.* The attorney must be found to have knowingly or recklessly pursued a frivolous claim or needlessly obstructed the litigation of a non-frivolous claim. *Id.* The manner in which EAPD conducted its representation of the Plaintiff does not meet this standard.

The fact that Defendants prevailed on summary judgment is not evidence that EAPD violated §1927. In the first place, Defendants' Motion greatly overstates their success at summary judgment, both in factual and legal terms. The only issue the Court resolved by summary judgment related to the statute of limitations on Plaintiff's RICO claim. [D.E. 528.] The Court declined to exercise jurisdiction over Dr. Maale's state claims and thus did not address the parties' opposing views on a panoply of factual issues. In fact, the Court noted that Dr. Maale could bring his state claims in state court. Thus, to the extent Defendants' Motion suggests that the outcome of summary judgment proves their factual assertions, they are distorting the record.

For example, Defendants make much of Dr. Maale's inability to provide documentary evidence to corroborate his statements concerning payments he made to the Defendants. [D.E. 571, pp. 11-12, 14.] This does not, however, mean that Plaintiff's sworn testimony that the payments were made is

- 7 -

*Gerhard Emil Maale, III v. Caicos Beach, etc., et al.*
Case No. 08-80131-CIV-DIMITROULEAS/SNOW
Opposition to Defendants' Verified Motion for Attorney's Fees and Costs

incorrect. Indeed, Plaintiff continues to maintain that he initially invested $1 million in the Turks & Caicos Island project and that he later invested an additional $900,000, Defendants' testimony to the contrary notwithstanding. *See* [D.E. 546, p.10]; *citing* Answers to P. Rahl's First Interrogatories, #4 [D.E. 473, Ex.3]; Maale's Depo. 119:2-4; 135:2-136:15 [D.E. 244]; and *see* Plaintiff's Fourth Amended Complaint, ¶¶27, 42, 44, 55, 72, 74, 81, 87, 95, 101, 107, and 108 [D.E. 501]. Plaintiff has also submitted, under oath, testimony explaining how Defendants, working with a selectively uncooperative third-party, fabricated a contrary version of events in an effort to conceal tax fraud. Plaintiff contends that Defendants concealed and destroyed relevant evidence and therefore are responsible for his inability to provide documentary support for some of his claims. [*See* D.E. 267 (Plaintiff's Motion for Sanctions for Spoliation of Evidence, detailing Defendants' continued destruction of e-mail and electronic documents related to the present case between 2007 and 2010)].[2]

Most importantly, no fact finder has made a determination as to which party's version of these events is accurate. In short, Defendants' presumption that Plaintiff's version of the facts is false in the face of conflicting testimony and in the absence of judicial resolution is unsupported. EAPD cannot be found to have acted in bad faith by relying upon and advocating for positions consistent with its client's sworn testimony. *See Andre v. CCB Credit Services, Inc.*, 2010 WL

---

[2]   Plaintiff's Motion for Sanctions was filed in March of 2010 and was still pending at the time summary judgment entered in July of 2010. It has yet to be decided.

*Gerhard Emil Maale, III v. Caicos Beach, etc., et al.*
Case No. 08-80131-CIV-DIMITROULEAS/SNOW
Opposition to Defendants' Verified Motion for Attorney's Fees and Costs

3222500, *3 (S.D. Fla. 2010), *citing Conner*, 597 F. Supp. 2d at 1309; *see also Edmonds v. Gilmore*, 988 F. Supp. 948, 957-58 (E.D. Va. 1997).[3]

Similarly, the fact that many of the named defendants in Plaintiff's Third Amended Complaint ultimately were dismissed for lack of personal jurisdiction does not support a finding of bad faith. Defendants fail to cite any authority for their claim that, without more, a successful motion to dismiss *per se* demonstrates bad faith in the filing of the defeated claim.[4]  Each of the entities that was dismissed on jurisdictional grounds was alleged to have participated in the fraud, and Defendant Patricia Rahl was affiliated with all of them.  In any event, Dr. Maale's pursuit of claims against such third parties did not harm the Defendants, and they lack standing to complain that such claims were pursued.

Plaintiff's pursuit of his claims, despite Defendants' assertion of the statutes of limitation and repose, similarly was based on multiple good faith arguments.  Dr. Maale consistently contended that he did not discover that he had actionable claims against the Defendants until 2007.  This Court recognized that the issues were complex; when it denied in part Defendants' Motion to Dismiss Dr. Maale's Third Amended Complaint, this Court held "there is a genuine issue as to whether equitable

---

[3]   Defendants specifically take issue with claims that Plaintiff continued to maintain against the Rahls after Defendants' Rule 11 Motion was filed.  As EAPD no longer was counsel of record at that time, it lacks information sufficient to respond to Defendants' assertions in that regard. More importantly, however, as EAPD was no longer counsel, it cannot be held responsible regardless of whether continued pursuit of such claims was appropriate.

[4]   Indeed, if the success of a motion to dismiss constitutes evidence bad faith, then the docket contains ample evidence of Defendants' repeated bad faith.  [*See* D.E. 120 & 121 (order dismissing counterclaims by Defendants including claims for wrongful civil proceedings); D.E. 149 & 150 (order dismissing second round of counterclaims by Defendants again including claims for wrongful civil proceedings).]

*Gerhard Emil Maale, III v. Caicos Beach, etc., et al.*
Case No. 08-80131-CIV-DIMITROULEAS/SNOW
Opposition to Defendants' Verified Motion for Attorney's Fees and Costs

tolling principles would apply to such claims. . . . [and] the Court concludes that there are factual issues as to whether equitable circumstances prevented Plaintiff from filing this action any sooner." [D.E. 497 at 12-13.] These rulings support the conclusion that EAPD met the requisite standard of care by making reasonable inquiry into the facts and law throughout its representation of Dr. Maale. *See Robinson v. Nat'l Cash Register,* 808 F.2d 1119, 1127 (5th Cir. 1987) (noting that attorney's affirmative duty to conduct a "reasonable inquiry" into the factual and legal basis of any document before signing it does not require attorney's view of the law to be correct; a reasonable inquiry is "that amount of examination into the facts and legal research which is reasonable under the circumstances of the case"), *overruled in part on other grounds, Thomas v. Capital Sec. Servs., Inc.,* 836 F.2d 866 (5th Cir. 1988). This Court's rulings on the Defendants' Motion to Dismiss validate EAPD's belief that there was a reasonable basis to conclude that Dr. Maale's claims were not time-barred.

When this Court subsequently granted summary judgment [D.E. 528], it made a number of factual findings that Defendants had not identified as *undisputed* in their motion for summary judgment. That circumstance further demonstrates that legitimate factual disputes underpinned EAPD's reliance on its client and advancement of his claims. The Court based its ruling on additional factual findings, such as: "Plaintiff was aware as of 2000 that the Project was suffering from financial difficulties yet he did nothing to investigate further or to protect his investment;" that "since the end of 2001 he knew he was out of the purported $900,000 invested in the Turks and Caicos home;" and that "he has known since 2001 that he hasn't received any documentation as to that money despite that he asked for documentation." [*Id.* at 15.] Defendants did not assert that any

- 10 -

*Gerhard Emil Maale, III v. Caicos Beach, etc., et al.*
Case No. 08-80131-CIV-DIMITROULEAS/SNOW
Opposition to Defendants' Verified Motion for Attorney's Fees and Costs

of these facts was undisputed.  Although the Court's findings of fact were adverse to Dr. Maale, by definition they were not *undisputed*.  EAPD therefore had a reasonable basis for asserting that the claims were not time-barred.

EAPD reasonably could rely on contrary evidence concerning these issues.  Moreover, the fact that this Court ultimately did not accept such evidence does not show that EAPD acted in bad faith, as is required to support an award under §1927.  Successor counsel for Dr. Maale, the McCabe firm, filed detailed papers in opposition to summary judgment [D.E. 483 – 490], including a Response to Defendants' Statement of Undisputed Material Facts in Support of Motions for Summary Judgment [D.E. 488] and a Declaration of Plaintiff Gerhard Emil Maale, III [D.E. 489-1]. In his June 14, 2010 Declaration, Dr. Maale states that he was duped into believing that a house was being built for him on South Caicos Island.  Dr. Maale averred that "the Rahls continued to send me written project updates as if nothing was wrong," and "[a]t all times, I believed a house was being built for me and my family on South Caicos Island." [*Id.* ¶¶6, 7.]  Dr. Maale even attached to his Declaration family photographs, taken in front of the home that he thought was being built for him, and the floor plan for the house [*Id.* Exs. C, D].

Plaintiff's June 14, 2010 Declaration also states that, prior to his recent divorce proceedings, he had not requested documentation concerning the Turks and Caicos home.  Notably, when he did request documentation on January 27, 2006, his request was refused [D.E. 489-1 ¶3].  The Declaration further explains that, "prior to 2010," no one ever told Dr. Maale that the "Caicos Beach Club Charter Ltd. had gone out of business, had defaulted on its land lease or had become defunct,"

- 11 -

PMB 407411.1

*Gerhard Emil Maale, III v. Caicos Beach, etc., et al.*
Case No. 08-80131-CIV-DIMITROULEAS/SNOW
Opposition to Defendants' Verified Motion for Attorney's Fees and Costs

and that he "learned of these facts for the first time when Patricia Rahl testified in deposition in January of 2010." [*Id.* ¶4; *see also* D.E. 549-1 ¶3.]

These facts formed a reasonable basis for Dr. Maale's, and EAPD's, belief that principles of equitable tolling applied to his claims against Defendants, such that the claims were not time-barred.[5] *See, e.g., Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987) (noting courts should "avoid using the wisdom of hindsight" and should "test the signer's conduct by inquiring what was reasonable to believe at the time the pleading . . . was submitted").

In formulating a reasonable basis for asserting a claim, lawyers are entitled to rely upon the statements of their client, even if the statements are disputed or ambiguous. *See Edmonds v. Gilmore*, 988 F. Supp. 948, 957-58 (E.D. Va. 1997). After EAPD's withdrawal, Dr. Maale continued to state facts, under oath, indicating that his claim was timely. Dr. Maale's averments demonstrate the reasonable basis for EAPD's assertion that his claims were timely because of equitable tolling.

"Simply because the district court granted the defendants' motion for summary judgment does not mean that the plaintiffs' action was frivolous." *O'Neal v. DeKalb County*, 859 F.2d 653, 658 (11th Cir. 1988). "When the court is considering sanctions on a factual claim, 'the initial focus of the district court should be on whether an objectively reasonable evidentiary basis for the claim was demonstrated in pretrial proceedings or at trial.'" *Edmonds*, 988 F. Supp. at 957 (quoting

---

[5]   McCabe's Omnibus Response to Defendants' Motions for Rule 11 Sanctions [D.E. 546] explains in detail why counsel had a reasonable factual and legal basis to believe that Dr. Maale's claims were not barred by the applicable statutes of limitation or repose [*Id.* at 13-24; *see also* Dr. Maale's Omnibus Memorandum [D.E. 549] and Dr. Maale's August 3, 2010 Declaration attached thereto [D.E. 549-1]].

- 12 -

*Gerhard Emil Maale, III v. Caicos Beach, etc., et al.*
Case No. 08-80131-CIV-DIMITROULEAS/SNOW
Opposition to Defendants' Verified Motion for Attorney's Fees and Costs

*Calloway v. Marvel Entm't Group,* 854 F.2d 1452, 1470 (2d Cir. 1988), *rev'd on other grounds,* 493 U.S. 120 (1989)). "For a complaint to be reasonable, the factual investigation must have uncovered 'some information to support the allegations in the complaint.'" *Davis v. Hudgins,* 896 F. Supp. 561, 573 (E.D. Va. 1995).

Dr. Maale's statements were information, which supported the allegations in the Complaint, and upon which EAPD could and did rely. Based upon such information, EAPD and Dr. Maale were justified in pursuing his claims, even though the Court ultimately dismissed those claims. Accordingly, sanctions are not warranted for EAPD's pursuit of Plaintiff's claims despite the challenges presented by the statutes of limitation and repose.

Defendants also allege that the issues raised in Plaintiff's initial Complaint were "multiplicative of pre-existing litigation." [D.E. 571, pp. 14-15. But Section 1927 is not applicable to the initial pleading of a case. *See Ellis v. All My Sons Moving & Storage of Orlando, Inc.,* 2009 WL 2496626, *3 (M.D. Fla. 2009); *Velez v. Levy World limited Partnership,* 2007 WL 842768, *4 (M.D. Fla. 2007). For that reason, Defendants' allegation based on Plaintiff's initial Complaint must fail.

Defendants rely on the outcome of the prior divorce litigation involving the Plaintiff and his former wife as evidence that prosecution of the claims in this case fall within §1927. But multiple good faith bases support the filing of the present action despite the existence of prior divorce litigation in Texas.[6] For example, while the Texas divorce proceeding focused on fraud related to

---

[6]   Nor is the present motion the first time this Court has been called upon to consider Defendants' claims of res judicata. [D.E. 66 (denying motion to dismiss based on res judicata).] A lengthy discussion of the distinctions between the issues presented in the current litigation and those

- 13 -

*Gerhard Emil Maale, III v. Caicos Beach, etc., et al.*
Case No. 08-80131-CIV-DIMITROULEAS/SNOW
Opposition to Defendants' Verified Motion for Attorney's Fees and Costs

the sale of a house in the Turks & Caicos Islands, the fraud alleged before this Court relates to an investment in a vacation club membership. [D.E. 432-8; D.E. 501.] In addition, Plaintiff cannot be penalized for not asserting the vacation club related fraud in the Texas proceeding; he did not learn of its existence until after the Texas divorce case had concluded. [D.E. 489-1; D.E. 473.] *Nebula Glass Int'l Inc. v. Reinhold, Inc.*, 2006 WL 6179375, *6 (S.D. Fla. 2006) (claims that are not yet ripe at time of prior proceeding are not barred by *res judicata*). Assertion of the vacation club membership fraud in the Texas divorce proceeding would have also raised practical concerns, such as including co-defendants who had no interest in the marital assets to be distributed. Such outlying claims could not be joined with the divorce proceeding "in a convenient trial unit" and thus were not barred by *res judicata. See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627 (Tex. 1992). Moreover, the substantial distinctions between the fraud alleged in Texas and the fraud alleged before this Court preclude the application of collateral estoppel. *See Getty Oil Co. v. Insurance Co. of N. America*, 845 S.W. 2d 794, 801 (Tex. 1992). Thus, Plaintiff and EAPD had multiple good faith bases to pursue the present litigation notwithstanding Defendants' *res judicata* and collateral estoppel arguments based upon the Texas divorce proceedings.

Defendants' final example of alleged bad faith – the "[c]ontinued assertion of a factual or legal position once it becomes apparent there is no basis for the position" [D.E. 571, pp. 16-17] – concerns what Defendants view as the continued pursuit of $1.9 million in damages from the Rahl Defendants

---

addressed by the Texas divorce action as well as applicable Texas law concerning the contours of that state's res judicata and collateral estoppel jurisprudence may be found in Ryon McCabe and McCabe Rabin, P.A.'s Omnibus Response to Defendants' Motions for Rule 11 Sanctions [D.E. 64, pp. 25-30]. EAPD adopts and incorporates by reference that portion of McCabe's submissions.

- 14 -

*Gerhard Emil Maale, III v. Caicos Beach, etc., et al.*
Case No. 08-80131-CIV-DIMITROULEAS/SNOW
Opposition to Defendants' Verified Motion for Attorney's Fees and Costs

despite evidence suggesting the appropriate value would be substantially less.  Because EAPD was not counsel of record on August 4, 2010 when this conduct occurred, the Defendants' arguments on this point cannot support a finding of bad faith against EAPD.  In any event, a careful reading of the Fourth Amended Complaint reveals that each allegation addressing the $1.9 million in damages also includes an offset for Plaintiff's prior partial recovery in the Texas divorce proceeding.  [D.E. 501, ¶¶74(b), 81(b), 87(b), 95(b), 101(b), and 108(b).]

When held to an objective standard, the conduct of EAPD for the period when it was acting as Plaintiff's counsel was amply supported by good faith in all respects.  As a result, no award of fees should be granted under 28 U.S.C. §1927.

## C.   DEFENDANTS FAIL TO ADDRESS THE FINANCIAL NEXUS ELEMENT OF THEIR CLAIM.

Defendants' Motion completely ignores the third requirement of Section 1927, by entirely failing to set forth any nexus between the conduct complained of and specific fees incurred as a result.  As the movants, Defendants bear the burden of setting forth evidence linking counsel's conduct to specific fees (*see Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010)), and their failure to do so requires denial of their claims (*see Gray v. Novell, Inc.*, 2010 WL 2593608, *13 (M.D. Fla. 2010)).  Defendants' inability to identify specific fees at issue is rendered more egregious by the absence of any effort to attribute specific conduct to Plaintiff's prior counsel, EAPD, versus Plaintiff's successor counsel, McCabe Rabin.  Defendants should not be granted relief in the absence of such apportionment.[7]

---

[7]   Defendants cannot shift to EAPD the burden of identifying the subset of fees potentially related to Defendants' claims of inappropriate conduct by EAPD.  Nor should EAPD be required to

- 15 -

*Gerhard Emil Maale, III v. Caicos Beach, etc., et al.*
Case No. 08-80131-CIV-DIMITROULEAS/SNOW
Opposition to Defendants' Verified Motion for Attorney's Fees and Costs

**D.    APPLICATION OF THE COURT'S INHERENT POWER IS NOT MERITED.**

"Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *Amlong*, 500 F.3d at 1251.  Before the Court may use its inherent powers, "it must make a finding of bad faith." *Thomas v. Ten-neco Packaging Co.*, 293 F.3d 1306, 1320 (11th Cir. 2002).  Defendants set forth no additional arguments requesting the Court's use of its inherent powers to justify an award of attorneys fees against EAPD beyond those arguments already presented in connection with their Rule 11 and 28 U.S.C. §1927 theories.  For the foregoing reasons, as none of the Defendants' allegations support a finding of bad faith in connection with those alternate theories of relief, the Court cannot make the requisite finding of bad faith needed to exercise its inherent powers.  As a result, the Court should not award fees or costs to Defendants.

**III.    CONCLUSION**

For the reasons set forth above, the reasons set forth in the submissions of Plaintiff and McCabe Rabin in opposition to the present motion, and the reasons set forth in the submissions of EAPD, Plaintiff, and McCabe Rabin in opposition to Defendants' Motions for Sanctions Pursuant to Rule 11(c), EAPD respectfully requests that the Court deny Defendants' Verified Motion for Attorney's Fees and Costs with respect to Edwards Angell Palmer & Dodge LLP, Simeon D. Brier, Jaime Guttman, and Gary A. Woodfield.  Additionally, in accordance with Fed. R. Civ. P. 11(c) and Local Rule 7.1(a)(3), EAPD requests that the Court require Defendants and their counsel to

---

challenge *all* of Defendants' fees when Defendants have failed to provide the required nexus.  To the extent Defendants are allowed to cure this deficiency and subsequently provide detailed information purporting to connect *specific instances* of EAPD's conduct to *specific fees*, EAPD reserves the right to challenge such information as well as the reasonableness of any such fees.

PMB 407411.1

*Gerhard Emil Maale, III v. Caicos Beach, etc., et al.*
Case No. 08-80131-CIV-DIMITROULEAS/SNOW
Opposition to Defendants' Verified Motion for Attorney's Fees and Costs

reimburse EAPD for the costs expended and attorneys' time devoted to responding to these Motions, and grant such other relief as the Court deems appropriate and just.

Respectfully submitted,

**EDWARDS ANGELL PALMER & DODGE LLP**

By:     */s/  Elaine Johnson James*
Elaine Johnson James
Fla. Bar No. 791709
ejames@eapdlaw.com
Simeon D. Brier
Florida Bar No.: 525782
sbrier@eapdlaw.com
525 Okeechobee Blvd., Suite 1600
West Palm Beach, FL  33401
Telephone: (561) 833-7700
Facsimile:   (561) 655-8719

Dated: October 14, 2010

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on October 14, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Elaine Johnson James*
Elaine Johnson James

- 17 -

PMB 407411.1

*Gerhard Emil Maale, III v. Caicos Beach, etc., et al.*
Case No. 08-80131-CIV-DIMITROULEAS/SNOW
Opposition to Defendants' Verified Motion for Attorney's Fees and Costs

## SERVICE LIST

*Gerhard Emil Maale, III v. Kim Francis Kirchgessner, et al.*
**CASE NO. 08-80131-CIV-DIMITROULEAS/SNOW**
United States District Court, Southern District of Florida

**Ryon M. McCabe, Esquire**
**Adam T. Rabin, Esquire**
McCABE RABIN, P.A.
1601 Forum Place, Ste. 301
West Palm Beach, Florida 33401
Telephone: (561) 659-7878
Facsimile: (561) 242-4848
rmccabe@mccaberabin.com
arabin@mccaberabin.com
*Counsel for Plaintiff*

**Harriet R. Lewis, Esquire**
**Gary K. Oldehoff, Esquire**
LEWIS STROUD & DEUTSCH, PL
1900 Glades Road, Suite 251
Boca Raton, Florida 33431
Telephone: (561) 826-2800
Facsimile: (561) 826-2828
hlewis@lsdlaw.net
*Counsel for Defendants*

**Bruce S. Rogow, Esquire**
BRUCE S. ROGOW, P.A.
500 East Broward Boulevard
Suite 1930
Ft. Lauderdale, Florida 33394
Telephone: (954) 767-8909
Facsimile: (954) 467-2210
brogow@rogowlaw.com
*Counsel for Defendants*

**Jaime Guttman, Esq.**
3610 Yacht Club Drive
Apt. 1005
Miami, Florida 33180
Telephone: (305) 741-3529
jaimeguttman@gmail.com
*Former Counsel for Plaintiff*

**Gary A. Woodfield, Esq.**
Haile Shaw & Pfaffenberger, P.A.
660 U.S. Highway One, 3rd Floor
North Palm Beach, Florida 33408
Telephone: (561) 627-8100
Facsimile: (561) 622-7603
Gwoodfield@haileshaw.com
*Former Counsel for Plaintiff*

**Richard H. Critchlow, Esq.**
Kenny, Nachwalter, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, Florida 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
rcritchlow@kennynachwalter.com
*Counsel for Ryon McCabe and McCabe Rabin, P.A.*

**Thomas Meeks, Esq.**
**Naomi Massave, Esq.**
Carlton Fields, P.A.
100 S.E. Second Street, Suite 4200
Miami, Florida 33131
Telephone: (305) 350-0050
Facsimile: (305) 350-0055
tmeeks@carltonfields.com
*Counsel for Plaintiff*

- 18 -