UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80131-CIV-DIMITROULEAS/SNOW

GERHARD EMIL MAALE, III,

    Plaintiff,

v.

KIM FRANCIS KIRCHGESSNER, et al.,

    Defendants.
_____/

**OMNIBUS ORDER OVERRULING IN PART, SUSTAINING IN PART
OBJECTIONS; APPROVING IN PART MAGISTRATE JUDGE SNOW'S
REPORT AND RECOMMENDATION; GRANTING IN PART RULE 11 MOTIONS;
REFERRING TO MAGISTRATE ISSUE OF INHERENT POWER OF COURT
TO SANCTION & AMOUNT OF RULE 11 SANCTIONS**

THIS CAUSE is before the Court upon Plaintiff Gerhard Emil Maale, III's Objection to Report and Recommendation on Rule 11 Sanctions [DE-597], and the Objection of Edwards Angell Palmer & Dodge LLP and Gary A. Woodfield to Magistrate Judge Snow's Report and Recommendation Concerning Defendants' Motions for Rule 11 Sanctions [DE-598], filed herein on January 17, 2011.  The Court has carefully considered the Objections, Magistrate Judge Lurana S. Snow's Report and Recommendation ("Report") [DE-590], the record herein, and is otherwise fully advised in the premises.[1]

## I. BACKGROUND

On June 6, 2010 Defendant Kim Kirchgessner ("Kirchgessner"), as well as Defendants Patricia Rahl, Brian Rahl and Rahl & Rahl. P.A. (collectively the "Rahl Defendants"), filed

---

[1] Judge Snow limited the instant Report to the issue of whether Rule 11 sanctions should be awarded and noted that if the Court granted the motions for sanctions then Judge Snow would separately consider the issue of the amounts to be awarded.

motions for sanctions pursuant to Rule 11. [DE-514, 515]. These motions were referred to Magistrate Judge Lurana S. Snow for appropriate disposition or report and recommendation. On December 17, 2010, Judge Snow issued a thorough Report, recommending that Defendant Kirchgessner's Motion for Sanctions [DE-514] and the Rahl Defendants' Motion for Sanctions [DE-515] be granted as to Plaintiff Gerhard Emil Maale, III ("Maale"), as well as Gary Wooodfield and the law firm Edwards Angell Palmer & Dodge, LLP (Gary Woodfield and the law firm will be collectively referred to as "EAPD"). However, Judge Snow recommended that the Motions be denied as to Ryon McCabe and McCabe Rabin, P.A. (collectively referred to as "McCabe").

## II. DISCUSSION

**A.     Standard of Review**

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding of fact in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F.

App'x at 784; 28 U.S.C. § 636(b)(1).  Accordingly, the Court has undertaken a *de novo* review of the record and all filed Objections to the Report.

**B.      Maale's Objection**

Maale Objections to the Report and Recommendation on the following grounds: (1) the Report failed to apply the mandatory safe harbor provision of Rule 11 since Maale filed his Fourth Amended Complaint [DE-501] during the safe harbor period and purportedly corrected the only two allegations that conflicted with obvious facts; and (2) the Report mischaracterized the testimony or misapprehended the factual or legal circumstances surrounding the four supposed instances where Maale misrepresented facts in a pleading.

The Court rejects Maale's Objections.  While it is true that Maale subsequently amended his complaint for a fourth time in light of the motions for sanctions and removed a few of the objectionable allegations, importantly, the factual misrepresentations that served as the basis for the Report's conclusions were not "withdrawn or appropriately corrected within 21 days after service."  Fed. R. Civ. P. 11(c)(2).  Instead Maale continued to include those same factual misrepresentations in the Fourth Amended Complaint and in his opposition to the motions for sanctions despite being confronted with evidence to the contrary.  Judge Snow was fully aware of the Fourth Amended Complaint, extensively referenced and relied upon the Fourth Amended Complaint in reaching her conclusions, and clearly noted when objectionable allegations had been removed from the Fourth Amended Complaint.  Judge Snow appropriately weighed the facts and misrepresentations and correctly concluded that Maale's misconduct represents one of those exceptional circumstances that warrants the imposition of Rule 11 sanctions.  Specifically, in concluding that sanctions are warranted against Maale, the Report found that Maale made four

factual misrepresentations which demonstrate that Maale "was the driving force behind this lawsuit, and he knowingly used numerous misrepresentations to keep the case in litigation for years." [DE-590, pg. 59-61].

    First, Judge Snow concluded that Maale made a false misrepresentation in that he "repeatedly stated, filed declarations and testified that he first became aware in 2007 that his investments in the Project were in trouble, and realized that he had been the victim of fraud." [DE-590, pg. 59]. The Report demonstrates that this was a false misrepresentation since Maale "offered an exhibit to the Texas divorce court showing that he had received a March 10, 2006, letter from a lawyer in the Turks and Caicos stating that the Caicos Beach Club Charter, Ltd., was defunct and that he had no ownership interest in the Project being developed by the Caicos Beach Club Resort & Marina." *Id.* Such evidence clearly indicates the existence of facts that would have been known to Maale as of 2006 that his investments were in trouble and that he may have been the victim of fraud. Nonetheless, Maale proceeded to include the near identical factual misrepresentation in the Fourth Amended Complaint. [DE-501, ¶ 60, alleging that as a result of the "Defendants' failure to respond to his [June 28, 2007 letter], Maale discovered that a fraud had been perpetrated upon him and decided to initiate the present action."]. Maale also continued to make this same factual misrepresentation in his August 3, 2010 declaration offered in opposition to the motions for sanctions. [DE-549-1, ¶ 2 "as my attorney Ryon McCabe states in his declaration, it was in June 2007— when my attorney Patricia Rahl failed to even reply to my request for a refund of my investment— that I first suspected that I had been defrauded . . . I had no reason to believe until 2007 at the earliest that a fraud had been perpetrated."]. While Maale disputes Judge Snow's characterization of these statements as misrepresentations, the

4

Court agrees with Judge Snow and finds that such statements represent intentional and repeated efforts by Maale to mislead his attorneys and the Court and that such misrepresentations continued even after expiration of the safe harbor.

Next, Judge Snow concluded that Maale made a false misrepresentation in that he maintained that he "did not know until January 2010 that the Caicos Beach Club Charter, Ltd., was defunct." *Id.* However, as identified above, the documentary evidence in the form of the March 10, 2006 letter and Patricia Rahl's declaration filed in this case on March 11, 2009 demonstrated that this was a factual misrepresentation. *Id.* Once again, despite this documentary evidence which was in the record of litigation, Maale continued to assert this factual misrepresentation in his August 3, 2010 declaration offered in opposition to the motions for sanctions, stating that "I was never informed that Caicos Beach Club Charter, Ltd., the company in which I had invested one million dollars, was defunct, until Patricia Rahl so testified at her deposition in January of this year." [DE-549-1, ¶ 3].[2] The Court agrees with Judge Snow and finds that such statements represent intentional and repeated efforts by Maale to mislead his attorneys and the Court, even after the termination of the safe harbor period.

Judge Snow also concluded that Maale made a false misrepresentation in that he "asserted a claim against Kirchgessner for the $900,000 he claims he invested on the promise of receiving in return a Turks and Caicos house. It was not until the Fourth Amended Complaint that he admitted that he had been given partial credit for the house in the Texas divorce." [DE-590, pg. 60]. The Report pointed out that in Maale's August 3, 2010 declaration offered in

---

[2] This is also consistent with Maale's inference in the Fourth Amended Complaint [DE-501, ¶ 62] that the Rahl Defendants did not inform investors of the defunct status of Caicos Beach Club Charter, Ltd. until after Patricia Rahl's deposition on January 14, 2010.

opposition to the motions for sanctions Maale stated that "I also agreed that, since I had received a partial credit from the Texas divorce court for the house on South Caicos Island, the complaint should make it clear that no damages were sought for the house, and this was done." [DE-549, ¶ 5]. Nonetheless, despite this admission, in the Fourth Amended Complaint Maale continued to seek "compensatory damages for the loss of $900,000 in the South Caicos Island home (minus a partial recovery obtained by Maale in his Texas divorce case)" against the Rahl Defendants. [DE-501, ¶¶ 74, 81, 87, 95, 101, 108]. Maale objects to Judge Snow's characterization of Maale's declaration, however, the Court once again agrees with Judge Snow and finds that such statements represent intentional and repeated efforts by Maale to mislead his attorneys and the Court, even after the termination of the safe harbor period.

Finally, Judge Snow concluded that Maale made a false misrepresentation in that he stated he "had wired $250,000.00 as an investment in the Project in November 1992, and testified that the banking records for that account were missing." [DE-590, pg. 60]. Judge Snow pointed out the inconsistencies in Maale's testimony regarding his banking records and that "[a]fter service of the Rule 11 motion, [Maale] produced a Quick Report of the transactions in that account, which did not show any such wire transfer." *Id.* In light of these documents, Maale then changed course and "explained to his newly-retained counsel that the transfer was actually from a different account." *Id.* This misrepresentation as to the $250,000 investment continued to be asserted in the Fourth Amended Complaint [DE-501, ¶ 29] despite that he had no documentation to support this allegation. And now, in his Objection, Maale argues for the first time that the wire transfer was made from his business account but that such account statements have not been retained by the banks in question. [DE-597]. Clearly this misrepresentation as to

the wire transfer has not been withdraw or corrected by Maale, but instead represents yet another example of intentional and continued efforts by Maale to mislead his attorneys and the Court.

As demonstrated above, Maale did not withdraw or correct those factual misrepresentations that served as the basis for Judge Snow's Report. Instead, Maale continued to assert these same factual misrepresentations in the Fourth Amended Complaint and in his opposition to the motions for sanctions demonstrating that he was, and is, the driving force in keeping this litigation going for many years and at great expense. Accordingly, the Court agrees with Judge Snow and finds that strong Rule 11 sanctions are warranted against Maale.

**C.    EAPD's Objection**

EAPD objects to the Report on the following grounds: (1) the Rule 11 motions must be denied as to EAPD because EAPD was not counsel for Plaintiff when Defendants served their Rule 11 motions; and (2) EAPD's conduct fully comported with its obligations under Rule 11(b). In support of its first argument, EAPD cites to the Eleventh Circuit's opinion in *Peer v. Lewis,* 606 F.3d 1306 (11th Cir. 2010). While EAPD argues that the Report disregarded controlling authority and the *Peer* case, importantly, the parties did not cite to this case in their briefing before Judge Snow on the Rule 11 motions despite that this opinion should and could have been cited. And, the parties offer no reason as to why they neglected to cite to such authority. As such, Judge Snow did not have the opportunity to consider this authority since it was not presented by the parties for her review. Nonetheless, despite that the parties failed to raise this authority to Judge Snow, the *Peer* case is clearly controlling and dispositive of the present issue.

In *Peer*, the initial counsel that filed the objectively frivolous complaint withdrew before the filing of the Rule 11 motions. The Eleventh Circuit concluded that Rule 11 sanctions were

not appropriate against the initial counsel, holding that

> While the filing of a meritless claim is normally the purview of Rule 11, Rule 11 cannot be extended to [counsel's] conduct without vitiating the intent of Rule 11(c)(2)'s safe harbor provision.  The purpose of Rule 11(c)(2)'s safe harbor provision is to allow an attorney who violates Rule 11 to correct the alleged violation within twenty-one days without being subject to sanctions.  Fed. R. Civ. P. 11 advisory committee note of 1993.  This provision assumes that the attorney who filed the offensive pleading is still in the case.  <u>When the attorney who violated Rule 11 withdraws from the case prior to opposing counsel obtaining clear evidence of the violation, a party cannot move for sanctions under Rule 11 because the offending attorney no longer has the authority to correct or withdraw the challenged pleading</u>.  Therefore, Rule 11 does not allow parties to protect themselves from "hit and run" abuse of the judicial process.

*Id.* at 1315 (emphasis added).  The Eleventh Circuit noted that since Rule 11 sanctions were not available, the only recourse for initial counsel's misconduct was for sanctions under the court's inherent power.  *Id.*

Here, on April 21, 2010, EAPD filed a Motion for Substitution of Counsel [DE-355] which the Court granted on May 10, 2010 [DE-398].  On June 9, 2010 Defendants served their notice of intent to file Rule 11(c)(2) motions for sanctions on EAPD [DE-513-2] and, thereafter, on July 6, 2010 Defendants filed their motions for sanctions [DE-514, 515].  As such, much like the facts presented to the Eleventh Circuit in *Peer*, EAPD had already withdrawn from the case prior to opposing counsel moving for sanctions and, therefore, EAPD "no longer ha[d] the authority to correct or withdraw the challenged pleading."  *Id.*  Accordingly, under the controlling precedent of *Peer*, EAPD's Objection to the Report must be sustained and the Report rejected as it relates to Rule 11 sanctions against EAPD.[3]  However, consistent with *Peer*, the Court refers the issue of sanctions under the Court's inherent power as to EAPD to Judge Snow

---

[3] Having concluded that EAPD's first objection must be sustained and the Report rejected as it relates to EAPD, the Court need not address EAPD's remaining arguments.

since Judge Snow declined to fully consider this issue in the interest of judicial economy based upon the issues raised in the Rule 11 motions and the instant Report. [DE-611, pg. 36].

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Snow's Report and Recommendation [DE-590] is hereby **APPROVED in part, OVERRULED in part**;

2. Plaintiff Gerhard Emil Maale, III's Objection to Report and Recommendation on Rule 11 Sanctions [DE-597] is hereby **OVERRULED**;

3. The Objection of Edwards Angell Palmer & Dodge LL and Gary A. Woodfield to Magistrate Judge Snow's Report and Recommendation Concerning Defendants' Motions for Rule 11 Sanctions [DE-598] is hereby **SUSTAINED**;

4. Defendant Kim Kirchgessner's Motion for Sanctions Pursuant to Rule 11(c) [DE-514] is hereby **GRANTED in part, DENIED in part** as follows:

    a. **GRANTED** with respect to sanctions sought against Plaintiff Gerhard Emil Maale, III;

    b. **DENIED** with respect to sanctions sought against Gary Woodfield and the law firm of Edwards Angell Palmer & Dodge, LLP; and

    c. **DENIED** with respect to sanctions sought against Ryon McCabe and McCabe Rabin, P.A.;

5. Defendants', Patricia Rahl, Brian Rahl, Rahl & Rahl, P.A., Motion for Sanctions Pursuant to Rule 11(c) [DE-515] is hereby **GRANTED in part, DENIED in part** as follows:

      a.      **GRANTED** with respect to sanctions sought against Plaintiff Gerhard Emil Maale, III;

      b.      **DENIED** with respect to sanctions sought against Gary Woodfield and the law firm of Edwards Angell Palmer & Dodge, LLP; and

      c.      **DENIED** with respect to sanctions sought against Ryon McCabe and McCabe Rabin, P.A.;

6.    PURSUANT to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, the issue of sanctions as to Gary Woodfield and the law firm of Edwards Angell Palmer & Dodge, LLP under the Court's inherent power and the amount of sanctions to be awarded under Rule 11 against Plaintiff Gerhard Emil Maale, III are hereby **REFERRED** to United States Magistrate Judge Lurana S. Snow for appropriate disposition or report and recommendation.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 24th day of February, 2011.

                                                      WILLIAM P. DIMITROULEAS
                                                      United States District Judge

Copies furnished to:
Magistrate Judge Snow
Counsel of record