UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80131-CIV-DIMITROULEAS/SNOW

GERHARD EMIL MAALE, III,

    Plaintiff,

v.

KIM FRANCIS KIRCHGESSNER, et al.,

    Defendants.
_____/

**ORDER OVERRULING OBJECTIONS; APPROVING
MAGISTRATE JUDGE SNOW'S REPORT AND RECOMMENDATION;
GRANTING SANCTIONS UNDER INHERENT POWER OF COURT**

THIS CAUSE is before the Court upon Defendants', Patricia Rahl, Brian Rahl, Rahl & Rahl, P.A. and Kim Kirchgessner, Objection to the Magistrate Judge's Supplemental Report and Recommendation [DE-625], and the Objection of Edwards Angell Palmer & Dodge LLP to Magistrate Judge's Supplemental Report and Recommendation that the Court Exercise Its Inherent Power to Impose Sanctions on Edwards Angell Palmer & Dodge LLP [DE-627], filed herein on March 11, 2011 and March 18, 2011, respectively (collectively referred to as "Objections"). The Court has carefully considered the Objections, Magistrate Judge Lurana S. Snow's Supplemental Report and Recommendation ("Supplemental Report") [DE-615], the record herein, and is otherwise fully advised in the premises.

**I. BACKGROUND**

On September 13, 2010, Defendant Kim Kirchgessner ("Kirchgessner"), as well as Defendants Patricia Rahl, Brian Rahl and Rahl & Rahl. P.A. (collectively the "Rahl Defendants"), filed a Verified Motion for Attorney's Fees and Costs [DE-571], arguing four

bases for recovery: (1) as the prevailing parties in a case which included a claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.2105; (2) as the prevailing parties in a case arising from a Forward Purchase Agreement which is governed by English law including the English rule that the losing party always pays the legal fees of the prevailing party; (3) entitlement to fees pursuant to 28 U.S.C. § 1927; and (4) entitlement to fees pursuant to the inherent power of the Court.  The motion was referred to Magistrate Judge Lurana S. Snow for appropriate disposition or report and recommendation.  [DE-572].

On December 17, 2010 [DE-590], Magistrate Judge Snow issued a separate Report and Recommendation, recommending that the Court grant in part and deny in part Defendants' motions for Rule 11 sanctions.  Thereafter, on February 18, 2011 [DE-611], Magistrate Judge Snow issued a second Report and Recommendation, wherein she concluded that "[i]n the interests of judicial economy, the Court should consider [the issue of the inherent power of the Court to sanction] solely in relation to the Rule 11 motion rather than readdressing them here." *Id.* at pg. 36.  As such, Magistrate Judge Snow recommended that the Court "deny the motion to sanction the plaintiff and his counsel based on the inherent power of the Court."  *Id.*

On February 24, 2011 [DE-614], this Court approved in part Magistrate Judge Snow's Report and Recommendation [DE-590] as to the imposition of Rule 11 sanctions, granting sanctions as to Plaintiff, but sustaining Edwards Angell Palmer & Dodge LLP and Gary A. Woodfield's (collectively "EAPD") objections.  The Court concluded that sanctions against EAPD under Rule 11 were not appropriate on a largely technical basis since EAPD had already withdrawn from the case prior to opposing counsel moving for sanctions.  [DE-614, pg. 8]. Nonetheless, the Court referred the "issue of sanctions under the Court's inherent power as to

2

EAPD to Judge Snow since Judge Snow declined to fully consider this issue in the interest of judicial economy based upon the issues raised in the Rule 11 motions and the instant Report." *Id.* at pg. 8-9].

Consequently, the instant Supplemental Report solely addresses the issue of sanctions as to EAPD under the Court's inherent power.[1]  In the instant Supplemental Report, Magistrate Judge Snow recommends that the Court "grant the motion for sanctions, based on the inherent power of the Court, in the total amount of $137,120.00 against Gary Woodfield and his former law firm Edwards Angell Palmer and Dodge jointly and severally." [DE-615, pg. 17].

## II. DISCUSSION

### A. Standard of Review

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding of fact in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole

---

[1] As of the date of this Order, the parties' objections to the February 18, 2011 Report and Recommendation [DE-611] are not yet fully briefed as Plaintiff was granted leave to file a limited sur-reply by April 15, 2011.

or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and all filed Objections to the Report. The Court will address EAPD's Objection first.

**B.      EAPD's Objection**

EAPD objects to the Supplemental Report on the following grounds: (1) the motion asking the Court to impose sanctions based on its inherent power was filed too late; (2) sanctions are not warranted because EAPD did not act in egregious bad faith;[2] and (3) the fee awards are excessive.

The Court rejects EAPD's arguments. In regard to the first argument, regardless of whether the issue of sanctions under the inherent authority of the Court was raised *sua sponte* by the Court or upon motion by a party, the Court finds that it need not reach the issue of timeliness since it was not raised before Magistrate Judge Snow. The Eleventh Circuit made clear that a "district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil,* 557 F.3d 1287, 1292 (11th Cir. 2009). Here, for the first time EAPD raised the timeliness argument in its Objection, after Magistrate Judge Snow and the parties had already incurred significant time and expense litigating the issue of sanctions under the Court's inherent authority. To allow EAPD to inject a

---

[2] EAPD also indicates that the Supplemental Report "does not exemplify either restraint or discretion," and appears to contend that the Supplemental Report may have been "motivated by vindictiveness or retribution." [DE-627, pg. 5-6]. The Court rejects this unsupported attack. On the contrary, after extensive briefing and submissions from the parties and careful examination of the facts and arguments, Magistrate Judge Snow issued several detailed and exhaustive reports and recommendations in this action. EAPD has pointed to no specific facts that would support this argument and, therefore, the Court will not credit this argument by giving it any further discussion.

new argument at this stage in the litigation, when there is no demonstrable reason that this argument was not raised before Magistrate Judge Snow, would undermine the very purpose of the magistrate judge system.  As such, the Court declines to exercise its discretion to consider this argument that should have, and could have, been previously raised.

Next, in regard to EAPD's second argument, EAPD takes issue with Magistrate Judge Snow's findings of specific instances of bad faith.  The Court finds each of EAPD's contentions to be without merit.[3]  In effect,  EAPD argues that its conduct was not egregious enough to warrant the imposition of sanctions.  The Court disagrees.  This action was hotly contested and vigorously litigated for over two years.  As such, there was more than sufficient time for EAPD to develop and carefully review the factual record in this action and the related divorce proceedings, and remove those allegations, claims, and arguments that were not supported by the record.  Nonetheless, EAPD repeatedly asserted allegations and put forth facts that were shown to be baseless.  For instance, EAPD repeatedly included requests for sums and attached checks which were clearly unrelated to the claimed investment in the project; EAPD repeatedly asserted arguments that were contradicted by factual evidence in the case, specifically in regard to Caicos

---

[3] At the outset, the Court notes that EAPD takes issue with the fact that Magistrate Judge Snow did not consider two declarations submitted in support of objections to a separate report and recommendation.  [DE-598-1, 612-1 (both submitted in support of the objections to DE-590)].  However, EAPD has cited to no authority requiring the Court to consider documents that were clearly filed in connection with separate motions.  Regardless, even when considering the declarations, the Court is not persuaded that the declarations warrant an overruling of Magistrate Judge Snow's finding of bad faith.  Moreover, while Magistrate Judge Snow may have declined to consider the two declarations, there is no indication in the Supplemental Report that would support EAPD's argument that Magistrate Judge Snow also did not consider the oppositions to the motions for rule 11 sanctions.  [DE-627, pg. 11].

Beach Club Charter, Ltd.[4]; EAPD repeatedly failed to consider the effect of the Decree of Divorce on Plaintiff's claim for damages (despite that EAPD represented Plaintiff in the Florida component of the divorce proceedings); EAPD unnecessarily multiplied the litigation by seeking leave to add defendants late in the action that were soon after dismissed for lack of any specific factual allegations supporting the new claims; and EAPD unnecessarily multiplied the litigation by attempting to circumvent a state court protective order which was ultimately affirmed.  Based upon this record, the Court agrees with Magistrate Judge Snow that such conduct went well-beyond mere negligence by EAPD in the prosecution of this action, but instead evidenced bad faith on the part of EAPD that warrants the imposition of sanctions.

Finally, the Court rejects EAPD's argument regarding the awarded fees being excessive.  First, EAPD did not raise the issue of the hourly rates requested before Magistrate Judge Snow and, therefore, the Court need not even consider this argument.  *Williams,* 557 F.3d at 1292 (a "district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").  Nonetheless, EAPD cites to no authority for the proposition that it was error for Magistrate Judge Snow to use the customary rather than the discounted rates for Defendants' attorneys and, accordingly, the Court will not sustain this objection.  In addition, as discussed below, the Court finds that Magistrate Judge Snow properly

---

[4] EAPD argues that Magistrate Judge Snow erroneously attributes assertions to EAPD that were not made.  Specifically, EAPD argues that it never asserted that Plaintiff was not informed that Caicos Beach Club Charter, Ltd. was defunct until January 2010.  EAPD appears to be contending that because the documents at issue [DE-217, 225, 235] do not contain this verbatim statement, that the documents somehow do not support Magistrate Judge Snow's finding.  However, EAPD's argument would require the Court to ignore the context of the documents which clearly give the impression that such information was not uncovered until the January 2010 depositions.  As such, the Court finds this argument to be without merit.  Magistrate Judge Snow's finding in this regard is properly supported by the record.

awarded fees resulting from the bad faith conduct. In fact, Magistrate Judge Snow noted that there were additional instances of bad faith related to the divorce proceedings, but was unable to apportion those fees and, therefore, additional fees were not awarded. As such, the Court finds the awarded fees to be reasonable.

**C.     Defendants' Objection**

Defendants object to the Supplemental Report as to the amount of attorney's fees awarded. Defendants argue that they are entitled to their entire reasonable attorney's fees incurred in this case and that the Court is not limited to awarding fees directly related to EAPD's specific instances of sanctionable conduct. While Defendants may be correct that a court can award all of a party's fees under the court's inherent authority, the Court is not persuaded that an award of all the fees incurred is warranted based upon this record. Instead, the Court agrees with Magistrate Judge Snow and finds that the award of fees in this instance should be related solely those fees incurred as a result of conduct found to clearly support a finding of bad faith.

## III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Snow's Supplemental Report and Recommendation [DE-615] is hereby **APPROVED**;

2. Defendants', Patricia Rahl, Brian Rahl, Rahl & Rahl, P.A. and Kim Kirchgessner, Objection to the Magistrate Judge's Supplemental Report and Recommendation [DE-625] is hereby **OVERRULED**;

3. The Objection of Edwards Angell Palmer & Dodge LLP to Magistrate Judge's Supplemental Report and Recommendation that the Court Exercise Its Inherent

        Power to Impose Sanctions on Edwards Angell Palmer & Dodge LLP [DE-627] is hereby **OVERRULED**.

4. The Court awards Defendants sanctions in the amount of $137,120.00 against Gary Woodfield and his former law firm Edwards Angell Palmer and Dodge LLP, jointly and severally, based upon the inherent power of the Court.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 14th day of April, 2011.

                                                WILLIAM P. DIMITROULEAS  
                                                United States District Judge

Copies furnished to:  
Magistrate Judge Snow  
Counsel of record