UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80131-CIV-DIMITROULEAS/SNOW

GERHARD EMIL MAALE, III,

    Plaintiff,

v.

KIM FRANCIS KIRCHGESSNER, et al.,

    Defendants.
_____/

**OMNIBUS ORDER OVERRULING IN PART, SUSTAINING IN
PART OBJECTIONS; APPROVING IN PART, OVERRULING
IN PART MAGISTRATE JUDGE SNOW'S REPORT; GRANTING IN PART,
DENYING IN PART MOTION FOR ATTORNEY'S FEES; REFERRING
ISSUE OF AMOUNT OF RULE 11 SANCTIONS TO MAGISTRATE**

THIS CAUSE is before the Court upon Defendants', Patricia Rahl, Brian Rahl, Rahl & Rahl, P.A. and Kim Francis Kirchgessner's Motion for Clarification of the Magistrate Judge's Report and Recommendation and/or Objections to the Magistrate Judge's Report and Recommendation [DE-616], and Plaintiff Gerhard Emil Maale, III's ("Maale") Objection to Report and Recommendation on Award of Attorney's Fees [DE-620], filed herein on March 3, 2011 and March 7, 2011, respectively. The Court has carefully considered the Objections, Magistrate Judge Lurana S. Snow's Report and Recommendation ("Report") [DE-611], the record herein, and is otherwise fully advised in the premises.

**I. BACKGROUND**

On September 13, 2010, Defendant Kim Kirchgessner ("Kirchgessner"), as well as Defendants Patricia Rahl, Brian Rahl and Rahl & Rahl. P.A. (collectively the "Rahl Defendants"), filed a Verified Motion for Attorney's Fees and Costs [DE-571], arguing four

bases for recovery: (1) as the prevailing parties in a case which included a claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.2105; (2) as the prevailing parties in a case arising from a Forward Purchase Agreement which is governed by English law including the English rule that the losing party always pays the legal fees of the prevailing party; (3) entitlement to fees pursuant to 28 U.S.C. § 1927; and (4) entitlement to fees pursuant to the inherent power of the Court.  The motion was referred to Magistrate Judge Lurana S. Snow for appropriate disposition or report and recommendation.  [DE-572].

April 15, 2011, the Court separately addressed the issue of fees pursuant to the inherent power of the Court.  [DE-642].  Consequently, the instant Order solely addresses the first three bases for recovery of attorney's fees and costs.  In the instant Report, Magistrate Judge Snow recommends that the Court grant in part, deny in part Defendants' motion for attorney's fees and costs as follows: (1) award attorney's fees to the Rahl Defendants pursuant to Fla. Stat. § 501.2105(1) in the amount of $654,701.50, if the final judgment in favor of Defendants is not reversed and all appeals are exhausted; (2) award Kirchgessner her attorney's fees pursuant to the law of the Turks and Caicos Islands in the amount of $333,142.50; (3) deny the Rahl Defendants request for attorney's fees and costs pursuant to the law of the Turks and Caicos Islands; and (4) deny the Defendants' request for sanctions pursuant to 28 U.S.C. § 1927.

## II.  DISCUSSION

### A.  Standard of Review

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the

specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding of fact in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and all filed Objections to the Report. The Court will address Maale's Objection first.

**B.     Maale's Objection**

Maale objects to the Report on the following grounds: (1) Defendants are not prevailing parties under FDUPTA; (2) Kirchgessner is not entitled to fees by applying Turks and Caicos law; (3) Defendants failed to comply with Local Rule 7.3; (4) Defendants are not entitled to fees above the discounted rate actually charged; and (5) Defendants expended an excessive number of hours.

   **1.     Entitlement to Fees Under FDUPTA**

Maale argues that in its omnibus order on summary judgment this Court declined to exercise supplemental jurisdiction over Maale's FDUPTA claim and dismissed it without prejudice. [DE-528]. As such, Maale argues that there has been no adjudication on the merits of the FDUTPA claim and requests that the Court reject Magistrate Judge Snow's determination that Defendants are the prevailing parties under FDUTPA's fee-shifting provision. The Court

3

agrees with Plaintiff and finds that the Report should be overruled in this regard. The Court notes that the parties have not identified for this Court or Magistrate Judge Snow a case that is factually analogous to the present scenario. However, when conducting a *de novo* review and despite Magistrate Judge Snow's careful analysis, the Court is nonetheless persuaded that based upon the record Defendants did not prevail on the FDUPTA claim in order to be entitled to attorney's fees.[1]

Importantly, in ruling on the motions for summary judgment the Court declined to exercise supplemental jurisdiction over the remaining state law claims at the specific request of Defendants. [DE-436, pg. 16; DE-437, pg. 20]. Consequently, the Court dismissed the state law claims, including the FDUPTA claim, "without prejudice so that Plaintiff might bring them in state court." [DE-528, pg. 20]. Thus, while Defendants clearly prevailed on the federal RICO claim, the same is not true for the state law claims. FDUTPA's attorneys' fee provision, like other Florida statutory authorizations for fees, must be strictly construed. *See Sarkis v. Allstate Ins. Co.*, 863 So. 2d 210, 223 (Fla. 2003). Specifically, Florida courts have concluded that an award of attorney's fees under FDUPTA requires that the party (1) recover a judgment on its FDUPTA claim, and (2) demonstrate that it recovered a net judgment in the entire case. *Crosspointe, LLC, v. Integrated Computing, Inc.,* Case No. 6:03-cv-558-Orl-19JGG, 2007 WL 1192021, at *4 (M.D. Fla. Apr. 20, 2007); *see also Heindel v. Southside Chrysler-Plymouth, Inc.,*

---

[1] The Court notes that while Defendants were clearly the prevailing parties for purposes of awarding costs under Rule 54(d), *see Doria v. Class Action Services, LLC,* 261 F.R.D. 678, 685 (S.D. Fla. 2009) (holding that the "fact that [the court] declined to exercise supplemental jurisdiction over the state law claims does not change the fact that, as far as this federal litigation was concerned, Defendants prevailed" for purposes of costs under Rule 54(d)), this does not establish that they are prevailing parties for purposes of applying FDUPTA's attorney's fee provision.

476 So. 2d 266, 270 (1st DCA 1985) ("In summary, we hold that to recover attorney's fees a party must (1) recover judgment on the chapter 501, part II claim, and (2) recover a net judgment in the entire case."). Here, there has clearly been no judgment on the FDUPTA claim in Defendants favor. [DE-529 (entering judgment solely as to the RICO claim in count I)].

Further, the Eleventh Circuit has specifically held that where the "federal court dismissed the case for lack of subject matter jurisdiction and the merits of the state claims have yet to be tried, it would be inappropriate to award fees under either of these Florida provisions at this time." *Laborers Local 938 Joint Health & Welfare Trust Fund, et al., v. B.R. Starnes Co. of Fla., et al.,* 827 F.2d 1454, 1458 (11th Cir. 1987) (considering a fee award pursuant to Florida Statutes §§ 713.29 and 57.105)*; see also Design Pallets, Inc. v. Gray Robinson,* 583 F. Supp. 2d 1282, 1287 (M.D. Fla. 2008) (holding that "should the Court dispose of all the federal claims, not address the Florida claims by declining to exercise its supplemental jurisdiction, and then dismiss the Florida claims without prejudice, § 768.79 is not triggered because the defendant was not a prevailing party with respect to any of the State claims."). Although the *Starnes* Court was not presented with the interpretation of the FDUPTA statute, the Court nonetheless finds the case to be instructive and to indicate that fee awards pursuant to Florida provisions that are dismissed for lack of jurisdiction are inappropriate. Here, this Court dismissed the FDUPTA claim, along with the other state law claims, without prejudice for lack of jurisdiction. [DE-529, pg. 2 ("remaining state law claims in counts II through VI are hereby **DISMISSED without prejudice** for lack of jurisdiction pursuant to Section 1367(c)(3)"). As in *Starnes,* since the merits of the state law claims have yet to be tried, it seems inappropriate for this Court to award fees under the FDUPTA statute at this time.

5

While Defendants clearly recovered a judgment on the RICO claim [DE-529], no such judgment was recovered as to Maale's FDUPTA claim. Instead, having dismissed the state law claims without prejudice Defendants still remain, at least theoretically, at risk that the state law claims may be refiled by Maale.² Given this risk, the Court cannot say that Defendants prevailed on the FDUPTA claim to warrant application of its attorney's fee provision. Further, having dismissed the state law claims without prejudice for lack of jurisdiction, the Court was without jurisdiction to even consider the merits of the FDUPTA claim, much less whether Defendants are the prevailing parties as to those claims. Instead, whether Defendants are the prevailing parties as to the FDUPTA claim seems better left to the court with jurisdiction over Defendants and this claim. *See Flick Mortgage Investors v. Metropolis Promotion Inv. & Prop. (1993), Ltd., et al.,* Case No. 04-21900-CIV-JORDAN (S.D. Fla. Mar. 24, 2008) (declining to award attorney's fees

---

² The Court notes that there is no indication in the record from the parties as to whether Maale has in fact pursued his dismissed state law claims in state court. The Court noted in its omnibus order that if a state court determined that Maale had notice of his injuries and the elements of his causes of action in 2001, then Maale's state law claims would be barred regardless of whether he had originally brought them in 2008 or upon the refiling of the claims after dismissal without prejudice here. [DE-528, pg. 19-20]. However, the Court also noted that if the state court accepted Maale's arguments as to the date of the discovery of his injuries or his arguments relating to equitable tolling or delayed discovery principles then Maale may have until June of 2011 to refile his claims. Given that the time for filing such state law claims may not yet have expired, there is no basis for the Court to conclude that the dismissal without prejudice operated as an adjudication on the merits even if Maale has failed to pursue his state law claims. *Cf. Victory Int'l (USA) LLC v. Perry Ellis Int'l Inc.,* Case No. 08-20395-CIV, 2009 WL 1956236 (S.D. Fla. July 7, 2009) (concluding that the dismissal without prejudice, followed by the plaintiff's decision not to re-plead the claim against the defendants, operated as a decision on the merits sufficient to invoke FDUPTA's attorney's fee provision).

to the defendants pursuant to FDUPTA, concluding that the defendants were not prevailing parties where the court dismissed the lawsuit for lack of personal jurisdiction).[3]

Moreover, to find that Defendants are now entitled to fees under FDUPTA, when the FDUPTA claim was dismissed without prejudice to be refiled in state court at the specific request of Defendants[4] would be contradictory and inconsistent with a dismissal without prejudice. In other words, such a ruling could result in inconsistent judgments, i.e., awarding fees here when there has been no adjudication of the FDUPTA claim, but also allowing Plaintiff to proceed in state court where he may ultimately prevail on such claims and similarly be entitled to fees under the same statute. Further, such a ruling would undermine the very purpose of declining to exercise supplemental jurisdiction – that is, to allow the state court to consider the merits of the claim rather than the federal court. There is no clear and binding authority as to the entitlement to fees under FDUPTA where the FDUPTA claim has been dismissed without prejudice after a court declined to exercise supplemental jurisdiction, and the Court declines to create a judicial expansion of the FDUPTA statute here. Instead, based upon the same interests of comity that compelled the Court to decline to exercise supplemental jurisdiction over these claims in the first place, the Court defers to the state court and concludes that having dismissed

---

[3] While Defendants attempt to distinguish this case by arguing that declining to exercise supplemental jurisdiction is significantly different then a dismissal for lack of personal jurisdiction, the Court disagrees. Although in the supplemental jurisdiction context the decision to dismiss may be discretionary, it does not alter the fact that in both situations a determination on the merits has not yet been made as to the dismissed claims. Instead, in both situations the court is deferring to another forum that can properly exercise jurisdiction to hear the claims.

[4] In dismissing these state law claims, the Court specifically indicated that Maale would have the opportunity to refile these claims in state court. Thus, Defendants were well-aware of the risk that Maale could proceed to refile the same claims in state court and that Defendants would be forced to defend against these claims for a second time in a new forum.

the state court claims for lack of jurisdiction Defendants are not entitled to recover the fees incurred in this action under FDUPTA.

  **2.  Kirchgessner's Entitlement to Fees By Applying Turks and Caicos Law**

Maale argues that Kirchgessner is not entitled to fees by applying Turks and Caicos law on the following grounds: (1) the contract does not authorize the application of Turks and Caicos law; (2) Kirchgessner waived her right to argue Turks and Caicos law; and (3) Kirchgessner's responsive pleading did not specifically state she would seek attorney's fees pursuant to the English Rule in violation of Federal Rule of Civil Procedure 9(g).

The pertinent section of the Forward Purchase Agreement provides as follows:

> 11. That this FORWARD PURCHASE CONTRACT shall be interpreted under the laws of the Turks and Caicos Islands. That in the event of Litigation under this FORWARD PURCHASE CONTRACT, jurisdiction shall lie solely within the Turks and Caicos Islands.

[DE-235-3, pg. 6]. Magistrate Judge Snow determined that the "two sentences of paragraph 11 of the Forward Purchase Contract effectively designate the use of the substantive law of the Turks and Caicos." [DE-611, pg. 18]. As such, Magistrate Judge Snow concluded that "the Forward Purchase Contract, which contains a forum selection clause giving sole jurisdiction of litigation arising from the contract to the Turks and Caicos Islands and the provision to interpret the contract under the laws of the Turks and Caicos Islands, establishes the choice of substantive law for claims arising from the contract. Clearly Kirchgessner can invoke this choice of law." *Id.* at 20.

In regard to the third argument, the Court finds that it need not even reach this issue since it was not raised before Magistrate Judge Snow. The Eleventh Circuit made clear that a "district

court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil,* 557 F.3d 1287, 1292 (11th Cir. 2009). For the first time Plaintiff raised the Rule 9(g) argument in its Objection, after Magistrate Judge Snow and the parties had already incurred significant time and expense litigating the issue of attorney's fees. As previously explained by the Court [DE-642, pg. 4-5], to allow Plaintiff to inject a new argument at this stage in the litigation, when there is no demonstrable reason that this argument was not raised before Magistrate Judge Snow, would undermine the very purpose of the magistrate judge system. As such, the Court declines to exercise its discretion to consider this argument that should have, and could have, been previously raised.

  As to the remaining arguments, the Court likewise finds each to be without merit. First, in regard to the argument that the contract does not authorize the application of Turks and Caicos law, the Court notes that Maale largely relies upon the same cases raised before Magistrate Judge Snow. Magistrate Judge Snow expressly considered these cases and reasonably concluded that paragraph 11 was more than a simple venue provision, but instead that the "two sentences of paragraph 11 of the Forward Purchase Contract effectively designate the use of the substantive law of the Turks and Caicos." [DE-611, pg. 18]. While Maale argues that Magistrate Judge Snow effectively invoked a venue provision to apply foreign substantive law to a dispute in American courts without citation to any authority, importantly, Maale does not cite to any authority that would prohibit Magistrate Judge Snow from doing so. The Forward Purchase Agreement was central to Plaintiff's claims and was referenced throughout the omnibus order on the motions for summary judgment. [DE-528]. As such, the Court agrees with Magistrate Judge Snow's conclusion that Kirchgessner can invoke this choice of law.

Finally, Maale argues that Kirchgessner waived her right to argue Turks and Caicos Law since this case was litigated entirely in an American court and Kirchgessner has relied exclusively on state and federal law since the inception of this case. Once again, the Court agrees with Magistrate Judge Snow and concludes that Maale has not demonstrated that Kirchgessner waived her right to argue Turks and Caicos Law. As pointed out by Magistrate Judge Snow, Kirchgessner and the Rahl Defendants repeatedly relied upon the forum selection clause and choice of law provisions of the Forward Purchase Agreement in their affirmative defenses and motions for summary judgment. As such, the Court finds that Maale had notice since very early in the litigation that Turks and Caicos law may apply to the claims such that Kirchgessner did not waive the application of the law of the Turks and Caicos Islands.[5]

### 3. Compliance with Local Rule 7.3

Maale argues that Defendants failed to comply with Local Rule 7.3 and, therefore, argues that the entire attorney's fee motion should be denied. While it is true that a court can deny a motion for failure to comply with the Local Rules, Maale has cited to no authority that requires a court to do so. Strict compliance with the Local Rules is always preferred and non-compliance may warrant appropriate sanctions; however, under the present facts the Court agrees with

---

[5] Maale relies on *Stockman v. Downs,* 573 So. 2d 835 (Fla. 1991) for the proposition that a failure to specifically set forth a claim for attorney's fees in a pleading seeking affirmative relief constitutes a waiver of the claim. However, "while the right to attorney's fees is substantive, the procedure for claiming those fees is procedural." *GEMB Lending, Inc. v. RV Sales of Broward, Inc.,* Case No. 09-61670-CIV, 2010 WL 5313482, at *3 (S.D. Fla. Dec. 20, 2010). As such, "[w]hile it is true that Florida law requires such a claim to be properly plead, the federal pleading rules specifically allow all forms of relief to be awarded, even if not demanded in a party's pleadings." *Id.* at *2. Thus, when applying federal pleading rules to the instant action, the Court finds this argument to be without merit.

Magistrate Judge Snow and finds that it is properly within the Court's discretion to determine that the limited non-compliance did not warrant denial of the entire motion for attorney's fees.

    **4.**    **Fees Above the Discounted Rate Actually Charged**

Next, Maale argues that Defendants are not entitled to an award of fees at their customary rate which was higher than what counsel actually charged Defendants. Having rejected an award of fees under FDUPTA, the cases cited by Maale regarding a multiplier under FDUPTA no longer have any application, regardless of whether they were previously raised before Magistrate Judge Snow. Moreover, the Court agrees with Magistrate Judge Snow that federal law, rather than Florida law, guides the issue of determining reasonable fees. Under federal law it is within the Court's discretion to award the customary rather than the discounted rate if the customary rate is found to be reasonable. *See RDP Royal Palm Hotel, L.P. v. Clark Constr. Group, Inc.,* 168 Fed. Appx. 346, 355 (11th Cir. 2006) ("Although Jenkins & Gilchrist discounted its hourly rates, the district court found that the usual billing rate was reasonable and approved that rate absent any discount. Accordingly, the district court did not abuse its discretion in its award of attorney's fees, costs, and litigation expenses."). Having found the customary hourly rates to be reasonable, the Court concludes that there is no basis to recede from Magistrate Judge Snow's conclusion.

    **5.**    **Number of Hours Expended**

Finally, Maale objects to the total amount of hours alleged in Defendants' motion. However, the Court finds this argument to also be without merit. Magistrate Judge Snow already considered these arguments, carefully reviewed and considered the hours submitted by Defendants, and then recommended reductions where necessary. As such, the Court is not

persuaded that Maale has demonstrated any basis to overrule the Report and further reduce the hours requested.

**C.     Defendants' Objection**

Defendants object and/or seek clarification as to the actual amount of fees recommended. Defendants point out that although Magistrate Judge Snow recommended that fees be awarded at the "customary rate," in calculating the amount of the award Magistrate Judge Snow incorrectly utilized the "discounted hourly rates."[6] The Court agrees with Defendants' Objection. Magistrate Judge Snow clearly recommended that the Court exercise its discretion to award the customary hourly rates [DE-611, pg. 47], yet in calculating the total amount of the award it appears she utilized the discounted rates. As such, the award will be modified to reflect the use of the customary hourly rates.

## III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.     Magistrate Judge Snow's Report and Recommendation [DE-611] is hereby **APPROVED in part, OVERRULED in part**;

2.     Defendants', Patricia Rahl, Brian Rahl, Rahl & Rahl, P.A. and Kim Francis Kirchgessner's Motion for Clarification of the Magistrate Judge's Report and Recommendation and/or Objections to the Magistrate Judge's Report and Recommendation [DE-616] is hereby **GRANTED**;

---

[6] Defendants also seek clarification as to that portion of the Report regarding fees and costs pursuant to the Court's inherent power. However, this issue has already been addressed by the Court through a separate Order. [DE-642].

3. Plaintiff Gerhard Emil Maale, III's Objection to Report and Recommendation on Award of Attorney's Fees [DE-620] is hereby **SUSTAINED in part, OVERRULED in part;**

4. Defendants' Verified Motion for Attorney's Fees and Costs [DE-571] is hereby **GRANTED in part, DENIED in part** as follows:

    a. Defendants' request for an award of fees under Fla. Stat. § 501.2105(1) is hereby **DENIED**;

    b. Kirchgessner's request for an award of attorney's fees and costs pursuant to the law of the Turks and Caicos Islands is hereby **GRANTED** and the Court hereby awards Kirchgessner attorney's fees in the amount of $432,667.50;

    c. The Rahl Defendants' request for an award of attorney's fees and costs pursuant to the law of the Turks and Caicos Islands is hereby **DENIED**;

    d. Defendants request for sanctions pursuant to 28 U.S.C. § 1927 is hereby **DENIED**;

5. PURSUANT to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, the issue of the amount of sanctions to be awarded under Rule 11 against Plaintiff Gerhard Emil Maale, III is hereby **REFERRED** to United States Magistrate Judge Lurana S. Snow for appropriate disposition or report and recommendation.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of April, 2011.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Magistrate Judge Snow
Counsel of record